UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:

**E. GLUCK CORPORATION,**
Tax I.D. No. 13-2907195,

Chapter 11 Case

Case No. 25-12683 (MG)

Debtor.

-------------------------------------------------------------x

## INDEX OF DOCUMENTS FILED
## WITH CHAPTER 11 PETITION

Exhibit A:     Declaration Under Bankruptcy Rule 1007

Schedule 1:    List of Twenty Largest Unsecured Creditors
Schedule 2:    Schedule of Assets and Liabilities
Schedule 3:    List of Nonresidential Real Property Leases
Schedule 4:    List of Pending Actions
Schedule 5:    30 Day Cash Receipts and Disbursements

Exhibit B:     Board Resolution

Exhibit C:     List of Equity Interests

Exhibit D:     Mailing List

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

**E. GLUCK CORPORATION,**
Tax I.D. No. 13-2907195

                        Debtor.
-------------------------------------------------------------x

Chapter 11 Case
Case No. 25-12683 (MG)

### DECLARATION OF ADAM GELNICK
### PURSUANT TO BANKRUPTCY RULE 1007

Adam Gelnick, being duly sworn, deposes and states the following under penalty of perjury, subject to 18 U.S.C. § 1001:

1. I am the Chief Financial Officer of E. Gluck Corporation ("E. Gluck" or the "Debtor"), a New York corporation in good standing with a principal place of business in New York, New York and additional premises in Queens, New York and in Hong Kong. I have held that position since 2018. In that capacity, I have knowledge of, and experience with, the business and financial affairs of the Debtor.

2. I submit this declaration ("Declaration") pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to assist the Court and other parties in interest in understanding the Debtor's circumstances and the events leading to the Debtor's filing of a petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor filed its chapter 11 petition on November 30, 2025 (the "Petition Date").

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with the Debtor's financial and legal advisors and shareholders, my review of relevant documents, information provided to me by employees of the Debtor, or my opinion based upon my experience, knowledge and information concerning the Debtor. If called upon to testify, I would testify to the facts set forth in this Declaration.

## PRELIMINARY STATEMENT

4.      Part I of this Affidavit provides a general overview of the Debtor's organizational and corporate structure and a description of the business.  Part II describes the circumstances giving rise to the commencement of the chapter 11 case and the Debtor's goals in this case.  Part III outlines the financial and organizational information required by or relevant to Bankruptcy Rule 1007.

### I.  <u>Organizational and Corporate Structure and Description of Business</u>

#### (a) Organizational and Corporate Structure

5.      E. Gluck was incorporated in 1977 under the name Terry Watch Corporation.  Its Certificate of Organization was amended and restated on or about June 29, 1988 and is a privately held New York Corporation in good standing.  The Barbara Weichselbaum 2022 Family Trust, the Sidney Gluck 2023 Family Trust and The Rose Friedman 2022 Irrevocable Trust each own 33.3% of the common shares of the Debtor.

6.      E. Gluck owns 5,100,000 (100%) of the Class A Units of a company called WITHit Holdings, LLC ("WITHit"), a Delaware limited liability company that it acquired in 2021.  The balance of the WITHit equity is held in Class B Units, 4,508,000 by WIL Holdings, LLC ("WIL") and 392,000 by SLGN Holdings, LLC ("SLGN").  WIL and SLGN are each holding companies for the former majority owners of WITHit and are not otherwise associated with E. Gluck.

7.      E. Gluck's principals consist of myself and Barbara Weichselbaum, Chief Executive Officer.  We, along with Temmy Bernstein, Sidney Gluck and Rose Friedman, each serve as a member of the Board of Directors.

### (b) Description of the Business

8.      E. Gluck has been in the watch business for more than six decades, operating as a designer, importer and distributor of certain proprietary and licensed brands. Its proprietary anchor is Armitron, a longstanding name in the U.S. watch market, complemented by licensed fashion brands such as Anne Klein, Nine West, and others. At its peak, the company generated hundreds of millions of dollars in revenue by supplying a wide spectrum of U.S. retail partners, including mass merchants, department stores, mid-tier chains, off-price retailers and club stores. Beyond the domestic market, E. Gluck also built international distribution through third-party distributors and maintained a meaningful presence in travel retail, including duty-free and cruise channels.

9.      E. Gluck's business model rested on a durable combination of long-term brand licenses, strong proprietary positioning, a broad and healthy SKU variety, high-quality products and deep retail relationships, all supported by an in-house team capable of delivering design, production and distribution at scale. For many years, this mix created a stable and profitable foundation.

10.      Yet, in recent years, management recognized that traditional watches were a mature, slow-growth category, increasingly pressured by shifts in consumer behavior and the rise of smart devices. To diversify and with the goal of positioning the company for future growth, E. Gluck acquired WITHit, a company specializing in reading accessories and smartwatch and wearable-tech accessories. The strategic goal was for WITHit to extend E. Gluck's reach into faster-growing product categories, leverage E. Gluck's retail distribution muscle and create a hedge against the long-term decline of conventional watch demand due to, among other reasons, the advent and increased market share of smart devices.

## II. <u>Events Leading To Chapter 11</u>

11.     Unfortunately, the acquisition of WITHit did not deliver the benefits that

management anticipated. The expectation was that smartwatch accessories, and the broader

category of wearables, would provide a meaningful growth engine to offset the gradual decline

in traditional watch demand.  However, in practice, the category proved more fragmented,

competitive and difficult to scale than projected. Integration challenges, overlapping costs and

slower-than-expected consumer adoption all contributed to results that fell materially short of the

original business forecasts.  The end result was that not only were the anticipated synergies

unrealized, but forecasted growth related to WITHit's legacy business failed to materialize such

that sales even trended downward from pre-merger periods.

12.     At the same time, external factors compounded the challenge. The COVID-19

pandemic disrupted supply chains, tightened retail ordering, and shifted consumer demand

patterns. Tariffs and freight costs spiked, further eroding already thin margins. Retail partners

across channels became more aggressive in managing their own inventories, often leaning on

suppliers to absorb costs and risks. Meanwhile, the traditional watch category faced mounting

structural headwinds as smart devices captured a larger share of consumer attention and

spending.

13.     The cumulative effect is a company burdened by fixed costs and new obligations

from the WITHit acquisition that are not offset by the anticipated increases in revenue, all while

E. Gluck's core revenue and profitability have come under sustained pressure from

macroeconomic shocks and long-term shifts in the consumer marketplace.

