UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

**E. GLUCK CORPORATION,**

                          Debtor.
------------------------------------------------------------x

Chapter 11 Case
Case No. 25-12683 (MG)

### ORDER APPROVING (A) BREAK-UP FEE/EXPENSE REIMBURSEMENT, (B) BIDDING PROCEDURES FOR THE CONDUCT OF AN AUCTION, AND (C) FIXING MANNER AND NOTICE OF SALE HEARING AND CURE CLAIMS BAR DATE

This matter is before the Court upon the *Motion for Orders (I) Scheduling Hearing to Consider (A) Sale of Substantially All of the Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers; and (B) Assumption and Assignment of Executory Contracts; (II) Scheduling Hearing to Consider Approval of (A) Break-Up Fee/Expense Reimbursement and (B) Bidding Procedures for the Conduct of an Auction and Entering Order Thereon; (III) Fixing a Cure Claims Bar Date With Respect to the Assumption and Assignment of Executory Contracts; and (IV) Fixing Manner and Notice of Sale Hearing; (V) Authorizing the Debtor to Sell Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers; and (VI) Authorizing Assumption and Assignment of Executory Contracts*, dated December 1, 2025 (the "Motion")[1] filed by E. Gluck Corporation, the debtor and debtor-in-possession herein  ("E. Gluck" or the "Debtor"), seeking, *inter alia*, entry of an order (this "Bidding Procedures Order") approving the bidding procedures (the "Bidding Procedures"), a copy of which is attached hereto as **Exhibit A** and made a part hereof, the Breakup Fee/Expense Reimbursement, and the manner and form of notice of the

---

[1] Unless otherwise expressly defined herein, any capitalized term shall have the meaning ascribed to such term in the Motion.

hearing on the Motion (the "<u>Sale</u>"); and a schedule of all of the Debtor's executory contracts and

unexpired leases, together with (among other things) the cure costs associated with each (if any)

calculated in accordance with the Debtor's books and records attached hereto as **<u>Exhibit B</u>**; and

the Court having reviewed the Motion; it is

**FOUND AND DETERMINED THAT:**

       A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334,

       B.    This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A);

       C.    Proper and adequate notice of the Bidding Procedures and request for

approval of the Breakup Fee/Expense Reimbursement and the hearing thereon has been given,

and no other or further notice is necessary;

       D.    The Debtor has articulated good and sufficient reasons for approving the

Bidding Procedures;

       E.    The Bidding Procedures are reasonable and appropriate and represent the

best method for maximizing the return for the Assets;

       F.    The Debtor has articulated good and sufficient reasons for approving the

Break-Up Fee/Expense Reimbursement;

       G.    The Break-Up Fee/Expense Reimbursement has been negotiated at arm's

length and is reasonable under the circumstances;

       **AND**, after due deliberation and sufficient cause appearing therefor;

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.       The Bidding Procedures, as attached hereto and incorporated herein by reference, are hereby approved.

2.       Payment by the Debtor of the Break-Up Fee/Expense Reimbursement to the Buyer on the terms and conditions contained in the Sale Agreement is hereby approved.   The Break-Up Fee/Expense Reimbursement shall be accorded treatment as a superpriority administrative expense claim in the Chapter 11 case, senior to (x) the Adequate Protection Liens,[2] (y) the Adequate Protection 507(b) Claims and the DIP Superpriority Claim, and (z) all other administrative claims at any time allowed in the Chapter 11 case.

3.       All non-debtor parties to the executory contracts and unexpired leases set forth on **Exhibit B** hereto are hereby directed to electronically file with the Clerk of the Bankruptcy Court a cure claim, setting forth all claims and arrearages against the Debtor due under such executory contract (the "Cure Claim"), and serve a copy of the Cure Claim upon Halperin Battaglia Benzija, LLP, counsel to the Debtor, 40 Wall Street, 37th Floor, New York, New York 10005, Attn: Alan D. Halperin, Esq. and Julie Dyas Goldberg, Esq., on or before **January 12, 2026 at 4:00 p.m. (ET)**, provided, however, that any party that is required to file a Cure Claim pursuant to this paragraph, but fails to do so, shall be bound by the cure amount as set forth on **Exhibit B** hereto and shall be forever barred from asserting any other Cure Claim against the Debtor, its estate and/or any purchaser of the Assets arising under such executory contract.

---

[2] Capitalized terms used but not defined in this paragraph have the meanings ascribed to them in the Interim Order (I) Authorizing the Debtor to (A) Obtain Postpetition Financing, and (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV) Authorizing the Use of Cash Collateral; and (V) Granting Related Relief (the "Interim DIP Order," Docket No. 22).

4.      The Alternative Bid Deadline shall be **January 30, 2026 at 4:00 p.m.
(ET).**

5.      The Auction shall be held on **February 2, 2026 at 10:00 a.m. (ET)** at the
offices of Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, New York
10005, to consider any higher and better offers made in accordance with the Bidding Procedures.

