UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:

**E. GLUCK CORPORATION,**
Tax I.D. No. 13-2907195,

Chapter 11 Case
Case No. 25-12683 (MG)

Debtor.
-------------------------------------------------------------x

**ADDITIONAL DECLARATION OF ALAN D. HALPERIN IN SUPPORT OF
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION OF HALPERIN BATTAGLIA BENZIJA, LLP
AS BANKRUPTCY COUNSEL TO THE DEBTOR
*NUNC PRO TUNC* TO THE PETITION DATE**

STATE OF NEW YORK    )
                     )   ss.:
COUNTY OF NEW YORK   )

Alan D. Halperin, pursuant to 28 U.S.C. § 1746, hereby declares that the following is true to the best of my knowledge, information and belief:

1. I am a member of the law firm of Halperin Battaglia Benzjia, LLP ("HBB"), which maintains offices for the practice of law at 40 Wall Street - 37th Floor, New York, New York 10005. I am familiar with the matters set forth herein, and make this declaration in support of the application of E. Gluck Corporation, the debtor and debtor-in-possession herein ("E. Gluck" or the "Debtor"), the debtor and debtor-in-possession, for authority to retain HBB as bankruptcy counsel to the Debtor, *nunc pro tunc* to the commencement of the chapter 11 case (the "Application").

2. I made a declaration in support of the Application on or about December 11, 2025 (the "Declaration", Docket No. 27-1). This declaration supplements Docket No. 27-1.

3. To the best of my knowledge and based upon HBB's due inquiry, HBB has not represented any of the parties related to the Debtor, its creditors, and other parties-in-interest, except

{00355787.1 / 1539-001 }

as disclosed in the Declaration. Additionally, HBB discloses that it previously represented Accutime Watch Corp ("Accutime") in a small number of discrete matters in which Accutime was a creditor. Accutime is not a creditor in this case. However, following the initial Declaration, I learned that Accutime is a party that has been in contact with East Wind Securities, LLC, the Debtor's investment bankers, with regard to potential interest in accessing the virtual data room in connection with the Debtor's *Motion for Orders (I) Scheduling Hearing to Consider (A) Sale of Substantially All of the Debtors Non-WITHit Assets, Free and Clear of all Liens, Claims and Encumbrances, Subject to Higher and Better Offers; and (B) Assumption and Assignment of Executory Contracts; (II) Scheduling Hearing to Consider Approval of (A) Break-Up Fee/Expense Reimbursement and (B) Bidding Procedures for the Conduct of an Auction and Entering Order Thereon; (III) Fixing a Cure Claims Bar Date With Respect to the Assumption and Assignment of Executory Contracts; (IV) Fixing Manner and Notice of Sale Hearing; (V) Authorizing the Debtor to Sell Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers; and (VI) Authorizing Assumption and Assignment of Executory Contracts* (the "Sale Motion" Docket No. 8).

4. Based upon the information available to me, I continue to believe that HBB is a "disinterested person" within the meaning of §101(14) of Title 11 of the United States Code (the "Bankruptcy Code").

I DECLARE under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 5th day of January, 2026.

*/s/ Alan D. Halperin, Esq.*
Alan D. Halperin, Esq.

{00355787.1 / 1539-001 }                    2