UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
In re                                               :
                                                    :    Chapter 11
E. GLUCK CORPORATION,                               :
                                                    :    Case No. 25-12683 (MG)
                         Debtor.                    :
----------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. 363(B), (F) AND (M) AND FED. R. BANKR. P. 2002 AND 6004, (I) AUTHORIZING SALE OF MEMBERSHIP UNITS IN WITHIT HOLDINGS, LLC TO BUYER, (II) AUTHORIZING THE DEBTOR TO CLOSE ON THE SALE TO BUYER PURSUANT TO THE TERMS OF THE SALE AGREEMENT; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of E. Gluck Corporation, the debtor and debtor in possession (the "Debtor"), seeking entry of an order, pursuant to sections 363(b), (f) and (m) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, (i) authorizing the Debtor to sell all of its right, title and interest in all of its Class A membership units in WITHit Holdings, LLC (the "Class A Units") to Buyer, free and clear of all liens, claims and encumbrances pursuant to the Sale Agreement attached to the Motion as Exhibit C, (ii) authorizing the Debtor to close on the sale of the Class A Units to Buyer pursuant to the terms of the Sale Agreement; and (iii) granting related relief [Docket No. 71]; and any objections to the relief sought in the Motion having been withdrawn or overruled on the merits; and due and appropriate notice of the Motion and proposed sale to Buyer having been given, and no additional notice being required; and upon the arguments of counsel made, and evidence adduced, on the record of the hearings held on the Motion, including on February 4, 2026, and the record of all proceedings heretofore held in the Debtor's Chapter 11 Case; and good and sufficient cause having been shown therefor; it is hereby

---

[1] Terms capitalized but not defined herein shall have the meanings ascribed to them in the Motion.

{00355927.3 / 1539-002 }

**FOUND AND DETERMINED THAT**:

A. This Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. This proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

C. The statutory predicates for the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

D. As evidenced by the affidavits of service filed with the Court, and based upon the representations of counsel at the Sale Hearing, proper, timely, adequate and sufficient notice of the Motion and proposed sale to Buyer, and a reasonable opportunity to object or be heard with respect thereto and to the relief sought in the Motion, have been provided to all known creditors and parties in interest in the Debtor's Chapter 11 Case, including (i) the Office of the United States Trustee, (ii) holders of liens and/or their counsel of record, including the IRS and the Lender, (iii) counsel for the Committee, (iv) all creditors and parties in interest in the Debtor's Chapter 11 Case, (v) all parties having filed a notice of appearance and request for service of papers in the Debtor's Chapter 11 Case, and (vi) any other parties required to receive notice pursuant to Bankruptcy Rule 2002.

E. The Sale Agreement was negotiated, proposed, and entered into by the Debtor and Buyer without collusion, in good faith and from arms' length bargaining positions. Neither the Debtor nor Buyer have engaged in any conduct that would cause or permit the Sale Transaction or any part of the transactions contemplated by the Sale Agreement to be avoidable under section 363(n) of the Bankruptcy Code.

F. The sale of the Class A Units pursuant to this Order and the Sale Agreement to Buyer (the "Sale") is a legal, valid and effective Sale and shall vest Buyer with all of the Debtor's and its Estate's right, title and interest in and to the Class A Units, free and clear of all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds of sale with the same priority, validity, force and effect with which they attached to such property immediately before the sale.

G. The Debtor has demonstrated a sufficient basis and compelling circumstances requiring the Debtor to enter into the Sale Agreement and sell the Class A Units pursuant to section 363 of the Bankruptcy Code, and such actions are appropriate exercises of the Debtor's business judgment and are in the best interests of the Debtor, the estate, and its creditors.

H. The Debtor has full authority and power to execute and deliver the Sale Agreement and related agreements and all other documents contemplated by the Sale Agreement, to perform its obligations therein and to consummate the Sale Transaction. Except as set forth in the Sale Agreement, no additional consents or approvals are necessary or required for the Debtor to enter into the Sale Agreement, perform its obligations therein and consummate the Sale Transaction.

I. The provisions of section 363(f) of the Bankruptcy Code have been satisfied. All holders of Claims and Encumbrances, if any, who did not object, or withdrew their objections to the Sale Transaction, are deemed to have consented to the Sale Transaction.

J. Buyer is purchasing the Class A Units in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision.

K. The consideration provided by Buyer for the Class A Units pursuant to the Sale Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Class A Units, (iii)

3

will provide a greater recovery for all of the Debtor's stakeholders than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, New York State Debtor Creditor Law and all other applicable laws.

L.      Entry of this Order is in the best interests of the Debtor, its creditors, and other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      Any and all objections to the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

2.      The Motion is granted as set forth herein.

3.      The terms and conditions of the Sale Agreement, including without limitation the releases contained therein, are hereby approved in all respects pursuant to sections 105(a) and 363 of the Bankruptcy Code.

4.      The Debtor is authorized to take any and all actions necessary or appropriate to (a) consummate the Sale Transaction in accordance with the Motion, the Sale Agreement and this Order, and (b) perform, consummate, implement and close fully the Sale Transaction, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Agreement.

5.      Those holders of claims, liens and encumbrances and other non-Debtor parties who did not object, or who withdrew their objections to entry of this Order, the Motion, the Sale Transaction and the Sale Agreement are deemed to have consented to this Order, the Sale Transaction and the Sale Agreement pursuant to section 363(f)(2) of the Bankruptcy Code and are

4

enjoined from taking any action against Buyer, its successors, its assigns, its representatives, its affiliates, its properties, or any agent of the foregoing to recover any claim arising prior to Closing that such person or entity has against the Debtor or any of the Debtor's property. Those holders of claims, liens and encumbrances and other non-Debtor parties who did object, if any, fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their claims, liens and encumbrances, if any, attach to the proceeds of the Sale Transaction ultimately attributable to the property against or in which they assert a claim, liens or encumbrance and/or by having their claims, liens and encumbrances satisfied from the proceeds of the Sale Transaction at Closing.

