**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>E. GLUCK CORPORATION,<br><br>Tax I.D. No. 13-2907195<br><br>                    Debtor. | Chapter: 11<br><br>Case No.: 25-12683 (MG) |

**ORDER AUTHORIZING AND APPROVING THE RETENTION AND**
**EMPLOYMENT OF PORZIO, BROMBERG & NEWMAN, P.C. AS COUNSEL TO**
**THE <u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

This matter is before the Court upon the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Porzio, Bromberg & Newman, P.C. as Counsel, Effective as of January 14, 2026* (the "<u>Application</u>"), filed by the Official Committee of Unsecured Creditors (the "<u>Committee</u>") on February 4, 2026, pursuant to sections 327, 328, and 1103 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>"). In the Application, the Committee seeks authority to retain and employ Porzio, Bromberg & Newman, P.C., ("<u>Porzio</u>") as its attorneys, effective as of January 14, 2026. Upon the representation that, while employed by the Committee, Porzio does not represent any other entity having an adverse interest in connection with this Chapter 11 Case in accordance with section 1103(b) of the Bankruptcy Code, and that Porzio has disclosed any connections with parties set forth in Rule 2014 of the Bankruptcy Rules; and it appearing that relief requested in the Application is in the best interest of the Committee and the Debtor's estate, and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334 and the *Standing Order of Referral of Cases to Bankruptcy Court Judges*

*of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.); and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and having reviewed the Application and the accompanying *Declaration of Brett S. Moore in Support of Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Porzio, Bromberg & Newman, P.C., as Counsel, Effective as of January 14, 2026,* the Court finds and determines that Porzio does not represent any other entity having an adverse interest in connection with this Chapter 11 Case in accordance with section 1103(b) of the Bankruptcy Code. Due and proper notice of the Application having been provided, and it appearing that no other or further notice is necessary or required, and the Court having reviewed the Application and having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein, and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing thereof, it is:

**ORDERED,** that the Application is **GRANTED** as set forth herein; and it is further

**ORDERED,** Pursuant to section 328 and 1103(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Local Rules, the Committee is authorized to employ and retain Porzio as its counsel in this Chapter 11 Case, with such employment being effective January 14, 2026.

**ORDERED,** that Porzio is authorized to provide the Committee with the professional services as described in the Application.

**ORDERED**, that Porzio shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in accordance

with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of this Court.

**ORDERED**, that Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice; and it is further

**ORDERED,** that to the extent that the Application or the Moore Declaration are inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED,** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Signed: February 25, 2026

                                                                                     /s/Martin Glenn
                                                                                  MARTIN GLENN
                                                          UNITED STATES BANKRUPTCY JUDGE