**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

In re                                                            :   Chapter 11

E. GLUCK CORPORATION,                            :   Case No.: 25-12683 (MG)

                Debtor.                          :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

**STIPULATION AND AGREED ORDER GRANTING RELIEF FROM THE**
**AUTOMATIC STAY TO PERMIT THE CHUBB COMPANIES**
**TO CANCEL CERTAIN INSURANCE POLICIES AND**
**TAKE CERTAIN ACTIONS RELATED THERETO**

E. Gluck Corporation (the "Debtor"), on the one hand, and ACE American Insurance

Company, Bankers Standard Insurance Company, Federal Insurance Company, and each of their

respective U.S.-based affiliates, predecessors, and successors (collectively, and solely in their

capacities as insurers and/or third party administrators of the above-captioned Debtor, the "Chubb

Companies" and, collectively with the Debtor, the "Parties"), hereby stipulate to relief from the

automatic stay under Section 362 of the Bankruptcy Code (as defined herein) in order to permit

the Chubb Companies to cancel certain insurance policies issued to the Debtor (this "Stipulation")

and take certain actions related thereto.

### RECITALS

WHEREAS, on December 1, 2025 (the "Petition Date"), the Debtor filed a voluntary

petition for bankruptcy relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York

(the "Court");

WHEREAS, prior to the Petition Date, the Chubb Companies issued certain insurance

policies (as renewed, amended, modified, endorsed or supplemented from time to time, the

"Policies," and together with any agreements, exhibits or addenda related thereto, the "Chubb Insurance Program") to the Debtor as named insured;

WHEREAS, under the Chubb Insurance Program, the Chubb Companies issued, *inter alia*, the following Policies (the "Subject Policies") to Debtor, as first named insured, subject to certain limits, deductibles, exclusions, terms and conditions, as more particularly described therein:

| Policy Number | Policy Period | Insurer | Coverage Type | Current/Future Amounts Due | Estimated Return Premiums & Audit Credits |
|---|---|---|---|---|---|
| D95063378 | 10/19/2025-10/19/2026 | ACE American Insurance Company | International Casualty | $0 | $1,383.00 (return premium) |
| 71701336 | 10/19/2025-10/19/2026 | Bankers Standard Insurance Company | Workers' Compensation | $22,796.00 | $20,531.00 (return premium) |
| D96650395 | 10/19/2025-10/19/2026 | Federal Insurance Company | Commercial Liability Package | $0 | $19,729.00 (return premium) $5,118.00 (audit credit) |
| 81531300 | 10/9/2025-10/9/2026 | Federal Insurance Company | Crime-Theft Loss Prevention | $0 | $0 |
| G48628199 | 9/22/2025-9/22/2026 | ACE American Insurance Company | Employment Practices Liability | $0 | $8,651.00 (return premium) |
| I16983391 | 10/19/2025-10/19/2026 | Federal Insurance Company | Umbrella Excess | $0 | $9,156.00 (return premium) |
| H25390854 | 10/19/2025-10/19/2026 | Federal Insurance Company | Automobile Liability | $0 | $654.00 (return premium) |
| **TOTAL:** | | | | **$ 22,796.00** | **$65,222.00** |

2

WHEREAS, as of the date hereof, as detailed above, the Chubb Companies are owed the total aggregate amount of $22,796.00 under the Subject Policies that has not yet been paid (the "Outstanding Amounts");

WHEREAS, certain additional amounts (including, for example, loss reimbursements and audit premiums) may become due and owing to the Chubb Companies under the Chubb Insurance Program (together with the Outstanding Amounts and any other amounts owed or to be owed under the Chubb Insurance Program, collectively, the "Obligations");

WHEREAS, on February 4, 2026, the Court entered the *Order (A) Approving the Sale of Substantially All of the Debtor's Non-Withit Assets, Free and Clear of All Liens, Claims and Encumbrances, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 90] (the "Sale Order"), which approved the sale of substantially all of the Debtor's assets (the "Sale") to E. Gluck Global LLC (the "Buyer");

WHEREAS, the Sale Order provided, in part (the "Chubb Sale Order Language"):

