Alan D. Halperin, Esq.
Julie Dyas Goldberg, Esq.
**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Facsimile: (212) 765-0964

*Counsel to the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

|  |  |
|---|---|
| E. GLUCK CORPORATION, | Chapter 11 Case |
|  | Case No. 25-12683 (MG) |
| Debtor. |  |

-------------------------------------------------------------x

### SUMMARY AND CERTIFICATION OF BALLOTS
### FOR CHAPTER 11 PLAN OF LIQUIDATION
### PURSUANT TO LOCAL BANKRUPTCY RULE 3018-1

I, Julie Dyas Goldberg, hereby certify as follows:

1.     I am Of Counsel to Halperin Battaglia Benzija, LLP ("HBB"), counsel to E. Gluck

Corporation, the above-referenced debtor and debtor-in-possession (the "Debtor")[1] in the above-

captioned case.

2.     Following entry of the Memorandum Opinion and Order Conditionally

Approving the Debtor's Combined Disclosure Statement and Joint Liquidating Plan (the

"Conditional Approval Order") [Docket No. 145] and in accordance with the Notice of

Conditional Approval of the Disclosures in the Combined Plan and Disclosure Statement and

Scheduling of a Hybrid Hearing on Final Approval, Confirmation of the Plan and Deadlines

Related Thereto (the "Confirmation Notice"), all Ballots with respect to the Plan were to be

completed in full and signed by the submitting creditor in order to be counted in the tabulation of

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Debtor's
Combined Disclosure Statement and Joint Liquidating Plan (the "Plan").

{00359518.1 / 1539-002 }                    1

the votes accepting and rejection the Plan and were to be received by HBB no later than 4:00 p.m. on July 3, 2026.

3.      I submit this Summary and Certification of Ballots pursuant to Local Bankruptcy Rule 3018-1.

4.      I oversaw the vote tabulation process for HBB and I am familiar with the facts and assertions set forth herein.

5.      Upon receipt of the Ballots, the envelopes (or e-mails in the case of electronic submission) containing Ballots were opened and HBB personnel then entered into a computer database all pertinent information from the Ballots, including (among other things) the date received, the voting dollar amount, and the voter's acceptance or rejection of the Plan.

6.      Only holders of Claims in Class 3 were entitled to vote for the Plan.

7.      HBB received eleven (11) Ballots voting to accept the Plan from holders of Class 3 Claims whose Claims total $12,406,308.41.  HBB did not receive any invalid Ballots and all Ballots received were counted.  HBB received one (1) Ballot voting to reject the Plan from a holder of Class 3 Claims in the amount of $458,722.23.

8.      As more than two-thirds (2/3) in amount and a majority in number[2] have voted to accept, Class 3 has voted to accept the Plan.

9.      In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: Birmingham, Alabama
       July 6, 2026

                                        /s/ Julie Dyas Goldberg
                                        Julie Dyas Goldberg

---

[2] Ninety-six percent (96%) in amount and eleven out of twelve (11/12) in number voted to accept the Plan.