**Hearing Date and Time: July 13, 2026, at 2:00 p.m. ET**
**Extended Plan Objection Deadline: July 8, 2026, at 11:59 p.m. ET**

**DUANE MORRIS LLP**
Wendy M. Simkulak, Esquire
Klara L. Bradbury, Esquire
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, NY 10017-4669
Telephone: **(**212) 471-1881
Email: wmsimkulak@duanemorris.com
Email: kbradbury@duanemorris.com

-and-

Catherine B. Heitzenrater, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Email: cheitzenrater@duanemorris.com
*Counsel for the Chubb Companies*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————X

In re                                                            : Chapter 11

E. GLUCK CORPORATION,                    : Case No.: 25-12683 (MG)
Tax I.D. No. 13-2907195

                Debtor.                              :

———————————————————————X

**LIMITED OBJECTION OF THE CHUBB COMPANIES TO THE COMBINED DISCLOSURE STATEMENT AND JOINT LIQUIDATING PLAN OF E. GLUCK CORPORATION**

ACE American Insurance Company, Bankers Standard Insurance Company, Federal Insurance Company, Vigilant Insurance Company, and Great Northern Insurance Company and each of their respective U.S.-based affiliates and successors (collectively, the "Chubb Companies"), by and through their undersigned counsel, hereby file this limited objection (the

"Objection")[1] to the *Combined Disclosure Statement and Joint Liquidating Plan of E. Gluck Corporation* [Docket No. 122] (the "Plan"),[2] and in support of this Objection, the Chubb Companies respectfully state as follows:

## BACKGROUND

### A.    The Bankruptcy Case

1.    On December 1, 2025 (the "Petition Date"), E. Gluck Corporation (the "Debtor") filed a voluntary petition for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.    On April 2, 2026, the Debtor filed the Plan.

3.    On May 20, 2026, the Court entered the *Memorandum Opinion and Order Conditionally Approving Combined Disclosure Statement and Joint Liquidating Plan of E. Gluck Corporation* [Docket No. 145] which, *inter alia*, approved the disclosure statement embodied in the Plan and conditionally approved the Plan subject to later voting.

4.    4.    On June 18, 2026, the Official Committee of Unsecured Creditors filed the Notice of Filing of Plan Supplement [Docket No. 152] (the "Plan Supplement"),

### B.    The Insurance Program

5.    Prior to the Petition Date, the Chubb Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "Policies") to the Debtor as a named insured.

---

[1]    The Chubb Companies' deadline to object to the Plan was extended to July 8, 2026.

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Plan.

6.      Pursuant to certain Policies and any agreements related thereto (collectively, the "Insurance Program"),[3] the Chubb Companies provide, *inter alia*, certain workers' compensation, international casualty, property, general liability, employment practices liability, automobile liability, errors and omissions, umbrella, and other insurance for specified policy periods, subject to certain limits, deductibles, retentions, exclusions, terms, and conditions, as more particularly described therein, and the Debtor, as the insured, is required to pay the Chubb Companies certain amounts including but not limited to insurance premiums (including audit premiums), deductibles, expenses, taxes, assessments, and surcharges, as more particularly described in the Insurance Program (collectively, the "Obligations").[4]

7.      The Obligations are payable over an extended period of time and are subject to future audits and adjustments.

### C.      The Policy Cancellation Stipulation

8.      On April 23, 2026, the Court entered the *Stipulation and Agreed Order Granting Relief from the Automatic Stay to Permit the Chubb Companies to Cancel Certain Insurance Policies and Take Certain Actions Related Thereto* [Docket No. 136] (the "Cancellation Stipulation").

9.      Pursuant to the Cancellation Stipulation, the Debtor and the Chubb Companies agreed to the cancellation of certain insurance policies (the "Subject Policies") effective as of March 31, 2026, with the Chubb Companies to remit net return premiums consistent with the parties' prior practices, representing the difference between estimated return premiums and audit

---

[3]     The descriptions of the Insurance Program set forth herein are not intended to, and shall not be deemed to amend, modify or waive, any of the terms or conditions of the Insurance Program. Reference is made to the Insurance Program for a complete description of its terms and conditions.

