**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>E. GLUCK CORPORATION,<br><br>            Debtor. | Chapter: 11<br><br><br><br>Case No.: 25-12683 (MG) |

### ORDER CONFIRMING COMBINED DISCLOSURE STATEMENT AND JOINT LIQUIDATING PLAN OF E. GLUCK CORPORATION

**WHEREAS**, on April 2, 2026, E. Gluck Corporation (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee"), filed the *Combined Disclosure Statement and Joint Liquidating Plan of E. Gluck Corporation* [Docket No. 122] (as the same may be amended, supplemented or otherwise modified from time to time, the "Plan and Disclosure Statement" or the "Plan");

**WHEREAS,** pursuant to the Plan [Docket No. 122], the Debtor and the Committee, through their counsel, caused the Plan and Disclosure Statement and the ballots for voting on the Plan (the "Ballot") to be transmitted and served, with the Plan Objection Deadline and deadline for the return of Ballots set for July 3, 2026 at 4:00 p.m. (prevailing Eastern Time);

**WHEREAS,** on May 20, 2026, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered its *Memorandum Opinion and Order Conditionally Approving Combined Disclosure Statement and Joint Liquidating Plan of E. Gluck Corporation* [Docket No. 145] (the "Conditional Approval Order"): (a) conditionally approving the Disclosure Statement as containing adequate information pursuant to section 1125 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), and (b) conditionally approving the Plan subject to later voting;

10353363

**WHEREAS**, on July 8, 2026, the Chubb Companies filed the *Limited Objection of Chubb Companies to Disclosure Statement and Joint Liquidating Plan of E. Gluck Corporation* [Docket No. 165];

**WHEREAS**, on July 9, the Committee filed the *Joint Response of the Debtor and the Official Committee of Unsecured Creditors to the Limited Objection of the Chubb Companies to the Combined Disclosure Statement and Joint Liquidating Plan of E. Gluck Corporation* [Docket No. ];

**WHEREAS**, the Confirmation Hearing was commenced, upon due notice, on July 13, 2026, at 2:00 p.m. (prevailing Eastern Time) (the "Confirmation Hearing"), and all parties had an opportunity to be heard;

**NOW, THEREFORE**, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to final approval of the Disclosure Statement and Confirmation have been adequate and appropriate as to all entities affected or to be affected by the Disclosure Statement, the Plan, and the transactions contemplated thereby, that the legal and factual bases set forth in the documents filed in support of final approval of the Disclosure Statement and Confirmation and presented at the Confirmation Hearing, establish just cause for the relief granted herein, and that after due deliberation thereon and good cause appearing therefore, the Court hereby makes and issues the following findings of fact, conclusions of law, and orders:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A.      Findings and Conclusions. The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record of the Confirmation Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052,

made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the findings of fact constitute a conclusion of law, it is adopted as such. To the extent any of the conclusions of law constitute a finding of fact, it is adopted as such. Each of the preceding "Whereas" paragraphs is hereby incorporated into this Confirmation Order as a finding of fact. Any reference herein to the "Debtor" shall include the "Liquidation Trust" or the "Liquidation Trustee," as required by the context.

B. Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)). The Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

C. Judicial Notice. The Court takes judicial notice of the docket of the Debtor's Chapter 11 Case maintained by the Clerk of the Court and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and the evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of this Chapter 11 Case.

D. Amendments. Any amendments or supplements to the Plan are non-material in nature, do not adversely affect the treatment of any holder of a claim or interest, do not require re-solicitation under the Bankruptcy Code or applicable Bankruptcy Rules, and are otherwise consistent with the Plan. Accordingly, all prior orders regarding the adequacy of disclosure, the content of the Plan and Disclosure Statement, and the solicitation and tabulation of votes with respect to the Plan shall be deemed to apply with equal force and effect to all versions,

3

amendments, and supplements of the Plan, including the Plan, all Plan Supplements, and the Plan as presented at the Confirmation Hearing.

E.      Burden of Proof. The Debtor has satisfied its burden of proof by a preponderance of the evidence that the Plan satisfies the requirements of section 1129(a), other than section 1129(a)(8), of the Bankruptcy Code as Class 4 (Equity Interests) is impaired and deemed to reject the Plan. The Debtor has also satisfied its burden of proof by a preponderance of the evidence that the Plan meets the requirements of section 1129(b)(1) of the Bankruptcy Code and may therefore be confirmed since it does not discriminate unfairly, and is fair and equitable with respect to Class 4 (Equity Interests).

