**Hearing Date (if necessary): October 28, 2026 at 11:00 a.m. (ET)**
**Objection Deadline: October 21, 2026 at 4:00 p.m. (ET)**

**PORZIO, BROMBERG & NEWMAN, P.C.**
1675 Broadway
Suite 1810
New York, NY 10019
(646) 348-6723
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)
Jenny Zhou, Esq. (admitted *pro hac vice*) (jzhou@pbnlaw.com)

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>E. GLUCK CORPORATION,<br><br>Debtor. | Chapter: 11<br><br>Case No.: 25-12683 (SAB) |

**SUMMARY COVER SHEET FOR THE COMBINED SECOND INTERIM AND FINAL FEE APPLICATION OF PORZIO, BROMBERG & NEWMAN, P.C., AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR (I) THE SECOND INTERIM PERIOD FROM APRIL 1, 2026 THROUGH AUGUST 28, 2026, AND (II) THE FINAL PERIOD FROM JANUARY 14, 2026 THROUGH AUGUST 28, 2026**

| | |
|---|---|
| **Name of Applicant:** | Porzio, Bromberg & Newman, P.C. ("Porzio") |
| **Authorized to Provide Professional Services to:** | *Official Committee of Unsecured Creditors of E. Gluck Corporation.* |
| **Date of Retention:** | Approved on February 25, 2026, *nunc Pro Tunc* to January 14, 2026 |

This is an: _______ monthly __X__ interim ___X__ final application.

**SUMMARY OF FEES AND EXPENSES SOUGHT DURING THE SECOND INTERIM PERIOD (APRIL 1, 2026 THROUGH AUGUST 28, 2026)**

| | |
|---|---|
| **Period for which Compensation and Reimbursement are Sought:** | April 1, 2026 through August 28, 2026 |

| | |
|---|---|
| **Amount of Compensation Requested this Period:** | $227,872.00[1] |
| **Amount of Reimbursement Requested this Period:** | $2,291.15 |
| **Total Amount of Fees Sought in this Period:** | $230,163.15 |

**SUMMARY OF FEES AND EXPENSES SOUGHT DURING THE FINAL PERIOD**
**(JANUARY 14, 2026 THROUGH AUGUST 28, 2026)**

| | |
|---|---|
| **Period for which Compensation and Reimbursement are Sought:** | January 14, 2026 through August 28, 2026 |
| **Amount of Compensation Requested:** | $427,570.00 |
| **Amount of Reimbursement Requested:** | $2,291.15 |
| **Total Fee Application:** | $429,861.15 |

**SUMMARY OF PRIOR INTERIM FEE STATEMENTS**

| | | **Requested** | | **Paid** | |
|---|---|---|---|---|---|
| **Date and Docket No.** | **Period** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 4/13/26 Dkt. 126 | 1/14/2026 – 3/31/2026 | $186,698.00 | $0.00 | $186,698.00 | $0.00 |
| | | **Total Fees Requested:** $186,698.00 | **Total Expenses Requested:** $0.00 | **Total Fees Paid:** $186,698.00 | **Total Expenses Paid:** $0.00 |

**SUMMARY OF PROFESSIONALS PROVIDING SERVICES**
**THROUGH SECOND INTERIM PERIOD APRIL 1, 2026 THROUGH AUGUST 28, 2026**

| Name of Professional & Title | Year | Hourly | Total | Total |
|---|---|---|---|---|

[1] The total amount of fees for the Second Interim Period includes an estimate of $3,000.00 to account for work to be completed in connection with the drafting and filing of this Application, conducting the hearing on this Application, and attending other related requests.

| | Admitted | Rate | Hours Billed | Amount Billed |
|---|---|---|---|---|
| Brett S. Moore – Principal | 2009 | $1,160 | 6.40 | 7,424.00 |
| Robert M. Schechter – Principal | 2007 | $1,160 | 59.00 | 68,440.00 |
| Jenny Zhou – Associate | 2024 | $600 | 181.30 | 108,780.00 |
| Erik G. Lascano – Associate | 2025 | $535 | 27.30 | 14,605.50 |
| Maria P. Dermatis – Senior Paralegal | N/A | $475 | 13.60 | 6,460.00 |
| April L. Kernell – Senior Paralegal | N/A | $375 | 51.10 | 19,162.50 |
| | | | | |
| **Totals:** | | | **338.70** | **$224,872.00** |

