**Hearing Date: October 28, 2026, at 11:00 a.m. (ET)**
**Objection Deadline: October 21, 2026 at 4:00 p.m. (ET)**

**PORZIO, BROMBERG & NEWMAN, P.C.**
1675 Broadway
Suite 1810
New York, NY 10019
(646) 348-6723
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)
Jenny Zhou Esq. (admitted *pro hac vice*) (jzhou@pbnlaw.com)

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>E. GLUCK CORPORATION,<br><br>Debtor. | Chapter: 11<br><br>Case No.: 25-12683 (SAB) |

**SUMMARY COVER SHEET SECOND INTERIM AND FINAL FEE APPLICATION OF FORESIGHT RESTRUCTURING LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR (I) THE SECOND INTERIM PERIOD OF APRIL 1, 2026 THROUGH AUGUST 28, 2026, AND (II) THE FINAL PERIOD OF JANUARY 14, 2026 THROUGH AUGUST 28, 2026**

| | |
|---|---|
| **Name of Applicant:** | Foresight Restructuring, LLC ("Foresight") |
| **Authorized to Provide Professional Services to:** | *Financial Advisor to the Official Committee of Unsecured Creditors* |
| **Date of Retention:** | Approved on March 12, 2026, *Nunc Pro Tunc* to January 14, 2026 |

This is an: _______ monthly ___X__ interim ___X__ final application.

**SUMMARY OF FEES AND EXPENSES SOUGHT DURING THE SECOND INTERIM PERIOD (APRIL 1, 2026 THROUGH AUGUST 28, 2026)**

| | |
|---|---|
| **Period for which Compensation and Reimbursement is Sought:** | April 1, 2026 through August 28, 2026 |
| **Amount of Compensation Requested:** | $22,715.00 |
| **Amount of Reimbursement Requested:** | $0 |
| **Total Fee Application:** | $22,715.00 |

**SUMMARY OF FEES AND EXPENSES SOUGHT DURING THE FINAL PERIOD**
**(JANUARY 14, 2026 THROUGH AUGUST 28, 2026)**

| | |
|---|---|
| **Period for which Compensation and Reimbursement is Sought:** | January 14, 2026 through August 28, 2026 |
| **Amount of Compensation Requested:** | $74,435.00 |
| **Amount of Reimbursement Requested:** | $280.81 |
| **Total Fee Application:** | $74,715.81 |

**PRIOR INTERIM FEE STATEMENTS**

| | | **Requested** | | **Paid** | |
|---|---|---|---|---|---|
| **Date and Docket No.** | **Period** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 4/13/26 Dkt. 127 | 1/14/26 – 3/31/26 | $51,720.00 | $280.81 | $51,720.00 | $280.81 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | **Total Fees Requested: $51,720.00** | **Total Expenses Requested: $280.81** | **Total Fees Paid: $51,720.00** | **Total Expenses Paid: $280.81** |

**FEE SUMMARY BY PROFESSIONAL THROUGH SECOND INTERIM PERIOD**
**APRIL 1, 2026 THROUGH AUGUST 28, 2026**

| ***Name*** | ***Rate*** | ***Hours*** | ***Fees*** |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Stacey Ho | $350.00 | 13.90 | $4,865.00 |
| Yi Zhu | $750.00 | 23.80 | $17,850.00 |
| | | | |
| **Total** | | **37.70** | **$22,715.00** |

**Blended rate for professionals: $602.52**

**FEE SUMMARY BY PROFESSIONAL THROUGH FINAL PERIOD JANUARY 14, 2026 THROUGH AUGUST 28, 2026**

| Name | Rate | Hours | Fees |
|---|---|---|---|
| **Stacey Ho** | **$350.00** | **39.50** | **$13,825.00** |
| **Yi Zhu** | **$750.00** | **73.40** | **$52,875.00** |
| **Yuki Niu** | **$350.00** | **22.10** | **$7,735.00** |
| **Total** | | **135.00** | **$74,435.00** |

**Blended rate for professionals: $551.37**

**FEE SUMMARY BY TASK CODE FOR SECOND INTERIM PERIOD APRIL 1, 2026 THROUGH AUGUST 28, 2026**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Business Analysis | 12.70 | $7,965.00 |
| Case Administration | 18.80 | $10,900.00 |
| Committee Member/Professional Meetings & Communications | 2.30 | $1,725.00 |
| Retention and Fee Applications | 3.90 | $2,125.00 |
| **Totals** | **37.70** | **$22,715.00** |