## III.   <u>Chapter 11 Goals</u>

14.      E. Gluck is seeking relief under Chapter 11 to reset its cost structure, shed

unproductive obligations, and position its long-standing business for long-term stability. The

Chapter 11 process will allow the company to exit the unfavorable service contracts associated

with the WITHit acquisition, as well as unwind operational redundancies that never integrated

cleanly with the core watch business. It will also enable E. Gluck to reject costly or underutilized

leases and to restructure its Hong Kong operations into a smaller, more efficient presence that

reflects the company's current sourcing needs. Further, Chapter 11 will give the company the

ability to rightsize its workforce, eliminating duplicative roles and reducing fixed overhead that

has become unsustainable relative to revenue, while preserving a material number of jobs into

the future – a goal that is in jeopardy should E. Gluck not undertake this restructuring.

15.      E. Gluck's foundations are strong and its goals are to preserve and reinforce those

foundations that have served it well for decades. The company continues to hold valuable

proprietary and licensed brands, including Armitron and Anne Klein, which remain trusted

names in the U.S. watch market. Its retail relationships span the full spectrum of distribution and

its distribution partners continue to view E. Gluck as a reliable, creative and capable supplier.

With burdensome contracts and unproductive costs behind it, the company will return to a

variable-cost model in line with its revenue base, its financial profile will stabilize and a leaner

but sustainable workforce will be protected.  With a restructured balance sheet and operating

model, E. Gluck will be positioned to compete effectively in today's challenging retail

environment and to achieve sustainable profitability.

## III. INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-4

16.      It is my understanding that Local Rule 1007-4 requires certain additional

information related to the Debtor, which is set forth below.

17.     This case was not originally commenced under any other chapter of the Bankruptcy Code.

18.     No committee of creditors has been formed in the case to date.

19.     The Debtor is not a small business debtor within the meaning of section 101(51D) of the Bankruptcy Code.

20.     As of the Petition Date, the Debtor's existing management consists of myself, Barbara Weichselbaum as Chief Executive Officer, and Temmy Bernstein, Sidney Gluck and Rose Friedman, as additional members of the Board of Directors.

21.     As disclosed above, the Barbara Weichselbaum 2022 Family Trust, the Sidney Gluck 2023 Family Trust and The Rose Friedman 2022 Irrevocable Trust each own 33.3% of the common shares of the Debtor.  Accordingly, there is no corporation that directly or indirectly owns 10% or more of any class of the Debtor's equity.

22.     The Debtor does not have any publicly held securities.

23.     None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, or assignee of rents.  The majority of the Debtor's assets are located within the United States, with certain books, records and inventory located at the Debtor's premises in Hong Kong.   The Debtor's pre-petition bank accounts are primarily at Israel Discount Bank with only one *de minimis* account at Bank of America, which is used to facilitate certain international transactions.

24.     In terms of nonresidential real property leases, E. Gluck operates out of three principal locations that together form the backbone of its business.  In Manhattan, E. Gluck maintains a showroom that has been the centerpiece of its public persona for decades. This location is designed to host brand partners and retail buyers, showcase new product, and serve as

6

a client-facing space in close proximity to the fashion and retail center of the country. The company's premises in Queens, New York, serves as the central hub for finance, operations, distribution and product development for the core watch business. Internationally, the company has maintained an office and warehouse in Hong Kong for more than 40 years. This team oversees sourcing, quality control, and vendor management in close coordination with manufacturing partners throughout Asia. The Hong Kong office continues to be essential in ensuring quality standards and cost efficiency in E. Gluck's supply chain.

25.    The Debtor's books and records are primarily located at its premises in New York, either in Manhattan or in Queens.

26.    The Debtor has a secured loan facility with IDB, the principal outstanding amount of which is approximately $27 million. This loan is secured by substantially all of the Debtor's assets.

27.    **Schedule 1**, annexed hereto, lists the 20 largest unsecured claims against the Debtor as of the Petition Date, exclusive of claims of insiders, and for each, the name of the claimant, address, telephone number, contact person, amount of the claims and whether the claim is contingent, unliquidated, disputed or partially secured.

28.    **Schedule 2**, **annexed** hereto, is a summary of the Debtor's assets and liabilities as of the Petition Date.

29.    **Schedule 3,** annexed hereto, is a list of the nonresidential real property leases to which the Debtor is a party.

30.    **Schedule 4**, annexed hereto, normally lists the nature and present status of every action or proceeding, pending or threatened against the Debtor or its property, where a judgment

against the Debtor or seizure of its property may be imminent, including case number, court, and
the name and address of the counter-party and its counsel, if any.

31.     It is estimated that the Debtor's salaries for its employees (exclusive of officers
and directors) for the thirty (30) day period following the Petition Date will total approximately
$970,000.

32.     It is estimated that salaries for the Debtor's officers and directors for the thirty
(30) day period following the Petition Date will total approximately $118,000.

33.     **Schedule 5**, annexed hereto, is a summary of the Debtor's estimated cash receipts
and cash disbursements for the thirty (30) day period following the Petition Date.

34.     The Debtor will submit the following motions on or shortly after the Petition
Date:

> (a) Debtor's Motion for an Order Authorizing Payment of Pre-Petition Accrued
> Employee Wages, Salaries, Expenses and Related Taxes and Payment of
> Employee Benefits;
>
> (b) Debtor's Motion for an Order Pursuant to Section 105(a) of the Bankruptcy Code
> Authorizing (I) Use of Existing Business Forms and Records; (II) Limited
> Maintenance of Existing Corporate Bank Accounts; and (III) Maintenance of
> Cash Management System;
>
> (c) Motion for an Order (I) Authorizing the Debtor to (A) Obtain Postpetition
> Financing, and (B) Grant Senior Secured Priming Liens and Superpriority
> Administrative Expense Claims; (II) Granting Adequate Protection; (III)
> Modifying the Automatic Stay; (IV) Authorizing the Use of Cash Collateral;
> (V) Scheduling Final Hearing; and (VI) Granting Related Relief (the "DIP
> Motion");
>
> (d) Debtor's Motion for an Order Pursuant to Sections 105(a), 363 and 503(b)(1) of
> the Bankruptcy Code Authorizing the Debtor to Honor Certain Pre-Petition
> Policies and Obligations to Customers;
>
> (e) Debtor's Motion for an Order Pursuant to Sections 105(a), 363(b) and 507(a)(8)
> of the Bankruptcy Code Authorizing Payment of Certain Pre-Petition Sales, Use
> And Trust Fund Taxes And Related Obligations; and
>
> (f) Debtor's Application for Entry of an Order Authorizing the Retention of Halperin
> Battaglia Benzija, LLP as Bankruptcy Counsel to the Debtor, Nunc Pro Tunc to
> the Petition Date.