6.      The Sale Hearing shall be held on **February 4, 2026 at 10:00 a.m. (ET)**
at United States Bankruptcy Court, One Bowling Green, New York, New York 10004 to consider
(a) approval of the Sale Agreement and the sale of the Assets, pursuant to §§ 105(a), 363(b), (f),
(m) and (n) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014, free and clear
of all liens, claims and encumbrances, subject to higher or better offers; and (b) approval of the
assumption and assignment of executory contracts and unexpired leases of the Debtor, pursuant
to § 365 of the Bankruptcy Code and Bankruptcy Rule 6006. The Court shall provide a Zoom
link to those persons who have made an eCourtAppearance by 4 PM the business day before the
hearing.  Any party appearing at, listening to, or observing the Hearing, must make an electronic
appearance, an eCourtAppearance, by using the eCourtAppearance portal located on the Court's
website, http://www.nysb.uscourts.gov/ecourt-appearances or by clicking the
"eCourtAppearances" tab on Judge Glenn's page of the Court's website at, https://
www.nysb.uscourts.gov/content/chief-judge-martin-glenn.

7.      On or before **December 24, 2025** (the "Service Deadline"), the Debtor
shall (to the extent not already served) serve, by electronic or regular mail, a copy of this Order,
together with exhibits thereto, upon: (a) counsel for the Buyer; (b) counsel for the Official
Committee of Unsecured Creditors of the Debtor (the "Committee"); (c) all entities known to
assert a lien, claim, interest or encumbrance in the Debtor's assets; (d) all parties that have

previously expressed interest in acquiring all or a portion of the Debtor's assets; and (e) the
Office of the United States Trustee.

filed a notice of appearance in this case, by electronic mail (or if no electronic mail, then by regular mail) on or before the Service Deadline.

9.      The form of notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Establishment of Cure Claims Bar Date for Non-Debtor Counterparties to Executory Contracts and Unexpired Leases (the "Cure Claims Bar Date Notice"), annexed as **Exhibit D** hereto, is hereby approved, and the Debtor is directed to serve a copy of the Cure Claims Bar Date Notice upon all non-debtor counterparties to the executory contracts and unexpired leases set forth on **Exhibit B** hereto, by electronic mail (or if no electronic mail, then by regular mail) on or before the Service Deadline.

10.      The following procedures shall be used in connection with any executory contracts and unexpired leases proposed to be assumed and assigned to the Successful Bidder:

a.      The Debtor shall make good faith and reasonable efforts to resolve any disputed Cure Claims with the counterparty to such contract or lease in advance of the Sale Hearing;

b.      Any disputed Cure Claims shall be scheduled for resolution at the Sale Hearing, *provided*, *however*, that if the Successful Bidder is an entity other than Buyer, a counterparty to a contract or lease proposed to be assumed and assigned to the Successful Bidder may, for good cause shown, seek a later date for the hearing on the adequacy of future performance by the Successful Bidder under such contract or lease;

c.      Cure Claims (if any) under any executory contracts and unexpired leases to be assumed and assigned to the Success Bidder shall be paid, as follows:

i.      If there is no dispute as to the amount of the Cure Claim, such Cure Claim shall be paid at the time of the closing of the transaction;

ii.      If there is a dispute as to the amount of the Cure Claim but the Successful Bidder desires to proceed with the assumption and assignment of the applicable contract, (x) the undisputed portion of the Cure Claim shall be paid at the time of the closing of the transaction, and (y) the Debtor or the Successful Bidder, as applicable, shall make provision for the payment of the disputed portion of the Cure Claim in form and substance reasonably satisfactory to the Debtor, the Successful Bidder and the counterparty to such contract or lease. Upon the entry of a final order determining the amount of the Cure Claim, the balance of the Cure Claim, if any, shall be paid to the counterparty;

iii.      If there is a dispute as to the amount of the Cure Claim and the Successful Bidder elects to defer a decision on assumption and assignment until final adjudication of the amount of the Cure Claim, then (x) such contract or lease will not be assumed or assigned at the time of closing of the transaction, (y) the Cure Claim will be adjudicated by the Court, and (z) within two (2) business days following the entry of a final order determining the amount of the Cure Claim, the Successful Bidder shall notify the Debtor and the counterparty that the Successful Bidder either (A) desires to have the applicable contract or lease assumed and assigned (in which case the Debtor or Buyer, as applicable, shall pay the determined Cure Claim), or (B) has determined not to have the applicable contract or lease assumed and assigned;

d.      Notwithstanding anything to the contrary set forth herein, the rights of the Debtor under any executory contract or unexpired lease shall be preserved until either (i) assumed and assigned, or (ii) rejected, pursuant to the provisions of section 365 of the Bankruptcy Code.

11.      Objections, if any, to the Sale, including proposed assumption and assignment of contracts and leases, shall be filed electronically with the Clerk of the Bankruptcy

Court (with a copy to chambers), and served upon (a) Halperin Battaglia Benzija, LLP, proposed

attorneys for the Debtor, 40 Wall Street, 37th Floor, New York, New York 10005, Attn: Alan D.

Halperin, Esq. and Julie Dyas Goldberg, Esq.; (b) counsel for the Committee, if any;

(c) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Counsel to the DIP Lender, Attn:

Jonathan N. Helfat, Esq. and Matthew Breen, Esq., jhelfat@otterbourg.com and

mbreen@otterbourg.com, counsel for the DIP Lender; and (c) The Dallal Firm, Counsel to the

Stalking Horse Bidder, 40 Wall Street, 16th Floor, New York, NY 10005, Attn: Uri Dallal, Esq.,

uri@dallalfirm.com; and (e) The Office of the United States Trustee, U.S. Federal Office

Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Tara Tiantian, Esq.,

Tara.Tiantian@usdoj.gov, so as to be received no later than February 3, 2026 at 4:00 p.m. (ET);

and it is further

12.    The Court shall retain jurisdiction over any matter or dispute arising from

or relating to the implementation of this Bidding Procedures Order.