6. Upon closing, the Class A Units shall be transferred to Buyer free and clear of all liens, claims and encumbrances, and all persons and entities, including, but not limited to, creditors, governmental, tax, and regulatory authorities, and secured lenders, holding any and all claims in, on or against the Class A Units, or any portion thereof (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent), or arising under, in connection with, or in any way relating to the Class A Units prior to the Sale, hereby are forever barred, estopped and permanently enjoined from asserting against the Debtor or Buyer or their property such persons' or entities' claims in and on the Class A Units with all such claims to attach to the proceeds of sale with the same priority, validity, force and effect they had against the Class A Units.

7. Upon closing of the Sale Transaction, this Order shall be construed as, and shall constitute for any and all purposes, a full and complete general assignment, conveyance, and transfer of the Class A Units pursuant to the terms of the Sale Agreement.

8.      Buyer is purchasing the Class A Units in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision. The consideration provided by Buyer for the Class A Units is fair and reasonable, and the Sale Transaction may not be avoided under section 363(n) of the Bankruptcy Code.

9.      This Order (a) is and shall be effective as a determination that, upon Closing, all claims, liens and encumbrances existing in and on the Class A Units have been and hereby are adjudged to be unconditionally released, discharged and terminated, with all such claims, liens and encumbrances attaching automatically to the proceeds in the same manner and priority, and (b) shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Class A Units. All claims, liens, and encumbrances of record as of the date of this Order shall be deemed to be removed and stricken as against the Class A Units in accordance with the foregoing. All entities are authorized and specifically directed to strike all such recorded claims, liens, and encumbrances against the Class A Units from their records, official or otherwise.

10.      If any person or entity which has filed financing statements or other documents or agreements evidencing claims, liens and encumbrances in and on the Class A Units shall not have delivered to the Debtor prior to Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements and

6

any other documents necessary for the purpose of documenting the release of all claims, liens and encumbrances which the person or entity has or may assert with respect to the Class A Units, the Debtor is hereby authorized and directed upon closing, and Buyer is hereby authorized upon closing, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Class a Units.

11. Each creditor having a lien or claim in, on or against the Class A Units is authorized and directed to promptly execute and deliver such documents and take all other actions as may be necessary or reasonably requested by the Debtor or Buyer to evidence the release of its liens, claims or encumbrances in and on the Class A Units.

12. Each and every federal, state, and governmental agency or department and any other person or entity is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement.

13. Nothing contained in any order of any type or kind entered in this chapter 11 case or any related proceeding subsequent to entry of this Order, nor in any chapter 11 plan confirmed in this chapter 11 case, shall conflict with or derogate from the provisions of the Sale Agreement or the terms of this Order.

14. To the extent anything contained in this Order conflicts with a provision in the Sale Agreement, this Order shall govern and control.

15. Upon closing, Buyer (or its successors, assigns, agents or representatives) shall not be deemed to be (a) a successor to the Debtor, (b) *de facto* merged with the Debtor or (c) a mere continuation of the Debtor. Without limiting the generality of the foregoing, Buyer (or its successors, assigns, agents or representatives) shall not be liable for any claims against the Debtor or any of the Debtor's property.

16.  This Court retains jurisdiction, even after conversion of this Chapter 11 Case to a case under chapter 7, to (a) interpret, implement and enforce the terms and provisions of this Order (including any injunctive relief provided in this Order) and the terms of the Sale Agreement, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith; (b) protect Buyer (and its successors, assigns, agents and representatives) and the Class A Units from and against any of the claim, liens and encumbrances; (c) resolve any disputes arising under or related to the Sale Agreement or the Sale Transaction; (d) adjudicate all issues concerning (alleged) pre-Closing claims, liens and encumbrances and any other (alleged) interest(s) in and to the Class A Units, including the extent, validity, enforceability, priority and nature of all such (alleged) claims, liens and encumbrances and any other (alleged) interest(s); and (e) adjudicate any and all issues and/or disputes relating to the Debtor's right, title or interest in the Class Units, the Motion and/or the Sale Agreement.

17.  From and after the date hereof, the Debtor is authorized to act in accordance with the terms of the Sale Agreement and the Debtor is authorized to execute the Sale Agreement prior to Closing to the extent it has not already done so.

18.  Each and every term and provision of the Sale Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon all entities, including, but not limited to the Debtor, Buyer, creditors, employees, former employees and shareholders, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and their respective successors or assigns, including but not limited to persons asserting any claim, lien or encumbrance against or interest in the Debtor's estate or the Debtor's assets, including (a) any subsequent appointment of a trustee or other fiduciary under any section of the Bankruptcy Code or (b) dismissal of the Debtor's bankruptcy case.

19. The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the Sale Agreement and each and every provision, term and condition thereof be, and therefore is, authorized and approved in its entirety.

20. The provisions of this Order are non-severable and mutually dependent.

21. The automatic stay of section 362(a) of the Bankruptcy Code shall not apply to and otherwise shall not prevent the exercise or performance by any party of its rights or obligations under the Sale Agreement, including, without limitation, with respect to any cash held in escrow pursuant to the provisions thereof.

22. This Sale Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6004(h), 6006(d), 7062, or otherwise.

**IT IS SO ORDERED.**

Dated: February 4, 2026
New York, New York

                                              **/s/ Martin Glenn**
                                              MARTIN GLENN
                                              Chief United States Bankruptcy Judge