> Notwithstanding anything to the contrary in the Motion, the Asset Purchase Agreement, any lists of Assigned Contracts to be assumed and assigned and/or any notice of assumption and/or assignment, this Sale Order, or any documents relating to any of the foregoing: (a) nothing shall permit or otherwise effect a sale, an assignment or any other transfer of (i) any insurance policies that have been issued by Federal Insurance Company  and/or any of its U.S.-based affiliates and successors (collectively, the "Chubb Companies") to or that provide coverage to the Debtor[], and all agreements, documents or instruments relating thereto (collectively, the "Chubb Insurance Contracts"), and/or (ii) any rights, proceeds, benefits, claims, rights to payments and/or recoveries under such Chubb Insurance Contracts to the Buyer, unless and until an agreement is reached between the Debtor, the Buyer and the Chubb Companies and/or a further order is entered by this Court, at a subsequent hearing, or as submitted under certification of counsel by agreement of the Debtor, the Buyer and the Chubb Companies, with the rights of the parties fully preserved with respect to the terms thereof; (b)

3

nothing shall alter, modify or otherwise amend the terms or conditions of the Chubb Insurance Contracts; and (c) for the avoidance of doubt, the Buyer is not, and shall not be deemed to be, an insured under any of the Chubb Insurance Contracts; provided, however, that to the extent any claim with respect to the Acquired Assets arises that is covered by the Chubb Insurance Contracts, the Debtor may pursue such claim in accordance with the terms of the Chubb Insurance Contracts, and, if applicable, turn over to the Buyer any such insurance proceeds (each, a "Proceed Turnover"), provided, further, however, that the Chubb Companies shall not have any duty to effectuate a Proceed Turnover or liability related to a Proceed Turnover.

WHEREAS, on February 13, 2026 (the "Closing Date"), the Sale closed;

WHEREAS, the last day that the Debtor had any employees was March 20, 2026;

WHEREAS, on February 26, 2026, the Debtor filed the *Debtor's First Omnibus Motion to Reject Certain Executory Contracts and Unexpired Leases* [Docket No. 102] (the "Rejection Motion");

WHEREAS, the Rejection Motion provides that, as a result of the Sale, the Debtor no longer requires the coverage provided by the Subject Policies;

WHEREAS, in lieu of rejection of the Subject Policies, the Debtor has subsequently requested that the Chubb Companies cancel the Subject Policies in accordance with the terms and conditions of this Stipulation (the "Policy Cancellation");

WHEREAS, the Chubb Companies have agreed to process the Policy Cancellation effective as of March 31, 2026, subject in all respects to applicable law and regulation (the "Cancellation Date");

WHEREAS, the Policy Cancellation is expected to result in return premiums and audit credits owed to the Debtor in the aggregate amount of $62,222.00 as detailed above (the "Return Premiums");[1]

---

[1]   The amount of the Return Premiums as set forth herein is an estimate that is being provided for the convenience of the parties.  The actual amount of the Return Premiums is subject to change once the Policy

WHEREAS, the Parties desire to stipulate to the Policy Cancellation on the terms and conditions set forth herein.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL, IT IS HEREBY ORDERED THAT**:

1.      The foregoing recitals are incorporated herein by reference as though set forth at length.

2.      The Debtor represents that it has the requisite power and authority on behalf of itself, its estates, and any other insureds under the Subject Policies, to request that the Chubb Companies effectuate the Policy Cancellation.

3.      Subject in all respects to the terms of this Stipulation and the occurrence of the Order Effective Date (as defined below), the automatic stay under Section 362(a) of the Bankruptcy Code, if and to the extent applicable, shall be deemed modified and/or lifted, solely to permit the Chubb Companies to effectuate the Policy Cancellation as of the Cancellation Date without further order of this Court or notice to any party.

4.      Thirty (30) calendar days after the Order Effective Date, the Chubb Companies shall remit an amount of approximately $42,426.00 (representing the difference between the Return Premiums and the Outstanding Amounts) to the Plan Administrator or the Debtor's insurance broker consistent with the past practices between the Chubb Companies and the Debtor, which amount shall represent the Return Premiums less the Outstanding Amounts as well as any other unpaid Obligations owed to the Chubb Companies under the Chubb Insurance Program as of the Order Effective Date.  The automatic stay of section 362(a) of the Bankruptcy Code and/or

---

Cancellation is processed by the Chubb Companies and any Audit Adjustments (as defined herein) have been applied.

5

any injunction included in any plan of reorganization or liquidation filed by the Debtor and confirmed by the Court shall be deemed modified and/or lifted for the foregoing purposes.