[4]     The Obligations include both monetary and non-monetary obligations that the insureds, including the Debtor, may have.

credits and outstanding amounts owed under the Subject Policies as of the date the Cancellation Stipulation became effective.

10.     The Cancellation Stipulation expressly provide that nothing therein was intended, nor shall be deemed, to amend or alter the terms and conditions of the Insurance Program or constitute a waiver or release by the Chubb Companies of any obligations of the Debtor or its estate under the Insurance Program. *See* Cancellation Stipulation, ¶ 6.

**D.     The Plan**

11.     The Plan provides no specific treatment for the Debtor's insurance policies, including the Insurance Program.

12.     Rather, the Plan includes a generic rejection provision regarding executory contracts as follows:

> On the Effective Date, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases, except for those expressly assumed by motion before the date of the order confirming the Plan and Disclosure Statement.

Plan at Article VI.F.

**OBJECTION**

13.     The Chubb Companies object[5] to the Plan on the grounds that (I) while it appears that the Debtor seeks to retain the benefits of the Insurance Program (*see, e.g.*, Plan, Article V.G. and Section 11 of Exhibit A to the Plan Supplement), the Plan fails to adequately address the fact that, in order to do so, the Debtor's successor must remain liable for the Obligations under the Insurance Program; (II) the terms of the Insurance Program cannot be altered through the Plan;

---

[5]     The Chubb Companies' Objection is not evidentiary in nature, and the Chubb Companies do not intend to present evidence or call witnesses in connection therewith.

4

(III) the Plan must provide that workers' compensation and direct action claims must continue in the ordinary course.

**I.   The Debtor's Successor Cannot Continue To Receive The Benefits Of The Insurance Program Without Remaining Liable For The Obligations Thereunder.**

14.   As set forth above, the Debtor appears to seek to retain the benefits of the Insurance Program, which may continue to pay claims on the Debtor's behalf, reducing amounts that may need to be paid by the Liquidating Trust; however, the Plan fails to adequately address the treatment of the Debtor's Obligations under the Insurance Program. Further, the Plan does not take into account the nature of the Obligations, specifically that such Obligations may continue to accrue as underlying claims arise.

15.   To the contrary, the Plan contains provisions which provide for the vesting of assets in the Liquidation Trust "free and clear of all liens, claims, and encumbrances of creditors and holders of equity interests" (*see* Plan at Article V.C.), and exculpation and injunctions against certain actions (*see* Plan at Articles VI.J. and VI.K).

16.   It is well-established that debtors (and their successors) cannot seek to receive benefits of a contract without being liable for obligations thereunder.  *See Tompkins ex. rel. A.T. v. Troy Sch. Dist.*, 199 Fed. Appx. 463, 468 (6th Cir. 2006) (holding that it is a basic principle of contract law that a party to an agreement is constrained to accept the burdens as well as the benefits of the agreement); *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 457 F.3d 766, 773 (8th Cir. 2006) (finding that a party who accepts the benefit of a contract must also assume its burdens); *Bhushan v. Loma Alta Towers Owners Assoc., Inc.*, 148 Fed. Appx. 882, 888 (11th Cir. 2005) (stating "one who has accepted a contract's benefit may not challenge its validity in order to escape its burdens"); *S & O Liquidating P'ship v. C.I.R.*, 291 F.3d 454, 459 (7th Cir. 2002) ("A party who has accepted the benefits of a contract cannot 'have it both ways' by subsequently