F.      Adequate Disclosure Statement. The Disclosure Statement and Plan contains adequate information within the meaning of section 1125 of the Bankruptcy Code and complies with any additional requirements of the Bankruptcy Code, Bankruptcy Rules, and applicable non-bankruptcy law.

G.      Transmittal and Mailing of Material; Notice. The solicitation packages for the solicitation have been transmitted and served in compliance with, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and provided good and sufficient opportunity for parties to vote to accept the Plan, as well as good and sufficient notice of the Confirmation Hearing.

H.      Voting. Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Conditional Approval Order.

I.      Releases, Exculpation and Injunction. The Court has jurisdiction under U.S.C. §§ 1334(a) and (b) to approve the releases, injunction or stays and exculpation set forth in the Plan.

The provisions are reasonable in scope, are integral to the Plan, and are appropriate, and all creditors have received appropriate notice of the release, exculpation and injunction provisions.

J.      Plan Supplement. The Plan Supplement complies with the terms of the Plan, and the filing of same, including the Schedule of Retained Causes of Action and the Liquidation Trust Agreement, is good and proper notice in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and all other applicable rules, laws, and regulations, and no other or further notice is or shall be required.

K.      Compliance with the Bankruptcy Code (11 U.S.C. §§ 1122, 1123, 1129). Based upon the declarations, memoranda, evidence, and arguments presented at the Confirmation Hearing, and the entire record of this Chapter 11 Case, the Court finds and concludes that the Plan satisfies the applicable requirements of sections 1122, 1123(a), 1123(b), 1129(a) (except 1129(a)(8) as discussed below), and 1129(b) of the Bankruptcy Code. The entry of this Confirmation Order constitutes the Court's approval of all the compromises and settlements embodied in the Plan. The Court incorporates the Debtor's submissions and the evidence adduced at the Confirmation Hearing by reference in support of these findings.

L.      Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Claims in Class 1 (Secured Claims) and Class 2 (Priority Claims) are Unimpaired under the Plan and are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Holders of Claims in Class 3 (General Unsecured Claims) voted to accept the Plan. Holders of Interests in Class 4 (Equity Interests) are impaired and deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

M.      Good Faith of Debtor. The Debtor, the Committee, and each of their respective officers, directors, agents, financial advisors, attorneys, employees, and representatives have acted

in good faith in connection with the negotiation, formulation, solicitation, and prosecution of the Plan. The Plan, the transactions contemplated thereby, and the actions authorized by this Confirmation Order have been proposed in good faith and not by any means forbidden by law.

N.   Objections. All parties have had a full and fair opportunity to litigate all issues raised, or which might have been raised, in any objection to the Plan. Any objection to the Plan that has not been withdrawn shall be deemed resolved by the terms of this Confirmation Order.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT**:

1.   Findings of Fact and Conclusions of Law. The findings of fact and conclusions of law of this Court set forth above, together with all other findings of fact and conclusions of law made by this Court at the Confirmation Hearing, shall constitute the findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014.

2.   Confirmation. The Plan, attached hereto as **Exhibit A**, and each of its provisions, are hereby approved and **CONFIRMED** under section 1129 of the Bankruptcy Code.

3.   Plan Supplement. Each of the documents contained in the Plan Supplement substantially in the form contained in the Plan Supplement, and any amendments, modifications, supplements thereto, and all documents and agreements introduced into evidence by the Debtor at the Confirmation Hearing, and the execution, delivery, and performance thereof by the Debtor, are authorized and approved.

4.   Authorization of Actions Under the Plan. The Debtor, the Liquidation Trustee, and their respective counsel are authorized and directed to take any and all actions, execute and deliver any and all instruments and documents that are necessary or appropriate to effect and consummate the Plan and to carry out this Confirmation Order in accordance with all applicable non-bankruptcy

6

laws, including, without limitation, federal and state law, and having the same effect of such authorizations and approvals under such laws, without any requirement of further action by the directors, officers, or shareholders of the Debtor. The approvals and authorizations specifically set forth in this Confirmation Order and the Plan are nonexclusive and are not intended to limit the authority of the Debtor or the Liquidation Trustee to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan and this Confirmation Order.