**Blended rate for professionals: $663.89**

**SUMMARY OF PROFESSIONALS PROVIDING SERVICES THROUGH FINAL**
**PERIOD JANUARY 14, 2026 THROUGH AUGUST 28, 2026**

| Name of Professional & Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Warren J. Martin – Principal | 1986 | $1,600 | 0.90 | $1,440.00 |
| Brett S. Moore – Principal | 2009 | $1,160 | 42.40 | $49,184.00 |
| Robert M. Schechter – Principal | 2007 | $1,160 | 110.30 | $127,948.00 |
| Christopher P. Mazza – Principal | 2020 | $900 | 1.00 | $900.00 |
| Jenny Zhou – Associate | 2024 | $600 | 274.60 | $164,760.00 |
| Erik G. Lascano – Associate | 2025 | $535 | 34.20 | $18,297.00 |
| Stuart J. Backer – Associate | 2025 | $535 | 5.80 | $3,103.00 |
| Maria P. Dermatis – Senior Paralegal | N/A | $475 | 22.10 | $10,497.50 |
| April L. Kernell – Senior Paralegal | N/A | $375 | 90.70 | $34,012.50 |
| Robyn Hemming – Senior Paralegal | N/A | $340 | 4.20 | $1,428.00 |
| **Totals** | | | **586.20** | **$411,570.00** |

**Blended rate for professionals: $702.10**

**SUMMARY OF FEES BY PROJECT CATEGORY**
**FOR SECOND INTERIM PERIOD APRIL 1, 2026 THROUGH AUGUST 28, 2026**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis and Recovery | 19.30 | 20,138.00 |
| Asset Disposition | 19.80 | 12,675.00 |
| Budgeting (Case) | 0.30 | 348.00 |
| Business Operations | 58.80 | 34,920.00 |
| Case Administration | 0.60 | 303.50 |
| Claims Administration and Objections | 12.10 | 7,346.00 |
| Fee/Employment Applications | 50.20 | 27,466.00 |
| Financing | 0.40 | 240.00 |
| Meetings and Communications with Creditors | 9.30 | 6,252.00 |
| Plan and Disclosure Statement | 167.20 | 114,685.50 |
| Relief from Stay and Adequate Protection | 0.40 | 150.00 |
| Reporting | 0.30 | 348.00 |
| **Totals** | **338.70** | **$224,872.00** |

**SUMMARY OF FEES BY PROJECT CATEGORY**
**FOR FINAL PERIOD JANUARY 14, 2026 THROUGH AUGUST 28, 2026**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Assumption and Rejection of Leases | 4.90 | $3,035.00 |
| Asset Analysis and Recovery | 31.10 | $32,003.50 |
| Asset Disposition | 78.20 | $67,060.00 |
| Avoidance Action Litigation | 0.70 | $420.00 |
| Budgeting (Case) | 0.30 | $348.00 |
| Business Operations | 67.20 | $39,960.00 |
| Case Administration | 10.20 | $5,229.50 |
| Claims Administration and Objections | 26.20 | $14,196.50 |
| Corporate Governance and Board Matters | 3.00 | $1,980.00 |
| Fee/Employment Applications | 100.10 | $55,374.00 |



10470996

| **Project Category** | **Total Hours** | **Total Fees** |
|---|---|---|
| Fee/Employment Objections | 2.80 | $1,680.00 |
| Financing | 8.70 | $7,429.00 |
| Lien Investigation | 1.60 | $1,464.00 |
| Litigation | 0.50 | $344.50 |
| Meetings and Communications with Creditors | 28.90 | $22,268.00 |
| Plan and Disclosure Statement | 221.10 | $158,280.00 |
| Relief from Stay and Adequate Protection | 0.40 | $150.00 |
| Reporting | 0.30 | $348.00 |
| **Totals** | **586.20** | **$411,570.00** |

**EXPENSE SUMMARY**
**FOR SECOND INTERIM PERIOD APRIL 1, 2026 THROUGH AUGUST 28, 2026**

| Expense Category | Total Expenses |
|---|---|
| **Totals** | **$2,291.15** |

**EXPENSE SUMMARY**
**FOR FINAL PERIOD JANUARY 14, 2026 THROUGH AUGUST 28, 2026**

| Expense Category | Total Expenses |
|---|---|
| **Totals** | **$2,291.15** |

**Hearing Date (if necessary): October 28, 2026 at 11:00 a.m. (ET)**
**Objection Deadline: October 21, 2026 at 4:00 p.m. (ET)**