**FEE SUMMARY BY TASK CODE FOR FINAL PERIOD JANUARY 14, 2026 THROUGH AUGUST 28, 2026**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Business Analysis | 72.90 | $39,875.00 |
| Case Administration | 27.80 | $16,010.00 |
| Committee Member/Professional Meetings & Communications | 4.40 | $3,150.00 |
| Debtor Professional and Client Meeting | 9.60 | $6,080.00 |
| Non-working Travel | 5.40 | $2,025.00 |
| Retention and Fee Applications | 4.50 | $2,575.00 |
| Sales Process | 10.40 | $4,720.00 |
| **Totals** | **135.00** | **$74,435.00** |

**Hearing Date (if necessary): October 28, 2026 at 11:00 a.m. (ET)**
**Objection Deadline: October 21, 2026 at 4:00 p.m. (ET)**

**PORZIO, BROMBERG & NEWMAN, P.C.**
1675 Broadway
Suite 1810
New York, NY 10019
(646) 348-6723
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)
Jenny Zhou, Esq. (admitted *pro hac vice*) (jzhou@pbnlaw.com)

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>E. GLUCK CORPORATION,<br><br>Debtor. | Chapter: 11<br><br>Case No.: 25-12683 (SAB) |

**COMBINED SECOND INTERIM AND FINAL FEE APPLICATION OF FORESIGHT RESTRUCTURING LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR (I) THE SECOND INTERIM PERIOD FROM APRIL 1, 2026 THROUGH AUGUST 28, 2026; AND (II) THE FINAL PERIOD FROM JANUARY 14, 2026 THROUGH AUGUST 28, 2026**

Foresight Restructuring LLC ("Foresight"), Financial Advisor to the Official Committee of Unsecured Creditors (the "Committee") of E. Gluck Corporation (the "Debtor"), in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this combined second interim and final fee application (the "Application") pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for entry of an order granting interim and final allowance of compensation for (i) professional

services rendered in the amount of $22,715.00 and reimbursement of actual and necessary expenses in the amount of $0 for the period of April 1, 2026 through and including August 28, 2026 (the "Second Interim Period") for a total of $22,715.00; and (ii) professional services rendered in the amount of $74,435.00 and reimbursement of actual and necessary expenses in the amount of $280.81 for the period of January 14, 2026 through and including August 28, 2026 (the "Final Period") for a total of $74,715.81. In support of the Application, Foresight respectfully represents as follows:

**JURISDICTION, VENUE, AND STATUTORY BASIS**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 327, 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

**BACKGROUND**

2. On December 1, 2025 (the "Petition Date"), the Debtor filed a bankruptcy petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. Since the Petition Date, the Debtor has remained as debtor in possession of its estate pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in this bankruptcy case.

4. On December 23, 2025, the Committee was appointed in this case by the Office of the United States Trustee, consisting of the following five members: (i) W&Y (ASIA) Co. Ltd.;

(ii) Great Progress H.K. (Holdings) Limited; (iii) Bridgestone Watch Limited; (iv) Yi Feng Watch Co. Ltd. and (v) Youngs Watch Company Limited.

5. On January 14, 2026, the Committee selected Foresight as its Financial Advisor.

6. On February 11, 2026, the Committee filed an application to retain Foresight as its Financial Advisor, *nunc pro tunc* to January 14, 2026 [Docket No. 95].

7. On March 12, 2026, the Court approved the Committee's application to retain Foresight as Committee Financial Advisor, *nunc pro tunc* to January 14, 2026 [Docket No. 109]. A copy of the order approving Foresight's retention is attached as **Exhibit A**.

8. On April 2, 2026, the Debtor and the Committee filed their Combined Disclosure Statement and Joint Plan of Liquidation [Docket No. 122]. On May 20, 2026, the Court entered its Order Conditionally Approving the Disclosures and Plan [Docket No. 145]. On July 14, 2026, the Court entered an order confirming the Plan [Docket No. 175]. The Plan went effective on August 28, 2026 (the "Effective Date"), and the estate filed a Notice of Effective Date on the same date. [Docket No. 182].