(g) Debtor's Application for Entry of an Order Authorizing the Retention of Cometrics Partners, LLC as Chief Restructuring Officer and Financial Advisor to the Debtor, Nunc Pro Tunc to the Petition Date.

(h) Debtor's Application for Entry of an Order Authorizing the Retention of East Wind Securities, LLC as Investment Banker to the Debtor, Nunc Pro Tunc to the Petition Date.

(i) Debtor's Motion For Orders (I) Scheduling Hearing to Consider (A) Sale of Substantially all of the Debtor's Non-WITHit Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers; and (B) Assumption and Assignment of Executory Contracts; (II) Scheduling Hearing to Consider Approval of (A) Break-Up Fee/Expense Reimbursement and (B) Bidding Procedures for the Conduct of an Auction and Entering Order Thereon; (III) Fixing a Cure Claims Bar Date With Respect to the Assumption and Assignment of Executory Contracts; and (IV) Fixing Manner and Notice of Sale Hearing; (V) Authorizing the Debtor to Sell Assets, Free and Clear of all Liens, Claims and Encumbrances, Subject to Higher and Better Offers; and (VI) Authorizing Assumption and Assignment of Executory Contracts.

35.     With respect to the DIP Motion, as Chief Financial Officer of the Debtor, I was integrally involved in the Debtor's banking relationship both in terms of management of the pre-petition loan facility and in securing the financing contemplated for the post-petition period. Though I endeavored (either directly or through E. Gluck's retained professionals) to procure even more favorable financing options from other banking institutions, both with whom E. Gluck has previously done business (such as Bank of America) and without (such as Flagstar and Ocean First Bank), it became clear that IDB was offering what other parties considered to be a very favorable set of terms vis à vis the Debtor.  IDB is not charging points or fees beyond the prepetition facility and has allowed the Debtor to operate and fund the Chapter 11 case despite being in over-advance.  IDB has honored the Debtor's timeframe and is allowing for a consensual and reasonable schedule for marketing during the proposed sale process to ensure maximization of the value of the Debtor's assets.

36.     Notwithstanding anything to the contrary contained in this Declaration or any schedule annexed hereto, nothing in this Declaration or any schedule is intended to be, or should

9

be construed as, an admission with respect to (a) the liability for the amount of, the enforceability of or the validity of any claim, (b) the existence, validity, enforceability, or perfection of any lien, mortgage, charge, pledge or other grant of security for any claim or (c) the proper characterization of any transaction or financing as a sale or financing.

37.     The Debtor reserves the right to amend or supplement any of the attached schedules in the event additional information is obtained by the Debtor.

Dated: New York, New York
         December 1, 2025

                                  E. GLUCK CORPORATION
                                  Debtor and Debtor-in-Possession

                                  By:  _/s/ Adam Gelnick_____
                                         Name: Adam Gelnick
                                         Title:  Chief Financial Officer


I, Adam Gelnick, am the Chief Financial Officer of E. Gluck Corporation.  I hereby state under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.


                                  _/s/ Adam Gelnick_____

## **Schedule 1**

List of Holders of 20 Largest Unsecured Claims

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **E. Gluck Corporation** |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF NEW YORK** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **IMPENCO 240 GUIZOT STREET WEST H2P 1L5 Montreal, QC, Canada** | John@impenco.com | **Trade** | | | | **$1,233,856.00** |
| **HONGKONG GELOLA WATCH CO. LTD 2508/A 25/F, BOA TOWER 12 HARCOURT ROAD CENTRAL, HONG KONG 00** | gelola03@gelola.com | **Trade** | | | | **$1,125,408.00** |
| **GREAT PROGRESS H.K. (HOLDINGS) FLAT A 3RD FL, KAM SHING IND B 1-11 KWAI WING RD, KWAI CHUNG HONG KONG** | gpro@netvigator.com | **Trade** | | | | **$829,846.00** |
| **YI FENG WATCH CO. LTD. UNIT A 4/F MAI WAH IND BLDG 1-7 WAH SING STREET 8 KWAI CHUNG NT, HONG K** | angeltang@yifengwatch.com | **Trade** | | | | **$723,145.00** |
| **BRIDGESTONE WATCH LIMITED ROOM 2002-2004 20TH FL NANYANG PLAZA 57 HUNG TO RD KWUN TONG KLN, HONG K** | alice@sutechk.com | **Trade** | | | | **$665,345.00** |

| Debtor | **E. Gluck Corporation** | | Case number *(if known)* | |
| --- | --- | | --- | |
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **New York Yankees 1 Steinbrenner Drive Tampa, FL 33614** | **achang@yankees.com** | **Contract Damages** | | | | **$590,000.00** |
| **AKWHP, LLC dba WHP GLOBAL 530 5TH AVE., 25TH FL. New York, NY 10036** | **ssmith@herrick.com** | **Trade (Licensor)** | | | | **$540,000.00** |
| **American Express PO BOX 1270 Newark, NJ 07101** | **Dany.Salgado@aexp.com** | **Trade** | | | | **$382,504.00** |
| **PROFIT LIGHT WATCH LTD. RM.1107, 7/F HING WAI CTR 7 TIN WAN PRAYA RD ABERDEEN, HONG KONG 0** | **plight@biznetvigator.com** | **Trade** | | | | **$322,063.00** |
| **STEEL TRIBUNE, LLC 999 SOUTH OYSTER BAY ROAD SUITE 200 BETHPAGE, NY 11714** | **jlostritto@steelequities.com** | **Trade (Landlord)** | | | | **$212,345.10** |
| **ACTION WISE INTERNATIONAL LTD. ROOM D6 3/F,MAI SHUN INDUSTRIA 18-24 KWAI CHEUNG ROAD KWAI CHUNG NT, HONG K** | **eric@action-wise.com** | **Trade** | | | | **$205,105.00** |
| **ADAMS & CO. R.E., LLC PO BOX 67026 NEWARK, NJ 07101-8081** | **dlevy@adamsre.com** | **Trade** | | | | **$169,542.35** |
| **YOUNGS WATCH COMPANY LIMITED UNITS 1-2 10/F HOPE SEA IND. CTR 26 LAM HING KOWLOON BAY KOWLOON,** | **rickylai@youngsterna.com** | **Trade** | | | | **$155,536.00** |