**IT IS SO ORDERED.**

Dated:  December 22, 2025
           New York, New York

                       **/s/ Martin Glenn**
                       MARTIN GLENN
          Chief United States Bankruptcy Judge

## Exhibit A

Bidding Procedures

## BIDDING PROCEDURES

Set forth below are the Bidding Procedures[1] to be employed with respect to the Sale Agreement and the transfer of the Assets under the Sale Agreement (as may be amended, amended and restated, modified or supplemented from time to time in accordance with the terms thereof) (the "Sale Agreement") to E. Gluck Global LLC ("Buyer"), subject to higher and better offers (the "Asset Sale"). The Asset Sale is subject to competitive bidding as set forth herein, made at an auction sale (the "Auction") to be held on **February 2, 2026 at 10:00 a.m. (ET)** at the offices of Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, New York 10005, to consider any higher and better offers made in accordance with the Bidding Procedures and approved by the Bankruptcy Court at a hearing to be held following the Auction on **February 4, 2026 at 10:00 a.m. (ET)** at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, under § 363 of the Bankruptcy Code (the "Sale Hearing"). The following Bidding Procedures are designed to facilitate a full and fair process designed to maximize the value of the Assets:

  a.  Alternative Bid Deadline. All alternative bids must be submitted to the Debtor, c/o East Wind Securities, LLC, 810 Seventh Avenue, New York, NY 10019, Attn: David Kaufthal, dkaufthal@eastwindadvisors.com (the "Investment Banker"), with copies to (i) Gary Herwitz, the Debtor's Chief Restructuring Officer (the "CRO"), 1411 Broadway, 8th Floor, New York, NY 10018, gary@cometricsllc.com, and (2) Debtor's counsel, Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, New York 10005, Attn: Alan D. Halperin, Esq. and Julie Dyas Goldberg, Esq., ahalperin@halperinlaw.net; jgoldberg@halperinlaw.net, by **January 30, 2026 at 4:00 p.m. (ET)** (the "Alternative Bid Deadline").

  b.  Due Diligence. To the extent any proposed bidder wants to undertake any due diligence with respect to the Assets, such proposed bidder must execute a non-disclosure agreement (to the extent such an agreement has not been previously executed and delivered by such proposed bidder) in form and substance reasonably acceptable to the Debtor prior to undertaking any such due diligence and all such due diligence must be undertaken and completed prior to the Alternative Bid Deadline.

  c.  Qualified Bid. Only alternative bids that meet with the following qualifications will be considered a "Qualified Bid":

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the Debtor's Motion for Orders (I) Scheduling Hearing to consider (A) Sale of substantially all of the Debtor's assets free and clear of all liens, claims and encumbrances, subject to higher and better offers; and (B) Assumption and Assignment of Executory Contracts; (II) Scheduling Hearing to consider approval of (A) Break-Up Fee/Expense Reimbursement and (B) Bidding Procedures for the conduct of an Auction and entering order thereon; (III) Fixing a Cure Claims Bar Date with respect to the Assumption and Assignment of Executory Contracts; and (IV) Fixing Manner and Notice of Sale Hearing; (V) Authorizing the Debtor to Sell Assets, Free and Clear of all Liens, Claims and Encumbrances, subject to higher and better offers; and (VI) Authorizing Assumption and Assignment of Executory Contracts (the "Sale Motion").

   i.  the bid must be <u>received</u> by the Debtor, c/o East Wind Securities, LLC, the Investment Banker, with copies as detailed in paragraph (a), above, by the Alternative Bid Deadline;

   ii.  The bid must :

      a.  Be in writing;

      b.  State that it is irrevocable;

      c.  Be accompanied by a duly executed sale agreement, together with a copy marked to reflect variations from the Sale Agreement;

      d.  Be accompanied by a down payment deposit in immediately available funds of not less than ten (10%) percent of the proposed purchase price (the "<u>Deposit</u>").  Buyer's obligations to provide a Deposit shall be deemed satisfied by Sellers' rights to seek setoff or offset of amounts due under the DIP Facility (as defined in the Final DIP Order (as defined below)) and in accordance with the Final DIP Order.[2]  The Deposit will be subject to forfeiture upon a breach by the bidder and non-refundable if the bidder is selected as a Successful Bidder (as defined below) and fails to consummate the purchase (other than as a result of a breach by the Debtor).  The Deposit will be refunded if the bidder is not selected as a Successful Bidder;

      e.  Be accompanied by written confirmation that the bidder has secured consent from any licensor-counterparties to licenses that are proposed to be assumed and assigned as part of the Sale Agreement; and

      f.  State that it is not subject to any further due diligence or financing;

   iii.  The proposed purchase price for a Qualified Bid shall be an amount in cash of at least the sum of (A) the Purchase Price as defined in the Sale Agreement (the "<u>Stalking Horse Bid</u>"), plus (B) the amount of the Break-Up Fee/Expense Reimbursement (*i.e.*, $850,000), plus (C) $100,000 (the "<u>Subsequent Incremental Bid Amount</u>")((A), (B) and (C), collectively, the "<u>Initial Overbid</u>").  In the event a bidder (including Buyer) is the second best bidder (the "<u>Back-Up Bidder</u>"), its bid shall be irrevocable and such bidder shall remain ready, willing and able to purchase the Assets through