5. Following the Cancellation Date, the Chubb Companies shall conduct any audits required under the Subject Policies in accordance with the terms and conditions thereof. Upon completion of such audits, the Chubb Companies shall inform the Debtor or its successor, as applicable, of any additional audit premiums owed by the Debtor or its estate to the Chubb Companies and/or any return premiums owed to the Debtor or its estate (collectively, the "Audit Adjustments"). Any Audit Adjustments shall be handled consistently with and subject to the terms and conditions of the Chubb Insurance Program; *provided, however*, that should an audit show that an amount is owed by the Debtor or its estate to the Chubb Companies, the Chubb Companies shall not be required to file a proof of or request for payment of claim nor amend any claim already filed, and all parties reserve their rights with respect to whether such amounts shall be afforded administrative priority or treated as a general unsecured claim. The automatic stay of section 362(a) of the Bankruptcy Code and/or any injunction included in any plan of reorganization or liquidation filed by the Debtor and confirmed by the Court shall be deemed modified and/or lifted for the foregoing purposes and, if applicable, for the purposes of effectuating any setoff of amounts resulting from any audits of the Policies.

6. Except as expressly set forth herein, nothing herein is intended, nor shall be deemed, to (i) amend or otherwise alter the terms and conditions of the Chubb Insurance Program; (ii) be a waiver or release by the Chubb Companies of (a) the Debtor or its estate for any obligations under the Chubb Insurance Program or (b) any claims of the Chubb Companies against the Debtor or its estate or any other party under the Chubb Insurance Program; (iii) be a waiver or release by the Debtor of (a) the Chubb Companies of or for any of their obligations under the Chubb Insurance Program or (b) any claims of the Debtor or its estate against the Chubb Companies or any other

party under the Chubb Insurance Program; or (iv) alter or amend any notices of non-renewal that may have been sent in connection with or on account of the Subject Policies, and any such notices of non-renewal shall remain in full force and effect.  For the avoidance of doubt, the Parties expressly reserve all rights and defenses in connection with any claims for the allowance of an administrative expense under Section 503 of the Bankruptcy Code.

7.      This Stipulation is conditioned upon the Court's entry of an order (the "Approval Order") approving this Stipulation in a form reasonably acceptable to the Parties.  The Parties shall use their commercially reasonable efforts to obtain entry of the Approval Order.

8.      Notwithstanding any provision in the Approval Order to the contrary, the date upon which the Approval Order has been entered by the Court and has become a final, non-appealable order as to which no appeal is pending shall be referred to as the "Order Effective Date."  This Stipulation shall be effective and binding upon the Parties on and after the Order Effective Date.

9.      This Stipulation and the Approval Order contain the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation and the Approval Order.

10.     This Stipulation may only be changed, modified or otherwise altered in a writing executed by the Parties.  Oral modifications are not permitted.

11.     This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  A signature transmitted by facsimile or other electronic copy shall be deemed an original signature for purposes of this Stipulation.

12.     This Stipulation shall be binding upon and inure to the benefit of the Parties and each of their successors, assigns, trustees, estates and predecessors in interest.

13.     The undersigned are duly authorized and empowered to execute this Stipulation.

7

**IN WITNESS WHEREOF**, the undersigned have made and entered into this Stipulation as of the day and year stated below.

Dated: April 17, 2026


*/s/  Julie Dyas Goldberg*                                  */s/ Wendy M. Simkulak*
HALPERIN BATTAGLIA BENZIJA, LLP        DUANE MORRIS LLP
Julie Dyas Goldberg, Esq.                            Wendy M. Simkulak, Esquire
40 Wall Street, 37th Floor                            Klara L. Bradbury, Esquire
New York, New York 10005                          22 Vanderbilt
Telephone: (917) 442-0354                          335 Madison Avenue, 23rd Floor
Email: jgoldberg@halperinlaw.net               New York, NY 10017-4669
                                                                  Telephone: (212) 471-1881
                                                                  Email: wmsimkulak@duanemorris.com
*Counsel for the Debtor*                            Email: kbradbury@duanemorris.com

                                                                  -and-

                                                                  Catherine B. Heitzenrater, Esquire
                                                                  30 South 17th Street
                                                                  Philadelphia, PA 19103-4196
                                                                  Telephone: (215) 979-1000
                                                                  Email: cheitzenrater@duanemorris.com

                                                                  *Counsel for the Chubb Companies*



**SO ORDERED**, this _____ day of _____, _____


_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

8