attempting to avoid its burdens."); *Hughes Masonry Co. v. Greater Clark Cnty. Sch. Bldg. Corp.*, 659 F.2d 836, 839 (7th Cir. 1981) ("In short, [plaintiff] cannot have it both ways. [It] cannot rely on the contract when it works to its advantage, and repudiate it when it works to [its] disadvantage." (citations and quotations omitted)); *Ricketts v. First Trust Co. of Lincoln, Neb.,* 73 F.2d 599, 602 (8th Cir. 1934) (finding that "he who seeks equity must do equity, and that one may not accept the benefits and repudiate the burdens of his contract"); *Meierhenry Sargent Ltd. Liab. P'ship v. Williams*, No. 16-4180, 2017 U.S. Dist. LEXIS 65739, at \*20 (D.S.D. May 1, 2017) ("Various courts have held that a party may not avail itself of a favorable aspect of the contract and then disavow a non-favorable aspect." (citations omitted)); *Power Sys. & Controls, Inc. v. Schneider Elec. USA, Inc.*, No. 10-137, 2010 U.S. Dist. LEXIS 56671 at \*3 (E.D. Va. June 9, 2010) ("[A] party may not avail itself of one aspect of a contract and disavow another aspect of the contract in order to avoid its consequences. . .[.]"); *see also In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) ("'The [debtor] . . . may not blow hot and cold.  If he accepts the contract he accepts it *cum onere*.  If he receives the benefits he must adopt the burdens.  He cannot accept one and reject the other.'") (internal citations omitted); *In re Texas Rangers Baseball Partners*, 521 B.R. 134, 180 (Bankr. N.D. Tex. 2014) ("A debtor may not merely accept the benefits of a contract and reject the burdens to the detriment of the other party.").

17.     Moreover, the Insurance Program is an integrated insurance program and therefore must be read, interpreted and enforced in its entirety.[6]  *See Huron Consulting Servs., LLC v. Physiotherapy Holdings, Inc. (In re Physiotherapy Holdings, Inc.)*, 538 B.R. 225, 233 (D. Del. 2015) (finding that separately drafted agreements dated at different times but relating to the same

---

[6]     The Chubb Companies reserve the right to object to the treatment of the Policies and any related insurance agreements as executory if the Debtors seek to reject any such contracts.

subject constitute one cohesive agreement); *Dunkin' Donuts Franchising LLC v. CDDC Acquisition Co. LLC (In re FPSDA I, LLC)*, 470 B.R. 257, 269 (E.D.N.Y. 2012) (holding that "two agreements [were] so interrelated, [that] they form[ed] a single overarching executory contract"); *In re Aneco Elec. Constr.*, 326 B.R. 197, 202 (Bankr. M.D. Fla. 2005) (finding "single, non-severable agreement" where contracts were between same parties and obligations of each party are mutually dependent upon the other); *In re Karfakis*, 162 B.R. 719 (Bankr. E.D. Pa. 1993) (stating that "two contracts which are essentially inseparable can be, and should be, viewed as a single, indivisible agreement between the parties").

18.    Accordingly, the Plan must be clarified to provide that, to the extent that the Debtor or its successor seeks to retain the benefits of any portion of the Insurance Program, the entirety of the Insurance Program must be assumed by or must vest, unaltered, in the Debtor's successor, and the Debtor's successor shall remain liable in full for all of the Obligations arising under the Insurance Program.

## II.    The Plan Cannot Modify, Alter Or Impair The Insurance Program.

19.    Further, it is well-established that courts cannot alter the terms of a contract, and instead must enforce them as written. *See, e.g.*, *Wilson v. Career Educ. Corp.*, 729 F.3d 665, 679 (7th Cir. 2013) ("A court may not rewrite a contract to suit one of the parties but must enforce the terms as written.") (citation omitted); *In re Coupon Clearing Serv., Inc.*, 113 F.3d 1091 (9th Cir. 1997) (noting that a debtor's estate has "no greater rights in property than those held by the debtor prior to the bankruptcy"); *Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 769 F. Supp. 671, 707 (D. Del. 1991) *aff'd*, 988 F.2d 414 (3d Cir. 1993) ("Courts do not rewrite contracts to include terms not assented to by the parties."); *Trustmark Ins. Co. v. Transamerica Occidental Life Ins. Co.*, 484 F. Supp. 2d 850, 853 (N.D. Ill. 2007) (a "court cannot alter, change or modify the existing terms of a contract or add new terms or conditions to which the parties do not appear to