5.      Approval of Liquidation Trust Agreement; Appointment of Liquidation Trustee. The Liquidation Trust Agreement, attached hereto as **Exhibit B**, and each of its provisions, are hereby approved. On the Effective Date, the Liquidation Trust shall be established pursuant to the Liquidation Trust Agreement. Yi Zhu of Foresight Restructuring, LLC is recognized and approved as the Liquidation Trustee (the "Liquidation Trustee"). The Debtor and the Liquidation Trustee are authorized and directed to execute and perform under the Liquidation Trust Agreement without further order of this Court. The Liquidation Trustee is authorized to appear and be heard before this Court on all matters relating to this Chapter 11 Case, and is vested with all of the power and authority set forth in the Plan and the Liquidation Trust Agreement.

6.      Compensation of Liquidation Trustee. The Liquidation Trustee shall be entitled to receive reasonable compensation in connection with its performance of its duties, plus the reimbursement of reasonable out-of-pocket expenses. All reasonable and documented costs, expenses, and obligations incurred by the Liquidation Trustee or the Liquidation Trustee's professionals shall be paid from the Liquidation Trust Assets prior to any distribution made to the beneficiaries of the Liquidation Trust, and without further Bankruptcy Court approval or order, subject to the limitations set forth in the Liquidation Trust Agreement and the Plan.

7.	Powers of the Liquidation Trustee. On the Effective Date, the Liquidation Trustee shall have all the rights and powers set forth in the Liquidation Trust Agreement, including without limitation the right to: (a) effect all actions and execute all agreements, instruments, and other documents necessary to implement the provisions of the Liquidation Trust Agreement; (b) administer the Liquidation Trust Assets, including prosecuting, settling, abandoning, or compromising any Causes of Action; (c) employ and compensate professionals and other agents without further order of the Court; (d) make distributions to holders of Allowed Claims in accordance with the Plan; (e) object to Claims and supervise and administer the resolution, settlement, withdrawal, compromise, allowance, and/or payment of such Claims; (f) file tax returns for the Liquidation Trust as required by law; (g) conduct examinations of any entity pursuant to Bankruptcy Rule 2004; (h) abandon or otherwise dispose of Liquidation Trust Assets that, in the Liquidation Trustee's reasonable business judgment, have inconsequential value or are burdensome to the Liquidation Trust; and (i) take all other actions not inconsistent with the provisions of the Plan that the Liquidation Trustee deems reasonably necessary or desirable in connection with the administration or implementation of the Plan.

8.	Binding Effect. From and after entry of this Confirmation Order, the provisions of the Plan shall be binding on, and shall inure to the benefit of, the Debtor, the Liquidation Trust, the Liquidation Trustee, the Trust Oversight Committee, all Holders of Claims and Interests, and all other parties in interest in this Chapter 11 Case.

9.	Insurance Policies. Notwithstanding anything to the contrary in this Confirmation Order, the Plan, the Plan Supplement, any claim objection, or any other document related to any of the foregoing (including, without limitation, any other provision that purports to be preemptory

8

or supervening, grants an injunction, discharge or release or confers Bankruptcy Court jurisdiction) (the "Plan Documents"):

(a) that certain Stipulation and Order between the Chubb Companies[1] and the Debtor (the "Stipulation") [Docket No. 135] shall remain unaltered and in full force and effect; and

(b) on the Effective Date, the rights and obligations under the Chubb Insurance Program shall remain unaltered in accordance with its terms and conditions;

(c) to the extent that the Chubb Companies assert that a Claim owed to them from the Debtor and/or the Liquidation Trust has become liquidated and due and owing (regardless of whether such Claims arise before or after the Effective Date) under the Chubb Insurance Program, the Liquidation Trust and the Chubb Companies each reserve their rights to seek treatment or allowance of such Claim as an Administrative Expense Claim or a General Unsecured Claim and should the Liquidation Trust and the Chubb Companies not agree upon such treatment, the dispute shall be submitted to the Bankruptcy Court for determination thereon; provided, however, nothing herein shall alter the obligations or rights of the Chubb Companies, the Debtor, or the Liquidation Trust relating to the Chubb Insurance Program. Except as explicitly set forth in this paragraph, nothing in the Plan Documents shall be deemed to alter the respective rights of the Liquidating Trust and The Chubb Companies as they existed immediately prior to the Effective Date, including, in the case of the Liquidating Trust, all rights of the Debtor or its estate relating to the Chubb Insurance Program that are transferred to the Liquidating Trust under the Plan Documents.