**PORZIO, BROMBERG & NEWMAN, P.C.**
1675 Broadway
Suite 1810
New York, NY 10019
(646) 348-6723
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)
Jenny Zhou, Esq. (admitted *pro hac vice*) (jzhou@pbnlaw.com)

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>E. GLUCK CORPORATION,<br><br>Debtor. | Chapter: 11<br><br>Case No.: 25-12683 (SAB) |

**COMBINED SECOND INTERIM AND FINAL FEE APPLICATION OF PORZIO, BROMBERG & NEWMAN, P.C., COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE (I) SECOND INTERIM PERIOD FROM APRIL 1, 2026 THROUGH AUGUST 28, 2026; AND (II) FINAL PERIOD FROM JANUARY 14, 2026, THROUGH AUGUST 28, 2026**

Porzio, Bromberg & Newman, P.C. ("Porzio"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in this chapter 11 case (the "Chapter 11 Case") of E. Gluck Corporation (the "Debtor"), submits this combined second interim and final fee application (the "Application") pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for entry of an order granting: (i) interim allowance for professional services rendered in the amount of **$227,872.00**[1] and reimbursement of actual and necessary expenses in the amount of **$2,291.15** for the period of April 1, 2026 through and including August 28, 2026 (the "Second Interim Period") for a total of **$230,163.15**; and (ii) final allowance for professional services rendered in the amount of **$427,570.00** and reimbursement of actual and necessary expenses in the amount of **$2,291.15** for the period of January 14, 2026 through and including August 28, 2026 (the "Final Period") for a total of **$429,861.15**. In support of the Application, Porzio respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 327, 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

2. On December 1, 2025 (the "Petition Date"), the Debtor filed a bankruptcy petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

[1] The total amount of fees for this period includes an estimate of $3,000.00 to account for work to be completed in connection with the drafting and filing of this Application, attending the hearing on this Application, and attending other related requests.

3. Since the Petition Date, the Debtor has remained as debtor in possession of its estate pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in this bankruptcy case.

4. On December 23, 2025, the Committee was appointed in this case by the Office of the United States Trustee, consisting of the following five members: (i) W&Y (ASIA) Co. Ltd.; (ii) Great Progress H.K. (Holdings) Limited; (iii) Bridgestone Watch Limited; (iv) Yi Feng Watch Co. Ltd. and (v) Youngs Watch Company Limited.

5. On January 14, 2026, the Committee selected Porzio as its counsel.

6. On February 4, 2026, the Committee filed an application to retain Porzio as its counsel, *nunc pro tunc* to January 14, 2026 [Docket No. 92].

7. On February 25, 2026, the Court approved the Committee's application to retain Porzio as Committee counsel, *nunc pro tunc* to January 14, 2026 [Docket No. 101]. A copy of the order approving Porzio's retention is attached as **Exhibit A**.

8. On April 2, 2026, the Debtor and the Committee filed their Combined Disclosure Statement and Joint Plan of Liquidation [Docket No. 122]. On May 20, 2026, the Court entered an Order Conditionally Approving the Disclosures and Plan [Docket No. 145]. On July 14, 2026, the Court entered an order confirming the Plan [Docket No. 175]. The Plan became effective on August 28, 2026 (the "Effective Date"), and the estate filed a Notice of Effective Date on the same date. [Docket No. 182].

9. As of the date hereof, the estate maintains cash on hand and on deposit from available estate resources. The estate has also incurred accrued and unpaid administrative expenses in the ordinary course of administering the Chapter 11 Case, including professional fees and other administrative costs. Based upon the information presently available to Porzio, the estate has

maintained sufficient liquidity from available estate resources to fund the administration of the Chapter 11 Case and, subject to the Court's approval and applicable reserves, to satisfy allowed professional fees and expenses.

**FIRST INTERIM FEE APPLICATION**

10. On April 13, 2026, Porzio filed and served its first interim fee application for compensation [Docket No. 126].

11. On May 4, 2026, the Court entered an order granting Porzio's first interim fee application, which approved fees of $186,698.00 and expenses of $0.00 for the period from January 14, 2026 through March 31, 2026 [Docket No. 139].

12. As of the date hereof, Porzio has received payment of fees in the amount of $186,698.00 and payment for expenses in the amount of $0.00.

**SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED DURING THE SECOND INTERIM PERIOD**

13. This Application is Porzio's combined second interim and final fee application for compensation filed in this matter. Porzio submits that the compensation requested in this Application is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code based on the nature and extent of the services rendered, the complexity of this Chapter 11 Case, the time, labor, experience and specialized expertise provided by Porzio to the Committee, and other related factors.

14. As set forth in the Application cover sheet submitted herewith, Porzio rendered a total of **338.70** hours of professional services and accumulated **$224,872.00** in fees and **$2,291.15** in expenses during the Second Interim Period.

15. To apprise this Court of the legal services rendered by Porzio during the Second Interim Period, Porzio sets forth the following summary. This summary is intended only to

highlight certain categories of services performed by Porzio on behalf of the Committee; it is not intended to set forth each and every item of professional services that Porzio performed.

**Asset Analysis and Recovery**

16. This category includes time expended by Porzio in analyzing the Debtor's assets and investigating potential sources of recovery to maximize the value of the Debtor's estate. Among other tasks, Porzio reviewed the Debtor's bankruptcy petition, statement of financial affairs, schedules, and amended schedules to identify potential causes of action for preservation under the Plan; investigated and evaluated potential estate claims, including claims arising from prepetition and insider transfers; researched and analyzed issues relating to the WIL Holdings/WITHIt transaction, including escrow matters, customs duties, and tariff refunds; prepared correspondence to buyer's counsel concerning the escrow and customs duty issues; researched D&O insurance coverage and the treatment of related claims in bankruptcy and post-confirmation; communicated with state court counsel regarding litigation against the BT Supplies[2] guarantors; and reviewed and analyzed proofs of claim, including secured and administrative priority claims, and prepared a claims analysis in connection with the liquidation analysis and budget.

17. Porzio expended **19.30** hours of time for a charge of **$20,138.00** for services rendered with respect to the handling of matters relating to asset analysis and recovery.

**Asset Disposition**

18. This category includes time spent by Porzio with respect to the disposition of the Debtor's assets. Among other things, Porzio spent time in this category reviewing and advising on

[2] Capitalized items used but not otherwise defined herein shall have the meanings assigned to them in the Disclosure Statement and Plan [Docket No. 122].

insurance stipulations, including the Morgan Stanley account stipulation and the Chubb insurance policy cancellation stipulation; corresponding with litigation counsel regarding the BT Supplies matter; reviewing escrow agreements and drafting correspondence regarding the sale escrow and related refund issues; investigating the structure of tariff refunds; drafting information requests to the financial advisor; corresponding regarding post-closing issues; and reviewing and negotiating WITHit post-closing settlement documentation.

19. Porzio expended **19.80** hours of time for a charge of **$12,675.00** for services rendered with respect to the handling of matters relating to asset disposition.

**Business Operations**

20. This category includes time expended by Porzio on matters relating to the Debtor's ongoing business operations during the pendency of the Chapter 11 Case. Among other tasks, Porzio spent time in this category participating in calls with the Debtor's counsel regarding case status and operations; reviewing the customer program motion; reviewing monthly operating reports and related financial documents; developing a comprehensive task list for the case, including review of the Plan, analysis of remaining assets for the Liquidating Trustee, and preparation of updates and action items; and communicating with the Debtor's counsel regarding escrow matters.

21. Porzio expended **58.80** hours of time for a charge of **$34,920.00** for services rendered with respect to the handling of matters relating to business operations.

**Budgeting**

22. This category includes time expended by Porzio on matters relating to the Debtor’s case budgeting. Among other tasks, Porzio spent time in this category communicating regarding

the budget and administrative costs and reviewing the estate's cash position and claims impacting it.

23. Porzio expended **0.30** hours of time for a charge of **$348.00** for services rendered with respect to the handling of matters relating to budgeting.

**Case Administration**

24. This category includes time expended by Porzio on the general administration of the Chapter 11 Case. Among other tasks, Porzio spent time in this category updating the client file with filed pleadings from the docket; updating case records and pleading preparation accordingly; and communicating regarding the remaining transition task list and coordinating follow-up discussions.

25. Porzio expended **0.60** hours of time for a charge of **$303.50** for services rendered with respect to the handling of matters relating to case administration.