9. As of the date hereof, the estate maintains cash on hand and on deposit from available estate resources. The estate has also incurred accrued and unpaid administrative expenses in the ordinary course of administering the Chapter 11 Case, including professional fees and other administrative costs. Based upon the information presently available to Foresight, the estate has maintained sufficient liquidity from available estate resources to fund the administration of the Chapter 11 Case and, subject to the Court's approval and applicable reserves, to satisfy allowed professional fees and expenses.

## FIRST INTERIM FEE APPLICATION

10. On April 13, 2026, Foresight filed the first interim fee application, seeking fees of $51,720.00 and expenses of $280.81 for the period from January 14, 2026 through March 31, 2026 [Docket No. 127].

11. On May 4, 2026, the Court entered an order granting Foresight's first interim fee application, which approved fees of $51,720.00 and expenses of $280.81 for the period from January 14, 2026 through March 31, 2026 [Docket No. 139].

12. As of the date hereof, Foresight has received payment of fees in the amount of $51,720.00 and payment for expenses in the amount of $280.81.

## SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED DURING THE SECOND INTERIM PERIOD

13. This Application is Foresight's combined second interim and final fee application for compensation filed in this matter. Foresight submits that the compensation requested herein is reasonable based on the nature and extent of the services rendered, the complexity of this Chapter 11 Case, the time, labor, experience and specialized expertise provided by Foresight to the Committee, and other related factors. As a result, Foresight submits that the compensation sought herein is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code. As set forth in the Application cover sheet submitted herewith, Foresight rendered a total of **37.70** hours of professional services and accumulated **$22,715.00** in fees and **$0** in expenses during the Second Interim Period.

14. To apprise this Court of the professional services rendered by Foresight during the Second Interim Period, Foresight sets forth the following summary. This summary is intended only

to highlight certain categories of services performed by Foresight on behalf of the Committee; it is not intended to set forth each and every item of professional services that Foresight performed.

15. Foresight has maintained contemporaneous time records that indicate the time that each professional has spent working on a particular matter and the nature of the work performed. Copies of these time records are annexed to this Application as **Exhibit B**. The total number of hours expended by Foresight's professionals during the Second Interim Period in conjunction with this case is 37.70.

16. The personnel who have expended extensive time on this matter during the Second Interim Period are Yi Zhu and Stacey Ho. They have been actively involved in all aspects of the case and are responsible for various day-to-day issues that arose during the Second Interim Period.

17. Foresight rendered all the professional services for which compensation is requested herein in connection with the Debtor's Chapter 11 Case in furtherance of Foresight's professional responsibilities as financial advisor for the Committee, and it is respectfully submitted that Foresight's knowledge and expertise in restructuring cases has allowed this matter to be handled efficiently.

| ***Categories*** | ***Hours*** | ***Fees*** |
|---|---:|---:|
| Business Analysis | 12.70 | $7,965.00 |
| Case Administration | 18.80 | $10,900.00 |
| Committee Member/Professional Meetings & Communications | 2.30 | $1,725.00 |
| Retention and Fee Applications | 3.90 | $2,125.00 |
| **Total** | **37.70** | **$22,715.00** |

18. Foresight professionals have expended a total of **37.70** hours in connection with this matter during the Second Interim Period, as follows:

| ***Name*** | ***Rate*** | ***Hours*** | ***Fees*** |
|---|---:|---:|---:|
| Stacey Ho | 350.00 | 13.90 | $4,865.00 |
| Yi Zhu | 750.00 | 23.80 | $17,850.00 |

| | | | |
|---|---|---|---|
| **Total** | | 37.70 | $22,715.00 |

19. The following are summaries of the more material project categories for Foresight's professional services during the Second Interim Period:

a. Business Analysis

During the Second Interim Period, Foresight's personnel reviewed and analyzed the Debtor's Monthly Operating Reports and other financial information, conferred with the Committee's other professionals regarding preference analyses and potential litigation strategies, evaluated the Debtor's cash position, and prepared projections of the Debtor's future cash flows.

Hours: 12.70 Fees: $7,965.00

b. Committee Member/Professional Meetings & Communications

During the Second Interim Period, Foresight's personnel met with members of the Committee and their counsel on an as needed basis to discuss case updates and legal strategies.

Hours: 2.30 Fees: $1,725.00

c. Case Administration

During the Second Interim Period, Foresight professionals reviewed various documents in the case, conducted administrative tasks to set up the liquidating trust, and compiled required documentation for analysis and discussion.