Debtor  **E. Gluck Corporation**                                         Case number *(if known)*
     Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| W&Y (ASIA) CO., LTD. UNIT B&D 13/F. CHINABEST INTERNATIONAL CENTER NO. 8 KWAI ON ROAD | simonlaw@wnyhk.com | Trade | | | | $130,949.00 |
| WATCH GUARD 24/7 64-57 WOODHAVEN BLVD REGO PARK, NY 11374 | ndemarchis@watchguard247.com | Trade | | | | $107,213.52 |
| LIAN SHENG GLOBAL SOURCING LTD UNIT 14, 8/F PARAMOUNT BLDG NO.12, KA YIP ST. CHAI WAN 361026, HONG | jessicahu@liansheng.com.hk | Trade | | | | $93,464.00 |
| INFOR (US), LLC NW 7418 PO BOX 1450 MINNEAPOLIS, MN 55485-7418 | jessicahu@liansheng.com.hk | Trade | | | | $89,443.25 |
| HONGKONG CHENGHUI IND. CO., LT 7F, BLDG B, SHABIAN IND ZONE SAN WEI, HANG CHEN, BAO'AN SHENZHEN, CHINA 00000 | Ming Huang 88214862@163.com | | | | | $77,524.80 |
| OXFORD HEALTH PLANS UHS PREMIUM BILLING PO BOX 94017 PALATINE, IL 60094-4017 | Michelle.Mandel@epicbrokers.com | Trade (Insurance) | | | | $77,001.89 |
| APEX DIAMONDS RM 1505, 15/F PENINSULA SQUARE 18 SUNG ON STREET HUNG HOM KOWLOON, HON | sunny@apexdiamonds.hk | Trade | | | | $56,227.00 |

## **Schedule 2**

Balance Sheet

# E Gluck Coporation
**Estimated Balance Sheet - as of 10/31/25**

|  |  | As of 10/31/2025 |  |
|---|---|---|---|
| **ASSETS** |  |  |  |
| Cash | $ | 200,175 |  |
| Investments in Mkt Securities |  | 76,000 |  |
| Accounts Receivable |  | 10,377,231 |  |
| Accrued sales, retruns and allowances |  | (3,300,000) |  |
| Inventory |  | 19,214,643 |  |
| Inventory Reserve |  | (2,500,000) |  |
| Prepaid Expenses |  | 100,000 |  |
| Prepaid Royalties |  | 465,000 |  |
| Due from Withit - New |  | 1,698,593 |  |
| **Total Current Assets** |  | **26,331,641** |  |
|  |  |  |  |
| Restricted marketable securities |  | 790,000 | LC security-Landlord |
| Fixed Assets (Net of Acc Depr & Amor) |  | 6,157,068 |  |
| Equity Investments - Hedgehog eCommerce Corporation |  | 1,200,000 | (See Note A) |
| Note Receivable - BT Supplies West, Inc. |  | 1,475,000 | (See Note B) |
| Goodwill |  | - | Unknown |
| **Total Other Assets** |  | **9,622,068** |  |
| **Total Assets** |  | **35,953,709** |  |
|  |  |  |  |
| **LIABILITIES AND EQUITY** |  |  |  |
| Loan Payable-IDB |  | 28,388,175 |  |
| Accounts Payable |  | 5,643,679 |  |
| Accrued Expenses |  | 2,275,000 |  |
| **Total Current Liabilities** |  | **36,306,854** |  |
|  |  |  |  |
| Lease Liability |  | 1,344,880 |  |
| Loan Payable - life insurance trust - net |  | 100,000 | Borrowed from Trust fund and Life Insurance |
| Promissory Note - Gluck Family P'ship |  | 620,774 |  |
| **Total Long-Term Liabilities** |  | **2,065,654** |  |
|  |  |  |  |
| **Total Equity** |  | **(2,418,799)** |  |

Note

A   Cash Investment $1.2MM in Hedgehog eCommerce Corporation, a Delaware corporation for 335, 479 shares. The Company had a valuation of $0.72/Share by a thiered party valuation firm.

B   Outstanding principal balance of a term loan issued to BT Suppliers West, In. ("BTW"). EGC has initiated litigation against the shareholders of BTW to enforce their personal guaranty obligations. The accrued interest on this termloan totaled $2.4MM was not recorded on this balance sheet.

## Schedule 3

List of Nonresidential Real Property Leases

1.  411 Fifth Avenue LLC et al, 411 Fifth Ave., New York, NY 10006

    Nonresidential real property lease for the 11th Floor of 411 Fifth Avenue, New York, NY 10016 for office and showroom, through December 31, 2028.

2.  Steel Tribune, LLC, c/o Steel Equities, 700 Hicksville Rd., Bethpage, NY 11714

    Lease for nonresidential real property located at 60-15 Little Neck Parkway, Queens, NY, through April 30, 2034

## **Schedule 4**

List of Actions Pending Against the Debtor

None.