---

[2] "<u>Final DIP Order</u>" means the Final Order (I) Authorizing the Debtor to (A) Obtain Postpetition Financing, and (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV) Authorizing the Use of Cash Collateral; and (V) Granting Related Relief, as entered by the Bankruptcy Court.

the closing of the transaction with the Successful Bidder (subject to the terms and conditions of such Backup Bidder's last submitted bid);

iv.   Without limiting the generality of the foregoing, such bid shall be for substantially all of the Assets and the Assumed Liabilities and any liabilities to be assumed under the Sale Agreement on an as-is, where-is basis and shall not include any due diligence, financing or other contingency.  Any Qualified Bid may be a combination of cash and certain assumed obligations.

v.   The bid must be expressly made subject to the Debtor's obligations to pay the Break-Up Fee/Expense Reimbursement pursuant to the terms of the Sale Agreement;

vi.   Simultaneously with the delivery of the Deposit and the executed sale agreement, an entity submitting an alternative bid shall deliver financial information evidencing that such party has the financial wherewithal to (A) refinance the DIP Facility; (B) consummate the proposed transaction on the terms proposed; and (C) provide adequate assurance of future performance with respect to any contracts and leases proposed to be assumed and assigned to such entity.  Such financial information may include current audited or verified financial statements and/or a letter from a depository institution indicating the ability to close on a proposed transaction and provide adequate assurance of future performance.  In the event the financial information pertains to the parent or other equityholder of an acquisition affiliate, the bid of the affiliate shall be guaranteed by the parent or other equityholder.  Upon receipt of the financial information and a determination by the Debtor, in consultation with the Official Committee of Unsecured Creditors of the Debtor (the "Committee") that the bid constitutes a Qualified Bid, the Debtor shall deliver such financial information to each counterparty to any executory contract or unexpired lease proposed by to be assigned to such Qualified Bidder (provided however that each such counterparty shall maintain the confidentiality of such information and shall not use it for any purpose other than evaluating the Qualified Bidder's ability to provide adequate assurance of future performance);

vii.   The entity submitting an alternative bid shall also provide (A) evidence or affirm under oath that all necessary approvals have been obtained authorizing the submission of the bid by such entity; and (B) provide assurances that, in the event of a sale of a customer list, that the bidder will substantially follow the Debtor's current privacy policy;

viii.   Only those bids bidders having submitted Qualified Bids (a "Qualified Bidder") will be permitted to participate in the Auction.  The CRO, upon consultation with the Committee, will promptly notify each alternative

bidder after the Alternative Bid Deadline whether it is a Qualified Bidder. The Auction shall occur no later than two (2) business days following the Alternative Bid Deadline. Buyer shall be deemed a Qualified Bidder.

    d.   <u>Auction Procedures and Bidding Increments</u>.

       i.   In the event one or more Qualified Bids are received by the Debtor prior to the Alternative Bid Deadline, the Debtor will conduct the Auction. No later than noon on the business day prior to the Auction, the Debtor shall circulate to each Qualified Bidder a copy of the Qualified Bid determined to be the highest or best Qualified Bid submitted as of the Alternative Bid Deadline, and that will constitute the opening bid at the Auction.

      ii.   At the Auction (A) all bids shall be made and received on an open basis and all other bidders shall be entitled to be present for all bidding with the understanding that the true identity of each bidder shall be fully disclosed to all other bidders and that all material terms of each bid will be fully disclosed to all other bidders throughout the entire Auction; (B) the opening bid at the Auction shall not be less than the Initial Overbid; (C) all offers subsequent to the opening bid at the Auction (*i.e.*, the Subsequent Incremental Bid Amount) must exceed the prior offer by not less than $100,000; (D) with respect to any such further overbid submitted by the Buyer, the consideration offered by the Buyer shall be deemed to include the full amount of the Break-Up Fee/Expense Reimbursement potentially payable to the Buyer; and (E) bidding at the Auction will continue until such time as no further bids are made within the time limit announced by the CRO, upon consultation with the Committee;

     iii.   Upon conclusion of the Auction, the CRO, upon consultation with the Committee shall determine the highest or otherwise best bid (the "<u>Successful Bidder</u>"), and such bid shall be submitted for approval by the Bankruptcy Court. Subject to the Court's calendar, the Sale Hearing will occur no later than two (2) business days after the conclusion of the Auction.

     iv.   The Successful Bidder shall have the burden of establishing by competent evidence that it qualifies for section 363(m) protections, and that it is capable of providing adequate assurance of future performance with respect to any executory contract or unexpired lease it wishes to have assumed and assigned pursuant to section 365;

      v.   If the Debtor does not receive any Qualified Bids, the Debtor will report the same to the Bankruptcy Court and will proceed with the Sale Hearing and no Auction shall be held;

vi.  The CRO, upon consultation with the Committee, reserves the right to establish such other reasonable rules and procedures for the conduct of the Auction, provided that such rules and procedures are publicly announced at the Auction.  The Debtor reserves the right to extend the dates and deadlines herein, in the exercise of its business judgment and consistent with its fiduciary duties to the estate.

e.  <u>Break-Up Fee/Expense Reimbursement</u>.  The Break-Up Fee/Expense Reimbursement shall be payable to Buyer under the terms and conditions set forth in the Sale Agreement.