7

have assented, write into the contract something which the parties have omitted or take away something which the parties have included.") (citation omitted); *Ally Financial Inc., v. Wells Fargo Bank, N.A. (In re Residential Capital, LLC)*, 531 B.R. 25, 45 (Bankr. S.D.N.Y. 2015) (a party cannot convince a court to "rewrite [a] contract to fulfill [its] unspoken expectation"); *In re Best Mfg. Grp. LLC*, 2012 WL 589643, at *6 (Bankr. D. N.J. 2012) ("Where the terms of a contract are clear and unambiguous there is no room for interpretation or construction and the courts must enforce those terms as written."); *In re Lloyd E. Mitchell, Inc.*, 06-13250-NVA, 2012 Bankr. LEXIS 5531 (Bankr. D. Md. Nov. 29, 2012) (noting that "insurance contracts cannot be re-written by th[e] Court"); *In re Enterprise Lighting Inc.*, 1994 Bankr. LEXIS 1307 at *7 (Bankr. E.D. Va. Jan. 21, 1994) (the generally broad equitable powers of a bankruptcy court "have not been interpreted to go so far as to allow the Court to rewrite contracts or create new contractual rights between the Debtor and a third party").

20.     However, as noted above, the Plan contains provisions that provide for the vesting of assets in the Debtor's successor free and clear of liens, and exculpation and injunctions against certain actions. *See, e.g.*, Plan at Articles VI.J. and VI.K

21.     The Plan must therefore clarify that nothing therein, the Plan Supplement, the Confirmation Order or any other document related to the foregoing, shall modify, alter or impair the Insurance Program, including the rights and obligations of the Chubb Companies and the Debtor thereunder.

22.     Accordingly, the Chubb Companies further object to the Plan on this basis.

**III.    The Plan Must Provide That Workers' Compensation Claims and Direct Action <u>Claims Must Continue In The Ordinary Course.</u>**

23.     The Plan does not provide for the handling of workers' compensation claims and direct action claims.

24. Both workers' compensation claims and direct action claims are subject to state-law regulations that dictate the resolution of such claims, which cannot be modified by the terms of the Debtor's Plan. *See, e.g.*, *Ohio v. Mansfield Tire & Rubber Co. (In re Mansfield Tire & Rubber Co.)*, 660 F.2d 1108 (6th Cir. 1981) (finding that the administration of workers' compensation claims was a valid exercise of a state's police powers and exempt from the automatic stay provisions); *see also* La. R.S. 22:1269 (2012) (Louisiana grants injured persons a right of direct action against a tortfeasor's insurer, which, in several instances, may be brought against the insurer alone, or against both the insured and insurer jointly and *in solido*); Wis. Stat. § 632.24 (2012) (Wisconsin grants injured persons a right of direct action against a tortfeasor's insurer irrespective of whether liability is presently established or is contingent and to become fixed or certain by final judgment against the insured).

25. Accordingly, the Plan must clarify that workers' compensation and direct action claims must continue to be administered, handled, defended, settled, and/or paid in the ordinary course, and relatedly, that the Chubb Companies may continue to so administer, handle, defend, settle, and/or pay such covered claims in the ordinary course, and pursuant to the terms of the Insurance Program and applicable non-bankruptcy law.

**<u>RESERVATION OF RIGHTS</u>**

26. The Chubb Companies specifically reserve all of their rights with respect to the Insurance Program and their right to assert additional objections to the Plan and/or any related documents thereto.

WHEREFORE, the Chubb Companies respectfully request that this Court: (a) either (i) deny confirmation of the Plan, or (ii) condition confirmation of the Plan on inclusion of the clarifications requested herein; and (b) grant such other relief as the Court deems appropriate.

Dated: July 8, 2026

Respectfully submitted,

*/s/ Wendy M. Simkulak*
**DUANE MORRIS LLP**
Wendy M. Simkulak, Esquire
Klara L. Bradbury, Esquire
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, NY 10017-4669
Telephone: **(**212) 471-1881
Email: wmsimkulak@duanemorris.com
Email: kbradbury@duanemorris.com

-and-

Catherine B. Heitzenrater, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Email: cheitzenrater@duanemorris.com

*Counsel for the Chubb Companies*