---

[1] The Chubb Companies shall mean ACE American Insurance Company, Bankers Standard Insurance Company, Federal Insurance Company, Great Northern Insurance Company, Vigilant Insurance Company and/or each of their respective U.S.-based affiliates, predecessors, and successors (collectively, and each in their capacity as insurers and/or third party administrators of the above-captioned Debtor. The "Chubb Insurance Program" shall mean each of the insurance policies that have been issued at any time by any of the Chubb Companies to (or providing coverage to) the Debtor or any of its predecessors and all agreements, documents or instruments related thereto (each as amended, modified or supplemented and including any exhibit or addenda thereto.

9

Nothing in the Plan Documents shall extend, modify, or waive any applicable bar date, nor shall anything in the Plan Documents constitute a determination that the Chubb Insurance Program constitutes a single contract or separate contracts;

(d) any payments made to the Chubb Companies at any time shall not be subject to avoidance under the Bankruptcy Code or applicable law;

(e) the automatic stay of Bankruptcy Code section 362(a) and the injunctions set forth in Article XI of the Plan (and any corresponding paragraph of this Confirmation Order), if and to the extent applicable, shall be deemed lifted without further order of the Bankruptcy Court, solely as to parties pursuing recoveries from the Chubb Companies, and not from the estate, to permit:  (I) claimants with valid workers' compensation claims or direct action claims against a Chubb Company under applicable non-bankruptcy law to proceed with their claims; and (II) a Chubb Company to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Bankruptcy Court, (A) workers' compensation claims, (B) claims where a claimant asserts a direct claim against any Chubb Company under applicable non-bankruptcy law, or an order has been entered by this Bankruptcy Court granting a claimant relief from the automatic stay or the injunctions set forth in Article XI of the Plan (and any corresponding paragraph of this Confirmation Order) to proceed with its claim, and (C) all costs in relation to each of the foregoing.

10.    <u>Preservation of Causes of Action; Transfer of Privileges</u>. On the Effective Date, all Causes of Action (including any Avoidance Actions), whether known or unknown, contingent or noncontingent, matured or unmatured, existing or hereafter arising, in law or equity, that are owned by or vested in the Debtor or its estate, including without limitation any claims arising during the

pendency of this Chapter 11 Case, shall vest in the Liquidation Trust for the benefit of the beneficiaries of the Liquidation Trust. The Liquidation Trustee shall have the sole and exclusive authority to investigate, commence, prosecute, settle, compromise, withdraw, or otherwise resolve any such Causes of Action without further order of the Court, except as otherwise provided in the Plan or the Liquidation Trust Agreement. The Liquidation Trustee shall have standing to pursue any and all claims belonging to the Debtor, the estate, or that arose during the pendency of this Chapter 11 Case, including derivative claims and claims against third parties. The Liquidation Trust shall also be vested with the Debtor's rights, as such rights existed prior to the Effective Date, to conduct discovery and oral examinations of any party under Bankruptcy Rule 2004. The Liquidation Trustee shall have the benefit of all tolling provisions under section 108 of the Bankruptcy Code, all equitable tolling doctrines, and all relation-back doctrines available at law or in equity.

11.    Schedule of Retained Causes of Action. The Liquidation Trustee shall have sole authority and responsibility for investigating, analyzing, commencing, prosecuting, litigating, compromising, collecting, settling, and otherwise administering all Causes of Action set forth in the Schedule of Retained Causes of Action, which are non-exclusive and shall be construed as broadly as possible. No Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against it as any indication that the Liquidation Trustee will not pursue any and all available Causes of Action against it. The failure to list a Cause of Action on the Schedule of Retained Causes of Action shall not be deemed a waiver, release, or relinquishment of such Cause of Action, and the Liquidation Trustee expressly reserves the right to pursue any and all Causes of Action, whether or not specifically identified.

11

The Liquidation Trustee shall succeed to the Debtor's rights with respect to the periods in which any of the Causes of Action may be brought under section 546 of the Bankruptcy Code.

12.     Administrative Fee Bar Dates. All holders of unpaid Administrative Claims must file such Claims with the Court and serve them upon the Debtor and Liquidating Trustee within thirty (30) days of the Effective Date, or such claim is forever barred.