**Claims**

26. This category includes time expended by Porzio for reviewing the Court's claims register and certain claims filed against the Debtor; reviewing and updating proofs of claim, including amended claims, and tallying net totals; creating and maintaining Excel spreadsheets for secured, unsecured, government, and administrative claims; reviewing issues related to claims trading; including notices of transfer of claim; reviewing Morgan Stanley letter of credit and related correspondence; attending meetings to discuss claims review and reconciliation; researching insurance administrative claim and claims estimation issues; and advising the Committee on claims-related matters.

27. Porzio expended **12.10** hours of time for a charge of **$7,346.00** for services rendered with respect to the handling of matters relating to claims.

**Fee / Employment Applications**

28. This category includes time spent by Porzio regarding the retention and compensation of various professionals in the Debtor's bankruptcy proceeding. Porzio spent time during the Second Interim Period in connection with, among other things: (i) preparing and filing Porzio's and Foresight's first interim fee applications, including drafting and revising the applications, preparing summary cover sheets, coordinating with Chambers, filing certificates of service and certificates of no objection, and reviewing the omnibus order granting same; (ii) reviewing the retention applications and fee statements of the Debtor's various professionals, including reviewing monthly fee statements and the Cometrics staffing report; and (iii) drafting and preparing the within combined second interim and final fee application and related exhibits, including the proposed omnibus order.

29. Porzio expended **50.20** hours of time for a charge of **$27,466.00** for services rendered with respect to the handling of matters relating to fee / employment applications.

**Financing**

30. This category includes time expended by Porzio on matters relating to the Debtor's debtor-in-possession financing and related financial matters. Among other tasks, Porzio spent time in this category communicating regarding fee payment for the Committee's financial advisor.

31. Porzio expended **0.40** hours of time for a charge of **$240.00** for services rendered with respect to the handling of matters relating to financing.

**Meetings and Communications with Creditors**

32. This category includes time expended by Porzio on communications with the Committee and its individual members. Among other tasks, Porzio spent time in this category preparing for and participating in Committee calls to provide updates on the sales process, plan

developments, and overall case status; drafting and editing email updates to the Committee on asset sales, Plan process and third-party disputes; corresponding with individual Committee members regarding case developments, creditor inquiries, and approval of the Plan; drafting meeting summaries following Committee calls; and coordinating Committee calls to discuss status and strategy.

33. Porzio expended **9.30** hours of time for a charge of **$6,252.00** for services rendered with respect to communicating with creditors.

**Plan and Disclosure Statement**

34. This category reflects time spent by Porzio in coordination with Debtor's counsel to develop, structure, and refine the overall framework and key terms of the proposed chapter 11 joint plan of liquidation. Among other activities, Porzio (i) drafted and revised the Plan and related documents, including material terms and subsequent modifications; (ii) participated in numerous conferences with Debtor's counsel regarding core Plan components, including funding sources, classification and treatment of claims and interests, and the formation and governance of a liquidating trust; (iii) communicated with and advised the Committee regarding Plan structure, strategy, and key economic considerations; (iv) conducted legal research and analysis regarding confirmation requirements and potential risks associated with the proposed Plan; (v) evaluated potential estate causes of action, including avoidance actions, and assessed the cost-benefit of pursuing such claims; (vi) analyzed the value and disposition of remaining estate assets; (vii) prepared supplemental documents in support of the Plan, including the liquidation analysis and the liquidating trust agreement; and (viii) addressed budget, cash collateral, and administrative expense considerations in connection with feasibility and implementation of the Plan.

35. Porzio expended **167.20** hours of time for a charge of **$114,685.50** for services rendered with respect to the handling of matters relating to plan and disclosure statement.

**Relief from Stay and Adequate Protection**

36. This category includes time expended by Porzio on matters relating to relief from the automatic stay and adequate protection. Among other tasks, Porzio spent time in this category reviewing the Notice of Presentment and Order granting Morgan Stanley relief from the automatic stay.

37. Porzio expended **0.40** hours of time for a charge of **$150.00** for services rendered with respect to the handling of matters relating to relief from stay and adequate protection.

**Reporting**

38. This category includes time expended by Porzio on matters relating to reporting. Among other tasks, Porzio spent time in this category reviewing the Debtor's monthly operating reports. Porzio expended **0.30** hours of time for a charge of **$348.00** for services rendered with respect to the handling of matters relating to reporting.

## MATTERS PERTAINING TO PORZIO

39. Porzio has maintained contemporaneous time records that indicate the time that each attorney has spent working on a particular matter and the nature of the work performed. Copies of these time records are annexed to this Application as **Exhibit B**. The total number of hours expended by Porzio's attorneys and para-professionals during the Second Interim Period in conjunction with this case is **338.70**.