Hours: 18.80 Fees: $10,900.00

d. Retention and Fee Applications

During the Second Interim Period, Foresight personnel prepared its fee application and related documentation.

Hours: 3.90 Fees: $2,125.00

20. No agreement or understanding exists between Foresight and any other entity for the sharing of compensation to be received for services rendered in or in connection with this Chapter 11 Case[1].

21. Pursuant to the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy* Cases (as amended by General Order M-447, dated Jan. 29, 2013) (the "Local Guidelines"), annexed hereto as **Exhibit C** is Yi Zhu's certification regarding Foresight's compliance with the Local Guidelines, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996.

**EXPENSES**

22. Annexed as part of the cover sheet is a list of the necessary and actual disbursements incurred during the Second Interim Period in connection with the above-described work. This list is derived from the expense detail included in Foresight's invoice annexed hereto as **Exhibit B**. These records indicate that Foresight has advanced during the Second Interim Period the sum of **$0** in necessary and actual out-of-pocket expenses.

[1] Foresight discloses that during the Second Interim Period, Yi Zhu, the principal of Foresight, spent approximately 25% of his time working from Hong Kong on this matter. In compliance with Hong Kong tax and employment laws, a portion of the services reflected in this Application were performed by Mr. Zhu while engaged through Foresight Advisory (HK) Limited, a Hong Kong entity wholly owned and controlled by Mr. Zhu. Foresight Advisory (HK) Limited billed Foresight at cost, with no mark-up, for Mr. Zhu's time spent while in Hong Kong. No profit was realized by Foresight Advisory (HK) Limited or any other entity in connection with this sub-contracting arrangement, consistent with the no-profit certification required by the Local Guidelines. The rates, hours, and total compensation reflected in this Application are identical to what they would have been absent this arrangement, and the estate has not been charged any additional amount as a result thereof. Foresight Advisory (HK) Limited had no known conflict or connection to any other parties of interest in this case.

**ALLOWANCE OF INTERIM AND FINAL COMPENSATION**

23. With respect to the level of compensation, section 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered." Section 330(a)(3), in turn provides that:

> In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

24. The statute provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *See In Re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citation and internal quotation marks omitted); *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 18 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring that the market, not the

Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists.").

25. Foresight asserts that in accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the dynamics and challenges presented in this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. It is respectfully submitted that, had professionals with less experience in these types of matters been retained, the cost to the Debtor's estate would have been much greater.

26. The Second Interim Period covers approximately 21 weeks. During this time, Foresight's professionals devoted 37.70 hours in rendering professional services to the Committee, all of which time was reasonable and necessary.

## NOTICE AND PRIOR APPLICATION

27. Notice of this Application has been provided to (i) the Debtor; (ii) counsel to the Debtor; (iii) the United States Trustee; and (iv) those persons who have requested notice pursuant to Bankruptcy Rule 2002. Foresight submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be given.

28. This is the Applicant's combined second interim and final fee application to the Bankruptcy Court for allowance of fees in this case. Foresight's first interim fee application was filed on April 13, 2026 [Docket No. 127], and was approved by order dated May 4, 2026 [Docket No. 139].

**WHEREFORE**, Foresight hereby respectfully requests an order, in the form annexed hereto as **Exhibit D**, granting (i) second interim allowance of compensation for its duly authorized, necessary, and valuable services to the Committee during the Second Interim Period in the

aggregate amount of **$22,715.00**, and reimbursement to Foresight for actual and necessary expenses incurred during the Second Interim Period in the aggregate amount of **$0**; and (ii) final allowance of compensation for its duly authorized, necessary, and valuable services to the Committee during the Final Period in the aggregate amount of **$74,435.00**, and reimbursement to Foresight for actual and necessary expenses incurred during the Final Period in the aggregate amount of **$280.81** and such other relief that the Court determines to be just and proper.

Dated: September 28, 2026

**PORZIO, BROMBERG & NEWMAN, P.C.**

*/s/ Robert M. Schechter*
Robert M. Schechter, Esq.
Brett S. Moore, Esq.
Jenny Zhou, Esq.
1675 Broadway, Suite 1810
New York, NY 10019
bsmoore@pbnlaw.com
rmschechter@pbnlaw.com
jzhou@pbnlaw.com

*Counsel to the Official Committee of Unsecured Creditors*