## **Schedule 4**

30 Day Cash Receipts and Disbursements

**E Gluck**
**Forecasted Cash Flow**
**For the Nine Weeks Ending December 31, 2026**

| | Total 9 Weeks Ending 1/31/2026 | Forecasted WK 1 12/5/2025 | Forecasted WK 2 12/12/2025 | Forecasted WK 3 12/19/2025 | Forecasted WK 4 12/26/2025 | Forecasted WK 5 1/2/2026 | Forecasted WK 6 1/9/2026 | Forecasted WK 7 1/16/2026 | Forecasted WK 8 1/23/2026 | Forecasted WK 9 1/30/2026 |
|---|---|---|---|---|---|---|---|---|---|---|
| **Cash Receipts** | | | | | | | | | | |
| Beginning Cash Balance | $ 100,000 | $ 100,000 | $ 100,000 | $ 100,000 | $ 100,000 | $ 100,000 | $ 100,000 | $ 100,000 | $ 100,000 | $ 100,000 |
| Due from Withit | 1,950,000 | 300,000 | 300,000 | 300,000 | 300,000 | 300,000 | 100,000 | 100,000 | 100,000 | 150,000 |
| Bank Loan | 8,751,790 | 1,376,061 | 584,478 | 403,853 | 753,247 | 1,138,831 | 945,884 | 1,254,700 | 1,029,888 | 1,264,848 |
| Total | **10,801,790** | **1,776,061** | **984,478** | **803,853** | **1,153,247** | **1,538,831** | **1,145,884** | **1,454,700** | **1,229,888** | **1,514,848** |
| **Cash Disbursements** | | | | | | | | | | |
| Vendor Payments - New Purchases (FOB) | 1,656,875 | - | - | - | - | - | 348,816 | 697,632 | 436,020 | 174,408 |
| Packaging & Accessories | 502,230 | 402,230 | 100,000 | - | - | - | - | - | - | - |
| Freight In | 291,359 | 16,000 | 209,000 | - | - | - | 16,590 | 16,590 | 16,590 | 16,590 |
| Customs, Duty, & Freight | 790,058 | - | - | - | 510,412 | - | - | - | 279,646 | - |
| Royalties - WHP | 540,000 | - | - | 270,000 | - | - | 270,000 | - | - | - |
| Royalties - ABG & Others | 320,000 | 160,000 | - | - | - | 160,000 | - | - | - | - |
| Foreign Office | 304,729 | 25,000 | - | - | 151,357 | - | - | - | - | 128,372 |
| CRO | 550,000 | - | - | - | - | 275,000 | - | - | - | 275,000 |
| Debtor Counsel * | 300,000 | - | - | - | - | 125,000 | - | - | - | 175,000 |
| Creditors Committee Carve Out | 100,000 | 50,000 | - | - | - | 25,000 | - | - | - | 25,000 |
| Claims/noticing agent | 100,000 | - | 50,000 | - | - | - | - | - | - | 50,000 |
| Bankruptcy - U.S Trustee Fees | 140,000 | - | - | - | - | - | - | - | - | 140,000 |
| Rent -Little Neck | 627,786 | 313,893 | - | - | - | 313,893 | - | - | - | - |
| Real estate tax pass thorough | 240,920 | 120,460 | - | - | - | 120,460 | - | - | - | - |
| Rent -NY Showroom | 100,000 | 50,000 | - | - | - | 50,000 | - | - | - | - |
| Payroll - Warehouse | 900,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 |
| Payroll - Office | 1,291,304 | 143,478 | 143,478 | 143,478 | 143,478 | 143,478 | 143,478 | 143,478 | 143,478 | 143,478 |
| Benefits | 333,000 | 37,000 | 37,000 | 37,000 | 37,000 | 37,000 | 37,000 | 37,000 | 37,000 | 37,000 |
| Temp Help - Warehouse | 270,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 |
| Health Insurance | 300,000 | - | 150,000 | - | - | - | 150,000 | - | - | - |
| Insurance | 52,529 | - | - | 25,375 | - | - | - | - | 27,154 | - |
| Samples | 45,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 |
| Office Expenses | 135,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| Advertising - Digital | 27,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 |
| Testing/Compliance Fees | 36,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 |
| Freight Out | 83,000 | 16,000 | 13,000 | 6,000 | 9,000 | 7,000 | 8,000 | 8,000 | 8,000 | 8,000 |
| Shipping & Warehouse Supplies | 135,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| IT | 90,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 |
| Utilities | 80,000 | - | - | 40,000 | - | - | - | - | - | 40,000 |
| Security | 40,000 | - | - | - | 20,000 | - | - | - | - | 20,000 |
| Interest - Revolving Line of Credit | 320,000 | 160,000 | - | - | - | - | 160,000 | - | - | - |
| Total | **10,701,790** | **1,676,061** | **884,478** | **703,853** | **1,053,247** | **1,438,831** | **1,045,884** | **1,354,700** | **1,129,888** | **1,414,848** |
| **Cash Ending** | **$ 100,000** | **$ 100,000** | **$ 100,000** | **$ 100,000** | **$ 100,000** | **$ 100,000** | **$ 100,000** | **$ 100,000** | **$ 100,000** | **$ 100,000** |

4

* Amounts subject to the Carve Out (as defined in the DIP facility documents) shall be funded in the week budgeted herein into a segregated account and maintained for the benefit of the applicable professionals.

## **Exhibit B**

Board Resolutions

## RESOLUTIONS OF THE BOARD OF DIRECTORS
## OF E. GLUCK CORPORATION AT A SPECIAL MEETING

The undersigned, having held a special meeting of the Board of Directors in accordance with Section 3.04 of the Amended and Restated By-Laws of E. Gluck Corp., a New York corporation (the "Company"), do hereby consent to the adoption of the following resolutions taking or authorizing the actions specified:

RESOLVED, that the filing by the Company of a petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York is hereby authorized; it is

FURTHER RESOLVED, that the Company be and it hereby is authorized to execute a petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York; it is

FURTHER RESOLVED, that any officer of the Company be, and hereby is, authorized and directed to execute and file as officer of the Company a petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York; it is

FURTHER RESOLVED, that any officer of the Company be, and hereby is, authorized and directed, on behalf of the Company, to execute and deliver all necessary documents so that the Company may enter into a debtor-in-possession financing facility and/or a cash collateral facility, if necessary or advisable; it is

FURTHER RESOLVED, that any officer of the Company be, and hereby is, authorized and directed, on behalf of the Company, to retain the law firm of Halperin Battaglia Benzija, LLP, as bankruptcy counsel to the Company, to render legal services to, and to represent, the Company in connection with such proceeding and other related matters in connection therewith, on such terms as such officer shall approve; it is

FURTHER RESOLVED, that any officer of the Company be, and hereby is, authorized and directed, on behalf of the Company, to retain other professional persons, advisors and consultants to the Company, including but not limited to financial advisors and investment bankers, to render services to the Company in connection with such proceeding, general operation of the business, and other related matters in connection therewith, on such terms as such officer shall approve; it is

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any officer or officers of the Company in connection with the reorganization of the Company or any matter related thereto, or by virtue of these resolutions are hereby in all respects ratified, confirmed and approved."

This consent may be executed in counterparts and all so executed shall constitute one consent notwithstanding that all the directors are not signatories to the original or the same counterpart.

Dated: November 24, 2025

        */s/ Adam Gelnick*
        *Adam Gelnick,*
        *Chief Financial Officer & MS Director*

        */s/ Barbara Weichselbaum*
        *Barbara Weichselbaum,*
        *Chief Executive Officer & MS Director*

        */s/ Temmy Bernstein*
        *Temmy Bernstein,*
        *MS Director*

        */s/ Sidney Gluck*
        *Sidney Gluck,*
        *Director*

        */s/ Rose Friedman*
        *Rose Friedman,*
        *Director*

**<u>Exhibit C</u>**

List of Equity Interests

# United States Bankruptcy Court
### Southern District of New York

In re    **E. Gluck Corporation**                                      Case No. _____
                                              Debtor(s)    Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Barbara Weichselbaum 2022 FT**<br>**6015 Little Neck Parkway**<br>**Little Neck, NY 11362** | **Common Shares** | **252666.66** | |
| **Sidney Gluck 2023 FT**<br>**6015 Little Neck Parkway**<br>**Little Neck, NY 11362** | **Common Shares** | **252666.67** | |
| **The Rose Friedman 2022 IT**<br>**6015 Little Neck Parkway**<br>**Little Neck, NY 11362** | **Common Shares** | **252666.67** | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Financial Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.