## **Exhibit B**

List of Executory Contracts and Cure Amounts

**Cure Claims List**

| Counterparty | Cure Amount | Description | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| 411 Fifth Avenue LLC et al c/o Adams & Co. R.E., LLC | $117,759.90 | Nonresidential real property lease for the 11th Floor of 411 Fifth Avenue, New York, NY 10016 for office and showroom for the display and sale, at wholesale, of watches | 411 Fifth Ave. PO Box 67026 | | New York Newark | NY NJ | 10016-0000 07101 |
| Abel Womack | $0.00 | Deka battery financing | 140 Rodeo Drive | | Brentwood | NY | 11717-0000 |
| ABG-CAMUTO LLC | $0.00 | License agreement | C/O AUTHENTIC BRANDS GRP | 1411 BROADWAY, 21ST FL | NEW YORK | NY | 10018-0000 |
| ABG-Nine West LLC | $0.00 | Nine West Licensing Agreement 2019-2025 | 1411 Broadway | 21st Fl | New York | NY | 10018-0000 |
| ACE American Insurance Co. | $0.00 | 2024-25 Foreign Package Policy | c/o Chubb Group of Insurance | PO BOX 1000 | Philadelphia | PA | 19106-0000 |
| ACGS Marine Insurance Co. | $0.00 | 2024-2025 Marine Cargo Policy | c/o Allianz Group Ins. | 225 Washington St. Suite#2000 | Chicago | IL | 60606-0000 |
| AGCS Marine Insurance Company | $0.00 | Commercial Property Insurance | c/o EPIC | 1140 Ave. of the Americas | New York | NY | 10036-0000 |
| AGSM Distribution FZE | $0.00 | Purchase Agreement | PO Box 261873 | | Dubai, UAE | | |
| Amazon.com Services LLC | $0.00 | Freight Allowance Agreement # 99266520; MDF/COOP Agreement # 99266525; MDF/COOP Agreement # 99459600, Allowance Agreement # 99266530 | 410 Terry Avenue North | | Seattle | WA | 98109-0000 |
| Aptean c/o The Systems House | $14,002.64 | Database management software | c/o The Systems House | PO Box 743722 4325 ALEXANDER DR, SUITE 100 | Atlanta Alpharetta | GA GA | 30374-0000 30022 |
| ARISTA SINGAPORE PTE Ltd. | $0.00 | Distribution Agreement (Armitron) | 2 Jurong East, Stree 21 | #04-32B, IMM Building | Singapore 609601 | | |
| At-Bay Insurance Services, LLC | $0.00 | 2024-25 Cyber Crime Insurance Policy | 1 Post St. | 14th Fl. | San Francisco | CA | 94104-0000 |
| AUXILIOR CAPITAL PARTNERS | $0.00 | Equipment finance agreement (bobcat) | 620 WEST GERMANTOWN PIKE | SUITE 450 | PLYMOUNT MEETING | PA | 19462-0000 |
| Camuto IPCO LLC | $0.00 | Vince Camuto Licensing Agreement 2018-2025 | 1411 Broadway | 21st Fl. | New York | NY | 10018-0000 |
| Canon Financial Services, Inc. | $0.00 | B&W Copier Lease Agreement | 14904 Collections Ctr Dr. | | Chicago | IL | 60693-0000 |