13.     Professional Fee Bar Date. All final applications for allowance and payment of Professional Fee Claims shall be filed and served no later than forty-five (45) days after the Effective Date.

14.     Bar Date for Rejection Claims. All counterparties to rejected executory contracts and unexpired leases must file their rejection damage Claims with the Court within thirty (30) days after the Effective Date. Any claim for rejection damages not so filed will be forever barred, discharged, and unenforceable against the Debtor, the Estate, the Liquidation Trust, or the property thereof. Claims arising from the rejection of executory contracts or unexpired leases shall be classified as General Unsecured Claims and shall, if Allowed, be treated in accordance with the Plan.

15.     Objections to Claims. The Debtor (before the Effective Date) or the Liquidation Trustee (on or after the Effective Date) shall have the exclusive authority to file objections to Claims. Any objections to Claims shall be Filed and served on or before one hundred eighty (180) days after the Effective Date or such later date as may be fixed by the Court; *provided, however*, that such deadline may be extended by the Court upon motion of the Liquidation Trustee, on notice to the Trust Oversight Committee, without the need for a hearing if no objection to such extension is timely filed.

16.     Estimation of Claims. The Liquidation Trustee may at any time request that the Court estimate any contingent, unliquidated, or Disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether an objection was previously filed with the Court with respect to such Claim, or whether the Court has ruled on any such objection. The Court will retain jurisdiction to estimate any Claim at any time, including during the pendency of any appeal relating to such Claim. In the event that the Court estimates any contingent or unliquidated Claim, that estimated amount shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Court.

17.     Modification of Claims Register. Pursuant to the Plan, any Proof of Claim that has been paid or satisfied, in whole or in part, or any Proof of Claim that has been amended, disallowed as a matter of law or Court order, or superseded, may be marked as satisfied, in whole or in part, or amended (as applicable) on the Claims Register at the direction of the Liquidation Trustee, without a Claims Objection having to be filed and without any further notice to or action, order, or approval of the Court; provided, however, that the Liquidation Trustee shall provide 30 days' written notice of any of the foregoing modifications to the Holder of any affected Claims, during which time the Holder may object thereto.

18.     Exculpation and Injunction. The provisions regarding injunctions and exculpation contained in the Plan are reasonable in scope, are integral to the Plan, are appropriate, fair, and necessary, and are critical to the success and feasibility of the Plan. Consequently, the injunctions and exculpation contained in the Plan are hereby approved in their entirety. On the Effective Date, except as otherwise provided in the Plan or this Confirmation Order, all persons shall be deemed to be bound by the Plan, including all Holders of Claims or Interests, whether or not listed on the

Schedules, or listed on the Schedules as disputed, unliquidated or contingent, whether or not they file proofs of claim or interest by the applicable Bar Date.

19.    <u>Exculpation of Liquidation Trustee and Trust Oversight Committee</u>. Neither the Liquidation Trustee nor the Trust Oversight Committee, nor any partner, director, officer, affiliate, employee, professional, agent, or representative of the Liquidation Trustee or Trust Oversight Committee, shall be held personally liable in connection with the affairs of the Liquidation Trust to any person, including any beneficiary of the Liquidation Trust, except for acts or omissions that constitute fraud, willful misconduct, or gross negligence. The Liquidation Trustee and its professionals, and the members of the Trust Oversight Committee, shall be indemnified from the Liquidation Trust Assets against any and all losses, claims, costs, expenses, and liabilities to which such persons may be subject by reason of their execution of their duties pursuant to the Liquidation Trust Agreement, provided that such persons acted in good faith and in a manner reasonably believed to be in or not opposed to the best interests of the Debtor, the Liquidation Trust, and the Estate.