40. The personnel who have expended extensive time on this matter during the Second Interim Period are Brett S. Moore, Robert M. Schechter, Jenny Zhou, and Erik G. Lascano. Mr. Moore, Mr. Schechter, Mr. Lascano and Ms. Zhou, have been actively involved in all aspects of

the case and are responsible for various day-to-day issues that arose during the Second Interim Period.

41. Porzio rendered all the professional services for which compensation is requested herein in connection with the Debtor's Chapter 11 Case in furtherance of Porzio's professional responsibilities as attorneys for the Committee, and it is respectfully submitted that Porzio's knowledge and expertise in bankruptcy cases has allowed this matter to be handled efficiently.

42. During the Second Interim Period, the partners, associates, and para-professionals of Porzio devoted substantial time, **338.70** hours, in rendering professional services to the Committee, all of which time was reasonable and necessary.

43. Porzio, through its experience, training, and ability, is fully qualified to perform the services for which compensation is sought here. Porzio represents that it holds no interest adverse to the Committee with respect to the matters upon which it is engaged.

44. No agreement or understanding exists between Porzio and any other entity for the sharing of compensation to be received for services rendered in or in connection with this Chapter 11 Case.

45. Pursuant to the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (as amended by General Order M-447, dated Jan. 29, 2013) (the "Local Guidelines"), annexed hereto as **Exhibit C** is Robert M. Schechter's certification regarding Porzio's compliance with the Local Guidelines, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996.

**EXPENSES**

46. Annexed as part of the cover sheet is a list of the actual and necessary disbursements incurred during the Second Interim Period in connection with the above-described work. This list is derived from the expense detail included in Porzio's invoice annexed hereto as **Exhibit B**. These records indicate that Porzio has advanced during the Second Interim Period the sum of **$2,291.15** in necessary and actual out-of-pocket expenses.

## ALLOWANCE OF INTERIM AND FINAL COMPENSATION

47. With respect to the level of compensation, section 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered." Section 330(a)(3), in turn provides that:

> In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

48. The statute provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs.*,

*Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citation and internal quotation marks omitted); *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 18 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists.").

49. Porzio asserts that in accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the dynamics and challenges presented in this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. It is respectfully submitted that, had counsel with less experience in these types of matters been retained, the cost to the Debtor's estate would have been much greater.

50. The Second Interim Period covers approximately 21 weeks. During this time, Porzio's partners, counsel, associates, and para-professionals devoted **338.70** hours in rendering professional services to the Committee, all of which time was reasonable and necessary.

## <u>NOTICE AND PRIOR APPLICATION</u>

51. Notice of this Application has been provided to (i) the Debtor; (ii) counsel to the Debtor; (iii) the United States Trustee; and (iv) those persons who have requested notice pursuant to Bankruptcy Rule 2002. Porzio submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be given.

52. This is the Applicant's combined second interim and final fee application to the Bankruptcy Court for allowance of fees in this case. Porzio's first interim fee application was filed

on April 13, 2026 [Docket No. 126], and was approved by order dated May 4, 2026 [Docket No. 139].

**WHEREFORE**, Porzio hereby respectfully requests an order, in the form annexed hereto as **Exhibit D**, granting (i) interim allowance of compensation for its duly authorized, necessary, and valuable services to the Committee during the Second Interim Period in the aggregate amount of **$227,872.00**[3], and reimbursement to Porzio for actual and necessary expenses incurred during the period in connection with the aforesaid services in the aggregate amount of **$2,291.15;** and (ii) final allowance of compensation for professional services rendered in the amount of **$427,570.00** and reimbursement of actual and necessary expenses in the amount of **$2,291.15** for the Final Period for a total of **$429,861.15**; and such other relief as the Court determines to be just and proper.

Dated: September 28, 2026 **PORZIO, BROMBERG & NEWMAN, P.C.**

*By: /s/ Robert M. Schechter*
Robert M. Schechter, Esq.
Brett S. Moore, Esq.
Jenny Zhou, Esq.
1675 Broadway, Suite 1810
New York, NY 10019
bsmoore@pbnlaw.com
rmschechter@pbnlaw.com
jzhou@pbnlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

[3] The total amount of fees for this period includes an estimate of $3,000.00 to account for work to be completed in connection with the drafting and filing of this Application, attending the hearing on this Application, and attending other related requests.