Date    **December  1, 2025** _____    Signature   **/s/ Adam Gelnick** _____
                                                    **Adam Gelnick**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

## **Exhibit D**

Mailing List

411 FIFTH AVENUE LLC ET AL
411 FIFTH AVE.
NEW YORK, NY 10016


411 FIFTH AVENUE LLC ET. AL.
411 FIFTH AVE.
NEW YORK, NY 10016


4OVER4.COM
1941 46TH STREET
ASTORIA, NY 11105


A&H MFG. CO.
1 CARDING LANE
JOHNSTON, RI 02919


ABEL WOMACK, INC.
P.O. BOX 846031
BOSTON, MA 02284-6031


ABG - NINE WEST LLC
1411 BROADWAY
21ST FL.
NEW YORK, NY 10018


ABG-CAMUTO LLC
C/O AUTHENTIC BRANDS GRP
1411 BROADWAY, 21ST FL
NEW YORK, NY 10018


ABG-NINE WEST LLC
1411 BROADWAY
21ST FL
NEW YORK, NY 10018


ABLE FIRE PREVENTION
250 WEST 26ST STREET
4TH FL
NEW YORK, NY 10001


ACE AMERICAN INSURANCE CO.
C/O CHUBB GROUP OF INSURANCE
PO BOX 1000
PHILADELPHIA, PA 19106

ACGS MARINE INSURANCE CO.
C/O ALLIANZ GROUP INS.
225 WASHINGTON ST. SUITE#2000
CHICAGO, IL 60606


ACTION WISE INTERNATIONAL LTD.
ROOM D6 3/F,MAI SHUN INDUSTRIA
18-24 KWAI CHEUNG ROAD
KWAI CHUNG NT, HONG K


ADAMS & CO. R.E., LLC
PO BOX 67026
NEWARK, NJ 07101-8081


AKERMAN LLP
P.O. BOX 4906
ORLANDO, FL 32802


AKWHP, LLC DBA WHP GLOBAL
530 5TH AVE., 25TH FL.
NEW YORK, NY 10036


ALBA WHEELS UP INTERNATIONAL,
1 EAST LINCOLN AVENUE,
VALLEY STREAM, NY 11580


ALEXIS ANTONIOU


ALL-CLEAR CONSULTING, LLC
2343 YAKIMA CT
TACOMA, WA 98405-3866


ALLIANZ GLOBAL RISKS US INSURA
225 W. WASHINGTON ST.
SUITE 1800
CHICAGO, IL 60606


ALLIANZ TRADE
C/O EULLER HERMES NA INSURANCE
28 LIBERTY STREET, 24TH FL.
NEW YORK, NY 10005

AMERICAN EXPRESS
PO BOX 1270
NEWARK, NJ 07101

AMERICAN GRAPHIC SOLUTION
222 RIVER AVENUE
LAKEWOOD, NJ 08701

AMERICAN HONDA FINANCE CORPORA
A/C 80249383
PO BOX 7829
PHILADELPHIA, PA 19101-7829

ANNE MARIE OLIVER
12121 CLOVER LANE
ROGERS, AR 72756

APEX DIAMONDS
RM 1505, 15/F PENINSULA SQUARE
18 SUNG ON STREET
HUNG HOM KOWLOON, HON

AT-BAY INSURANCE SERVICES, LLC
1 POST ST.
14TH FL.
SAN FRANCISCO, CA 94104

ATLA INDUSTRIAL EQUIP. NY LLC
P.O. BOX 22452
NEW YORK, NY 10087

AUDI FINANCIAL SERVICES
PO BOX 94005
PALATINE, IL 60094

AUXILIOR CAPITAL PARTNERS, INC
620 WEST GERMANTOWN PIKE
SUITE 450
PLYMOUNT MEETING, PA 19462

AVERY DENNISON HKBV
7508, P.O. BOX 7247
PHILADELPHIA, PA 19170

BASIN HAULAGE, INC.
PO BOX 790058
MIDDLE VILLAGE, NY 11379


BEAUTIFUL PLANNING MARKETING
135 W 50TH ST
SUITE 200
NEW YORK, NY 10020


BEST POWER (HK) ENTERPRISES
109 HOW MING STREET
UNIT E, 11F, WING CHUENG IND.
HONG KONG 999077


BRANDON SINGER
13893 SWIFT RUN ST
MOORPARK, CA 93021


BRIDGESTONE WATCH LIMITED
ROOM 2002-2004 20TH FL
NANYANG PLAZA 57 HUNG TO RD
KWUN TONG KLN, HONG K


BUREAU VERITAS HONG KONG LTD
14630 COLLECTIONS CTR DR,
CHICAGO, IL 60693


CABBAGE SOLUTIONS INC.
7316 21 AVE NW
ALBERTA CANADA
 T6K 2C4


CAMUTO IPCO LLC
1411 BROADWAY
21ST FL.
NEW YORK, NY 10018


CANON FINANCIAL
14904 COLLECTIONS CENTER DR
CHICAGO, IL 60693


CCI VOICE
38 HIGH RIDGE RD
REDDING, CT 06896

CENTURY OVERHEAD DOORS
10 KNICKERBOCKER AVENUE
BROOKLYN, NY 11237


CHIPPENHOOK CORPORATION
1955 LAKEWAY DRIVE
SUITE 210
LEWISVILLE, TX 75057


CHUBB GROUP OF INSURANCE COS.
550 MADISON AVE
10TH FL
NEW YORK, NY 10022


CHUBB PERSONAL RISK SVC
PO BOX 7247-0180
#3121-2889-9763-001P
PHILADELPHIA, PA 19170


CINDY BALSAM
20 BLACKHEATH RD
LONG BEACH, NY 11561


CIRCANA, LLC
4766 PAYSPHERE CIRCLE
CHICAGO, IL 60674


CITI CARDS
PO BOX 9001016
LOUISVILLE, KY 40290


CITIZEN WATCH CO. LTD.
6-1-12, TANASHI-CHO
NISHI-TOKYO-SHI
TOKYO JAPAN 188-8511


CLARITY LTD.
FLAT A-B, 12/F SING MEI IND BL
29-37 KWAI WING RD. KWAI CHUNG
HONG KONG