**Cure Claims List**

| Counterparty | Cure Amount | Description | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Canon Solutions America | $0.00 | Suscription Support Services Agreement | One Canon Park | | Melville | NY | 11747-0000 |
| CHACE Luxury Group L.L.C-FZ | $0.00 | Distribution Agreement re Armitron | Meydan Grandstand, 6th floor | Meydan Road, Nad Al Sheba | Dubai, UAE | | |
| Chubb Group of Insurance Cos. | $0.00 | 2024-25 Workers Compensation Policy | 550 Madison Ave | 10th Fl | New York | NY | 10022-0000 |
| Chubb Personal Risk Svc | $0.00 | Insurance contract #3121-2889-9763-001P | PO Box 7247-0180 | | Philadelphia | PA | 19170-0000 |
| ELM Freight Handlers, Inc. | $5,088.40 | Storage agreement | 50 Emjay Blvd - Ste 13 | | Brentwood | NY | 11717-0000 |
| EXP Topco LLC | $7,275.52 | Express Brands Licensing Agreement | 530 Fifth Ave | 12th Fl | New York | NY | 10036-0000 |
| Federal Insurance Co. | $0.00 | 2024-25 Commercial Package Insurance Policy | c/o Chubb Group of Insurance | 202B Hall's Mill Rd | Whitehouse Station | NJ | 08889-0000 |
| Federal Insurance Co. | $0.00 | 2024-25 Crime-Theft Loss Prevention Insurance Policy | c/o Chubb Group of Insurance | 202B Hall's Mill Rd | Whitehouse Station | NJ | 08889-0000 |
| Federal Insurance Co. | $0.00 | 2024-25 Employment Practices Liability Insurance Policy | c/o Chubb Group of Insurance | 202B Hall's Mill Rd | Whitehouse Station | NJ | 08889-0000 |
| Federal Insurance Co. | $0.00 | 2024-25 Fiduciary Policy | c/o Chubb Group of Insurance | 202B Hall's Mill Rd | Whitehouse Station | NJ | 08889-0000 |
| Federal Insurance Co. | $0.00 | 2024-25 Commercial Umbrella Policy | c/o Chubb Group of Insurance | 202B Hall's Mill Rd | Whitehouse Station | NJ | 08889-0000 |
| Great Northern Insurance Co. | $0.00 | 2024-25 Automobile Insurance Policy | c/o Chubb Group of Insurance | 202B Hall's Mill Road | Whitehouse Station | NJ | 08889-0000 |
| Haas Outdoors, Inc. (MossyOak) | $0.00 | Mossy Oak License Agreement | PO Box 757 | | West Point | MS | 39773-0000 |
| Huntress Labs | $0.00 | Huntress Direct EDR cybersecurity agreement | PO Box 735713 | | Dallas | TX | 75373-0000 |
| HYG FINANCIAL SERVICES, INC. | $0.00 | Equipment finance agreement | PO BOX 35701 | | Billings | MT | 59107-0000 |
| Hyundai Motor Finance | $0.00 | Corporate car lease agreement | PO Box 660891 | | Dallas | TX | 75266-6000 |
| Infor Entity | $89,443.25 | Software & service agreement | Attn: M. McCrayer/Gen. Counsel | 40 General Warren Blvd St #110 | Malvern | PA | 19355-0000 |
| J-Lab Technology, Inc. | $0.00 | Cove data protection agreement | 338 Island Ave | | Woodmere | NY | 11598-0000 |
| JA WHP LLC | $10,000.00 | Joseph Abboud Licensing Agreement | 530 Fifth Ave. | 12th Fl. | New York | NY | 10036-0000 |
| Jana LTD., Belarus | $0.00 | Distribution Agreement (WHP Brands) | 23 Stanislavskogo Str. | Office 10, 220033 Minsk | Rep. of Belarus | | |
| New York Yankees | $590,000.00 | Sponsorship agreement | Yankee Stadium | Attn: Chief Operating Officer | Bronx | NY | 10451-0000 |
| Nutanix | $0.00 | Nutanix AOS subscription license and renewal support | 1740 Technology Dr. Ste 1150 | | San Jose | CA | 95110-0000 |
| OXFORD HEALTH PLANS | $77,001.89 | Employee health insurance | UHS PREMIUM BILLING | PO BOX 94017 | PALATINE | IL | 60094-4017 |
| Pacific Fighters, Inc. | $0.00 | License & Supply Agreement | 2013 Foote Dr. | | Idaho Falls | ID | 83402-0000 |
| Paul Ruban | $0.00 | Services Agreement | 102, Orchid Block, Rakesh Fantasy Garden | 2nd Main Kasturi Nagar | Bengaluru Karnataka | India | 560043 |
| Peanuts Worldwide LLC | $0.00 | Peanuts Licensing Agreement | 352 Park Ave. So. | Fl. 8 | New York | NY | 10010-0000 |
| RITHUM | $0.00 | Supply services | 25736 NETWORK PLACE | | CHICAGO | IL | 60673-1257 |

**Cure Claims List**

| Counterparty | Cure Amount | Description | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| SH&S LP II, LLLP | $0.00 | Showroom lease for certain space located within Rain Tree Business Center, 902B South Walton Blvd, Suite 21, Bentonville AR 72712 | Rain Tree Business Center | 902B South Walton Blvd, Ste 21 | Bentonville | AR | 72712-0000 |
| Steel Tribune, LLC | $212,345.10 | Lease for nonresidential real property located at 60-15 Little Neck Parkway, Queens, NY | c/o Steel Equities | 700 Hicksville Rd. | Bethpage | NY | 11714-0000 |
| Steve Madden Ltd | $0.00 | Steve Madden Licensing Agreement 2021-2025 | 52-16 Barnett Ave. | | Sunnyside | NY | 11104-0000 |
| Tappoo PTE Limited | $0.00 | Distribution Agreement (Armitron and WHP Brands) | Tappoo Building, Main Street | PO Box 46 | Sigatoka FIJI | | |
| US Sales | $0.00 | Sales Representative Agreement | PO Box 2688 | | Virginia Beach | VA | 23450-2688 |
| WH Buyer LLC dba WHP Global | $0.00 | Anne Klein Licensing Agreement | 230 Park Ave. | | New York | NY | 10169-0000 |

**<u>Exhibit C</u>**

Form of Sale Notice

Alan D. Halperin, Esq.
Julie Dyas Goldberg, Esq.
**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th Floor
New York, New York 10005
Phone:  (212) 765-9100; Fax: (212) 765-0964
ahalperin@halperinlaw.net
jgoldberg@halperinlaw.net

*Proposed Counsel to the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

**E. GLUCK CORPORATION,**
Tax I.D. No. 13-2907195

                                        Chapter 11
                                        Case No. 25-12683 (MG)

                          Debtor.
--------------------------------------------------------x

**NOTICE OF AUCTION SALE AND HEARING ON CONSIDERATION OF APPROVAL
OF SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND
ENCUMBRANCES, SUBJECT TO HIGHER OR BETTER OFFERS
PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE**

**TO ALL CREDITORS OF THE DEBTOR AND OTHER NOTICE PARTIES:**

        **PLEASE TAKE NOTICE** that on December 1, 2025 (the "Petition Date"), E.
Gluck Corp., the debtor and debtor-in-possession herein ("E. Gluck" or the "Debtor"), filed a
voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy
Code") in the United States Bankruptcy Court for the Southern District of New York (the
"Bankruptcy Court").