20.    <u>Books and Records</u>. On the Effective Date, the Liquidation Trustee shall take possession, custody, and control of all books, records, documents, and files of the Debtor (including all electronically stored information), including, without limitation, all books and records necessary for the prosecution or defense of any Causes of Action, objections to Claims, tax reporting, and the making of distributions under the Plan, *provided that*, certain such books, records, documents, data, electronically stored information, and files may be in the possession, custody, or control of the Committee, the Debtor, E Gluck Holdings, LLC, or their respective agents, advisors, professionals, storage vendors, or other representatives, and each such party has agreed in good faith to coordinate the transportation, transfer, delivery, preservation, or provision

of access to such materials to the Liquidation Trustee, to the extent reasonably necessary to effectuate the Plan and subject to applicable law, privilege, confidentiality obligations, and any applicable order of the Bankruptcy Court. The Liquidation Trustee shall preserve such books, records, documents, and files for so long as may be necessary for the prosecution or defense of any Causes of Action, the resolution of all Claims, and compliance with applicable law. Subject to applicable law, privilege, confidentiality obligations, any applicable order of the Bankruptcy Court, the Liquidation Trustee may abandon, return, transfer, archive, delete, or destroy any books, records, documents, data, electronically stored information, or files at any time after the Liquidation Trustee determines in good faith that such materials are no longer reasonably necessary for the purposes described herein. *provided, however*, that the Liquidation Trustee shall provide fourteen (14) days' prior written notice to the Trust Oversight Committee before destroying any books, records, documents, or files.

21.     No Discharge. Pursuant to section 1141(d)(3) of the Bankruptcy Code, the Debtor will not engage in business following consummation of the Plan, confirmation of the Plan shall not discharge the Debtor. Nothing in the Plan or this Confirmation Order shall operate as a discharge of any claims or debts against the Debtor under section 1141(d) of the Bankruptcy Code. Except as expressly provided in the Plan or this Confirmation Order, confirmation shall have the effects set forth in section 1141(a), (b), and (c) of the Bankruptcy Code, to the extent applicable.

22.     Notice of Effective Date. As soon as reasonably practicable after the occurrence of the Effective Date, the Liquidation Trustee shall file with the Court and serve notice of the Effective Date upon all parties that received notice of the Confirmation Hearing. The Notice of Effective Date shall include notice of the deadline for filing proofs of claim arising out of the rejection of executory contracts and for filing administrative expense claims.

23.    Conditions Precedent to Effective Date. The following conditions precedent to the Effective Date must be satisfied or waived: (a) entry of this Confirmation Order; (b) no request for revocation of this Confirmation Order under section 1144 of the Bankruptcy Code shall be pending; (c) the Liquidation Trust Agreement shall have been executed; and (d) the Liquidation Trustee shall have accepted appointment.

24.    U.S. Trustee Fees.  All fees payable to the United States Trustee, pursuant to 28 U.S.C. § 1930, shall be paid in full in Cash on or prior to the Effective Date.  All fees payable pursuant to 28 U.S.C. § 1930 after the Effective Date will be paid from the Estate until the closing of the Case pursuant to § 350(a) of the Bankruptcy Code.

25.    Waiver of Conditions Precedent. The Debtor and the Committee may waive any of the conditions precedent to the Effective Date at any time, without notice, leave, or order of the Court, except for the entry of this Confirmation Order, which may not be waived.

26.    Conflicts Between Confirmation Order, the Plan, and the Liquidation Trust Agreement. To the extent of any inconsistency between the provisions of this Confirmation Order and the provisions of the Plan or the Liquidation Trust Agreement, the terms and provisions contained in this Confirmation Order shall govern and control. Notwithstanding, the Plan and the Liquidation Trust Agreement, and the provisions contained therein, are approved in their entirety unless directly in conflict with the terms of this Confirmation Order, and the exclusion of any Plan or Liquidation Trust provision from this Confirmation Order shall not be deemed a conflict with this Confirmation Order.

27.    Reservation of Rights. If the Plan is not Confirmed by a Final Order, or if the Plan is Confirmed and does not become effective, the rights of all parties in interest in the Chapter 11 Case are and shall be reserved in full. Any concessions or settlements reflected herein, if any, are

made for purposes of the Plan only, and if the Plan does not become effective, no party in interest in the Chapter 11 Case shall be bound or deemed prejudiced by any such concession or settlement.

28.     Closing of Chapter 11 Case. Once all distributions have been made and all remaining assets have been liquidated and distributed in accordance with the Plan, the Liquidation Trustee shall seek authority from the Court to close the Chapter 11 Case and entry of a Final Decree.

29.     Stay of Confirmation. The requirements under Bankruptcy Rule 3020(e), that an order confirming a plan is stayed until the expiration of 14 days after entry of the order are hereby waived. This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e) or 7062.

30.     Final Order. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

**IT IS SO ORDERED.**

Dated: July 15, 2026

New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
Chief United States Bankruptcy Judge