CLEANING SYSTEMS CO.
440 EAST SANDFORD BLVD
P.O. BOX 3064
MOUNT VERNON, NY 10553

COLECO PAPER CO., INC.
PO BOX 15
SADDLE RIVER, NJ 07458


CON EDISON
JAF BLDG
PO BOX 1701
NEW YORK, NY 10116-1702


CONTEMPO CARD COMPANY
69 TINGLEY STREET
PROVIDENCE, RI 02903


DATAWORKS
DATAWORKS
, ISRAEL 00000-0000


DIAMOND GRADE MEDIA INC.
PO BOX 296
SUGAR LOAF, NY 10981


EDGEWOOD PARTNERS INS. CENTER
PO BOX 22245
NEW YORK, NY 10087


ELM GLOBAL LOGISTICS
50 EMJAY BOULEVARD
BRENTWOOD, NY 11717


ENGIE RESOURCES
PO BOX 841680
DALLAS, TX 75284


EULER HERMES SERVICES N. A. IN
ATTN: FINANCE DEPT
100 INTERNATIONAL DRIVE
BALTIMORE, MD 21202


EXP TOPCO LLC
530 FIFTH AVE
12TH FL
NEW YORK, NY 10036

FEDERAL INSURANCE CO.
C/O CHUBB GROUP OF INSURANCE
202B HALL'S MILL RD
WHITEHOUSE STATION, NJ 08889


FILCO CARTING CORP.
161 MCKINLEY STREET
CLOSTER, NJ 07624


G.S. INC
885 SOUTH MAIN ST.
PASCOAG, RI 02859


GLUCK FAMILY PARTNERSHIP
6015 LITTLE NECK PKWY
LITTLE NECK, NY 11362


GO GREEN
230 ROUTE 17
PO BOX 382
HILLBURN, NY 10931


GOLDEN HAWK MANUFACTORY LTD
FLAT A&C, 18TH FLR
SUNRISE IND. 10 HONG MAN
CHAI WAN, HONG KONG 0


GREAT NORTHERN INSURANCE CO.
C/O CHUBB GROUP OF INSURANCE
202B HALL'S MILL ROAD
WHITEHOUSE STATION, NJ 08889


GREAT PROGRESS H.K. (HOLDINGS)
FLAT A 3RD FL, KAM SHING IND B
1-11 KWAI WING RD, KWAI CHUNG
HONG KONG


HALPERIN BATTAGLIA BENZIJA, LL
40 WALL STRET, 37TH FL.
NEW YORK, NY 10005


HIGH RISE FIRE PROTECTION CORP
144 21ST STREET
BROOKLYN, NY 11232

HITOUCH BUSINESS SERVICES
P.O. BOX 208897
DALLAS, TX 75320-8897


HONGKONG CHENGHUI IND. CO., LT
7F, BLDG B, SHABIAN IND ZONE
SAN WEI, HANG CHEN, BAO'AN
SHENZHEN, CHINA 00000


HONGKONG GELOLA WATCH CO. LTD
2508/A 25/F, BOA TOWER
12 HARCOURT ROAD
CENTRAL, HONG KONG 00


HYG FINANCIAL SERVICES, INC.
PO BOX 77102
MINNEAPOLIS, MN 55480-7102


IDB
511 FIFTH AVENUE
RE: E. GLUCK CORP.
NEW YORK, NY 10017


IMPENCO
240 GUIZOT STREET WEST
H2P 1L5
MONTREAL, QC, CANADA


INCASE, INC.
118 SALISBURY ST
HOLDEN, MA 01520


INFINITE GALAXY ENTERPRISES CO
8854 81ST RD
2ND FL
RIDGEWOOD, NY 11385


INFOR (US), LLC
NW 7418
PO BOX 1450
MINNEAPOLIS, MN 55485-7418


ISRAEL DISCOUNT BANK
1114 AVENUE OF AMERICAS
NEW YORK, NY 10036

IT-SOFT USA,INC
55 WEST MONROE STREET
SUITE 2575
CHICAGO, IL 60603


JA WHP LLC
530 FIFTH AVE.
12TH FL.
NEW YORK, NY 10036


JBM LOGISTICS GROUP, IN.C
35 W JEFRYN BLVD
DEER PARK, NY 11729


JONATHAN HELFAT, ESQ. (RE IDB)
OTTERBOURG P.C.
230 PARK AVE.
NEW YORK, NY 10169


LAI CHI CO.
RM 1207, 12/F, GRAND CITY
PLAZA, 1 SAI LAU KOK ROAD
TSUEN WAN NT, HK


LCD ELEVATOR REPAIR, INC.
224 EAST 2ND STREET
SUITE 200
MINEOLA, NY 11501


LEXUS FINANCIAL SERVICES
P.O. BOX 4102
CAROL STREAM, IL 60197


LIAN SHENG GLOBAL SOURCING LTD
UNIT 14, 8/F PARAMOUNT BLDG
NO.12, KA YIP ST.
CHAI WAN 361026, HONG


LIGHTS OF AMERICA
199 WILLIS AVE
MINEOLA, NY 11501


LIM CONSULTANTS
PO BOX 262
WEST ISLIP, NY 11795

M. NEWMARK DIST. LLC
74-16 175TH STREET
FRESH MEADOWS, NY 11366


MAZDA FINANCIAL SERVICES
PO BOX 74689
CHICAGO, IL 60675


MILLAMAR LANDSCAPE SERVICES
150 PLAINFIELD AVENUE
ELMONT, NY 11003


MRT BWR, CORP
73-10 EDSALLY AVE
GLENDALE, NY 11385-8220


NEW YORK YANKEES
1 STEINBRENNER DRIVE
TAMPA, FL 33614


NISSAN MOTOR ACCEPTANCE CORP
PO BOX 740596
CINCINNATI, OH 45274


NORTHSIDE PACKAGING
92 EMERSON PLACE
BROOKLYN, NY 11205


OPENTEXT INC.
C/O J.P. MORGAN LOCKBOX
24685 NETWORK PLACE
CHICAGO, IL 60673-1246


OXFORD HEALTH PLANS
UHS PREMIUM BILLING
PO BOX 94017
PALATINE, IL 60094-4017


PARAMOUNT PACKAGING CORP.
1221 OLD WALT WHITMAN RD.
MELVILLE, NY 11747

PEANUTS WORLDWIDE LLC
352 PARK AVE. SO.
FL. 8
NEW YORK, NY 10010