        **PLEASE TAKE FURTHER NOTICE** that the Debtor has filed a motion (the
"Motion") seeking approval of a certain asset purchase and agreement and all ancillary
transaction documents (collectively, the "Sale Agreement") by and between the Debtor, E.
Gluck, as seller, and E. Gluck Global LLC (the "Buyer"), dated as of November 30, 2025,
pursuant to which, among other things, the Debtor proposes to sell substantially all of its assets
(the "Assets") to Buyer, free and clear of all liens, claims and encumbrances, subject to higher or
better offers (the "Sale").

**PLEASE TAKE FURTHER NOTICE** that at a hearing held on December 22, 2025, the Bankruptcy Court entered and order approving the Bidding Procedures (a copy of which is attached hereto as **Exhibit A**) and the Breakup Fee/Expense Reimbursement (the "Bidding Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that an Auction (as defined in the Bidding Procedures) will be held on **February 2, 2026 at 10:00 a.m. (ET)** at the offices of Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, New York 10005 to consider any higher and better offers in accordance with the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held on **February 4, 2026 at 10 AM** before the Honorable Martin Glenn to consider approval of the Sale Agreement or any higher and better offer(s) by the Successful Bidder(s) (the "Sale Hearing"). The hearing will take place using zoom for government.

**PLEASE TAKE FURTHER NOTICE** that the Motion seeks approval of the assumption and assignment of certain executory contracts to be identified by the Buyer or other Successful Bidder pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006. Exhibit B to the Bidding Procedures Order sets forth a list of all of the Debtor's executory contracts and unexpired leases, together with a statement of the cure costs (if any) associated with each such contract and lease, calculated in accordance with the Debtor's books and records. In connection with the potential assumption and assignment of the executory contracts and unexpired leases, the Bankruptcy Court, pursuant to the Bidding Procedures Order, has directed that all non-debtor parties to any executory contract or unexpired lease electronically file with the Clerk of the Bankruptcy Court a cure claim, setting forth all claims and arrearages against the Debtor due under such executory contract (the "Cure Claims"), and serve a copy of the Cure Claim upon Halperin Battaglia Benzija, LLP, proposed attorneys for the Debtor, 40 Wall Street, 37th Floor, New York, New York 10005, Attn: Alan D. Halperin, Esq. and Julie Dyas Goldberg, Esq., on or before **January 12, 2026 at 4:00 p.m. (ET),** provided, however, that any party that is required to file a Cure Claim, but fails to do so, shall be bound by the cure amount as set forth on Exhibit B to the Bidding Procedures Order, and shall be forever barred from asserting any other Cure Claim against the Debtor, its estate, the Buyer, or its designee, and/or any Successful Bidder arising under such executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE** that the following is a general explanation of the salient terms of the Sale Agreement. Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion:[1]

> Acquired Assets: All assets of the Debtor including all rights and benefits under Assumed Contracts, Inventory, Receivables, tangible personal property, goodwill, Transferred Intellectual Property, unfulfilled customer orders, cash and equivalents, IT Systems, customs and tariff refunds, certain real property refunds, insurance policy claims, and all other assets that related to the Business; provided

---

[1] The following is merely a summary of the Sale Agreement and is qualified in its entirety by the actual, express terms of the Sale Agreement. To the extent there is any discrepancy between this summary and the terms of the Sale Agreement, the terms of the Sale Agreement shall control.

that the Buyer shall have no rights to any of the Excluded Assets, including Seller's membership interests in WITHit Holdings, LLC and certain other subsidiaries, that certain cause of action against Ruben Azrak and/or Steven Jacob Odzer and Avoidance Actions.

Purchase Price: The purchase price for the Acquired Assets is (a) assumption at Closing of the Assumed Liabilities (which amount includes Cure Costs) plus (b) the IDB Payoff Amount.  The Estimated Purchase Price is $30 million.

Assumed Liabilities: All Liabilities arising after the Closing Date relevant to the Acquired Assets; all Liabilities under Assigned Contracts including all Determined Cure Costs; all Liabilities under any Unfulfilled Customer Orders; all Transfer Taxes, any Liability related to pre-Closing ordinary course customer programs and certain other expressly scheduled liabilities.

Outside Date and Other Deadlines: The Bidding Procedures must be approved by the Court no later than December 24, 2025, the Sale Hearing must have occurred no later than February 6, 2026, Closing must occur no later than February 13, 2026.

      **PLEASE TAKE FURTHER NOTICE,** that any of the hearings scheduled by the Bankruptcy Court may be adjourned from time to time without prior notice to creditors or other parties in interest, other than by announcement in Bankruptcy Court of such adjournment on the date of the hearing.