PERFECT CHINA
FLAT/RM03 34/F WANG HUNG HOUSE
WAN TAU TONG ESTATE, CN


PREFERRED PLASTICS & PKG. INC.
1099 WALL STREET WEST,
SUITE 200
LYNDHURST, NJ 07071


PROFIT LIGHT WATCH LTD.
RM.1107, 7/F HING WAI CTR
7 TIN WAN PRAYA RD
ABERDEEN, HONG KONG 0


PYROSIGINAL & SUPPRESSION, INC
214-25 42ND AVENUE
BAYSIDE, NY 11361


REAL PACKAGING CO., LTD.
XIZHAIZITOU INDUSTRIAL PARK
XIAZHUANG, CHENGYANG
QINGDAO, CN 26610-7000


REFUNDSMANAGER INC
1728 57 ST
BROOKLYN, NY 11204


RITHUM
25736 NETWORK PLACE
CHICAGO, IL 60673-1257


ROUTE 38 LLC
2833 SMITH AVE
BALTIMORE, MD 21209


RYAN NASIM, ESQ.
RE: JBM/E. GLUCK
350 OLD COUNTRY RD. SURE 201
GARDEN CITY, NY 11530

SAMUEL S. ADELSBERG & CO
280 NORTHERN BOULEVARD
GREAT NECK, NY 11021


SANTANDER CONSUMER USA
P.O. BOX 660633
DALLAS, TX 75266


SCANTECH SOLUTIONS
777 KENT AVE. SUITE 220
BROOKLYN, NY 11205


SECURITAS TECHNOLOGY CORPORATI
DEPT CH 10651
PALATINE, IL 60055


SHAPE ENTERPRISES LLC
1303 53RD STREET
SUITE 75
BROOKLYN, NY 11219


SIGNATURE PRINTING PROMOTIONAL
694 ROUTE 15 SOUTH,
SUITE 204
LAKE HOPATCONG, NJ 07849


SIMPLER POSTAGE INC.
P.O. BOX 104413
PASADENA, CA 91189-4413


SLGN HOLDINGS, LLC
1951 BAHIA WAY
LA JOLLA, CA 92037


SOL-LIGHT, LLC
8683 W. SAHARA AVENUE,
SUITE 180
LAS VEGAS, NV 89117


SPECTRUM
PO BOX 7186
PASADENA, CA 91109

SPEEDMARK TRANSPORTATION INC.
230-59 INT'L AIRPORT
CENTER BLVD, SUITE 282
SPRINGFIELD GARDEN, NY 11413


SPS COMMERCE, INC.
PO BOX 205782
DALLAS, TX 75320-5782


STANDARD EXTERMINATING CO, INC
25-80 STEINWAY STREET
LONG ISLAND CITY, NY 11103


STAPLES
PO BOX 105748
ATLANTA,, GA 30348-5748


STAR STRUCK, INC.
16 STONY HILL ROAD
BETHEL, CT 06880


STAT RECOVERY SERVICES LLC
809 SW 1 STREET
SUITE 5
BENTONVILLE, AR 72712


STEEL TRIBUNE, LLC
999 SOUTH OYSTER BAY ROAD
SUITE 200
BETHPAGE, NY 11714


STEEL TRIBUNE, LLC
C/O STEEL EQUITIES
700 HICKSVILLE RD.
BETHPAGE, NY 11714


STERN & SCHURIN LLP
595 STEWART AVENUE
SUITE 510
GARDEN CITY, NY 11530


STEVE MADDEN LTD
52-16 BARNETT AVE.
SUNNYSIDE, NY 11104

STINGMARS LIMITED
INIT 604 6/F EASTERN HARBOUR C
28 HOI CHAK STREET
QUARRY BAY, HONG KONG


SYSTEMATIC CONTROL CORP
203-14 48TH AVE
BAYSIDE, NY 11364


TELECOMP HOLDINGS, INC.
5104 S. PINNACLE HILLS
SUITE 200
ROGERS, AR 72758


THE GASS WORKS
100 24TH ST WEST
STE 1 PMB 3021
BILLINGS, MT 59102


THE SYSTEMS HOUSE, INC.
4325 ALEXANDER DR
SUITE 100
ALPHARETTA, GA 30022


TK ELEVATOR CORPORATION
PO BOX 3796
CAROL STREAM, IL 60132-3796


TOLL GLOBAL FORWARDING (USA) I
FINANCE DEPARTMENT
3780 KILROY AIRPORT WAY SUITE
LONG BEACH, CA 90806


U.S. CUSTOMS SERVICE
U.S. CUSTOMS SERVICE
US CITY, NY


UL VERIFICATION SERVICES
62045 COLLECTIONS CENTER DRIVE
CHICAGO, IL 60693-0620


ULINE
ATTN; ACCOUNTS RECEIVABLE
PO BOX 88741
CHICAGO, IL 60680-1741

VERIZON WIRELESS
P.O. BOX 408
NEWARK, NJ 07101-0489


VISEBASE COMPANY LIMITED
UNIT 11 28/F ONE MIDTOWN
11 HOI SHING ROAD
TSUEN WAN NT, HONG KO


W&Y (ASIA) CO., LTD.
UNIT B&D 13/F.
CHINABEST INTERNATIONAL CENTER
NO. 8 KWAI ON ROAD


WATCH GUARD 24/7
64-57 WOODHAVEN BLVD
REGO PARK, NY 11374


WESTERMAN BALL EDERER MILLER
1201 RXR PLAZA
UNIONDALE, NY 11556


WH BUYER LLC DBA WHP GLOBAL
230 PARK AVE.
NEW YORK, NY 10169


WIL HOLDINGS, LLC
1951 BAHIA WAY
APPLE VALLEY, CA 92307


WINDSTREAM
PO BOX 9001013
LOUISVILLE, KY 40290


WITHIT HOLDINGS LLC
6015 LITTLE NECK PARKWAY
LITTLE NECK, NY 11362


WITHIT HOLDINGS, LLC
8683 W. SAHARA AVENUE
SUITE 180
LAS VEGAS, NV 89117

YI FENG WATCH CO. LTD.
UNIT A 4/F MAI WAH IND BLDG
1-7 WAH SING STREET 8
KWAI CHUNG NT, HONG K


YOUNGS WATCH COMPANY LIMITED
UNITS 1-2 10/F HOPE SEA
IND. CTR 26 LAM HING
KOWLOON BAY KOWLOON,