      **PLEASE TAKE FURTHER NOTICE,** that copies of the entire sale package are available for inspection at the Bankruptcy Court's website (www.nysb.uscourts.gov); and you may request a copy by contacting Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, New York 10005, Attn: Julie Dyas Goldberg, Esq., telephone number (212) 765-9100 or jgoldberg@halperinlaw.net.

(Remainder of Page Intentionally Blank)

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the Sale shall be filed electronically with the Clerk of the Bankruptcy Court (with a copy to chambers), and served upon (a) Halperin Battaglia Benzija, LLP, proposed attorneys for the Debtor, 40 Wall Street, 37th[th] Floor, New York, New York 10005, Attn: Alan D. Halperin, Esq. and Julie Dyas Goldberg, Esq., so as to be received no later than **February 3, 2026 at 4:00 p.m. (ET)**.

Dated:  New York, New York
　　　　December 22, 2025

**HALPERIN BATTAGLIA BENZIJA, LLP**
Proposed Bankruptcy Counsel to
**E. GLUCK CORPORATION**
Alan D. Halperin, Esq.
Julie Dyas Goldberg, Esq.
40 Wall Street, 37th[th] Floor
New York, New York 10005
Phone:  (212) 765-9100;
Fax: (212) 765-0964
ahalperin@halperinlaw.net;
jgoldberg@halperinlaw.net

**<u>Exhibit D</u>**

Form of Notice of Cure Claims Bar Date

Alan D. Halperin, Esq.
Julie Dyas Goldberg, Esq.
**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th Floor
New York, New York 10005
Phone:  (212) 765-9100; Fax: (212) 765-0964
ahalperin@halperinlaw.net
jgoldberg@halperinlaw.net

*Proposed Counsel to the Debtor and Debtor-in-Possession*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | **Cure Claim Bar Date:** |
| SOUTHERN DISTRICT OF NEW YORK | **January 12, 2026 @ 4:00 p.m.** |

-------------------------------------------------------x

In re:

**E. GLUCK CORPORATION,**                                    Chapter 11
Tax I.D. No. 13-2907195                                    Case No. 25-12683 (MG)

Debtor.

-------------------------------------------------------x

## NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND ESTABLISHMENT OF CURE CLAIMS BAR DATE FOR NON-DEBTOR COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**TO ALL NON-DEBTOR COUNTERPARTIES TO**
**EXECUTORY CONTRACTS OR LEASES WITH THE DEBTOR:**

        **PLEASE TAKE NOTICE** that on December 1, 2025 (the "Petition Date"), E. Gluck Corp., the debtor and debtor-in-possession herein ("E. Gluck" or the "Debtor"), filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

        **PLEASE TAKE FURTHER NOTICE** that the Debtor has filed a motion (the "Motion") seeking approval of a certain asset purchase and agreement and all ancillary transaction documents (collectively, the "Sale Agreement") by and between the Debtor, E. Gluck, as sellers, and E. Glock Global LLC (the "Purchaser"), pursuant to which, among other things, the Debtor proposes to sell substantially all of its assets (the "Assets") to Purchaser, free and clear of all liens, claims and encumbrances, subject to higher or better offers (the "Sale").

        **PLEASE TAKE FURTHER NOTICE** that in connection with the Sale, the Debtor has filed a schedule of all of the Debtor's executory contracts and unexpired leases that

may potentially be assumed and assigned to the Purchaser in accordance with the Sale Agreement (the "Cure Claims List"); further, the Debtor has filed (among other things) the cure costs associated with each executory contract and unexpired lease on the Cure Claims List, calculated in accordance with the Debtor's books and records.  The Cure Claims List is attached hereto as **Exhibit A**.

   **PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has established **January 12, 2026 at 4:00 p.m.** (the "Cure Claims Bar Date") as the date by which all non-debtor counterparties parties to the executory contracts and unexpired leases must electronically file with the Clerk of the Bankruptcy Court a cure claim, setting forth all claims and arrearages against the Debtor due under such executory contract or unexpired lease (the "Cure Claims"), and serve a copy of the Cure Claim upon Halperin Battaglia Benzija, LLP, proposed attorneys for the Debtor, 40 Wall Street, 37th Floor, New York, New York 10005, Attn: Alan D. Halperin, Esq. and Julie Dyas Goldberg, Esq.

   **PLEASE TAKE FURTHER NOTICE** that any party that is required to file a Cure Claim, but fails to do so, shall be bound by the cure amount as set forth on the Cure Claims List, and shall be forever barred from asserting any other Cure Claim against the Debtor, its estate, the Purchaser, or its designee, and/or any Successful Bidder arising under such executory contract.

Dated: New York, New York
   December 22, 2025

       **HALPERIN BATTAGLIA BENZIJA, LLP**
       Proposed Bankruptcy Counsel to
       **E. GLUCK CORPORATION**
       Alan D. Halperin, Esq.
       Julie Dyas Goldberg, Esq.
       40 Wall Street, 37th Floor
       New York, New York 10005
       Phone:  (212) 765-9100;
       Fax: (212) 765-0964
       ahalperin@halperinlaw.net;
       jgoldberg@halperinlaw.net