**PORZIO, BROMBERG & NEWMAN, P.C.**
1675 Broadway
Suite 1810
New York, NY 10019
(646) 348-6723
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)
Jenny Zhou, Esq. (admitted *pro hac vice*) (jzhou@pbnlaw.com)

*Counsel to the Liquidating Trustee of E. Gluck Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>E. GLUCK CORPORATION,<br><br>Debtor. | Chapter: 11<br><br>Case No.: 25-12683 (SAB) |

**LIQUIDATING TRUSTEE'S OBJECTION TO AMEX TRS CO., INC.'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)**

Foresight Restructuring, LLC, as liquidating trustee (the "Liquidating Trustee") of the liquidating trust established under the confirmed Plan (as defined below) of E. Gluck Corporation (the "Debtor"), by its undersigned counsel, hereby objects (this "Objection") to the *Motion for Allowance of Administrative Claim Pursuant to 11 U.S.C. § 503(b)(1)(A)* [Docket No. 188] (the "Motion") filed by AMEX TRS Co., Inc. ("AMEX") and respectfully states as follows:

## PRELIMINARY STATEMENT

This Motion seeks administrative priority for $30,763.14 in alleged "Post-Petition Charges" in a form motion and 52 pages of account statements that appear to consist mostly of prepetition charges[1]. For the record, the Liquidating Trustee does not dispute that charges actually incurred

[1] In addition, upon preliminary review, many of the charges are dated December 1 through December 4, 2025, without any identification if it is the actual transaction date or posted date (which means transaction could potentially occur prior to Petition Date), when each statement included in Exhibit A states that the "date reflects either transaction or posting date." See, e.g., Ex. A at 3 of 52.

by the debtor in possession after the Petition Date that are necessary to its operations may be entitled to administrative priority. The Liquidating Trustee objects because AMEX has not identified which charges, if any, meet that standard, and the Liquidating Trustee should not be forced to undertake AMEX's evidentiary burden at the estate's expense and to impose additional administrative costs on an already limited estate.

**BACKGROUND**

1. On December 1, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2. On April 2, 2026, the Debtor filed its *Combined Disclosure Statement and Joint Liquidating Plan* (the "Plan") [Docket No. 122]. The Court entered the order confirming the Plan on July 15, 2026 [Docket No. 175], and the Plan went effective on August 28, 2026 (the "Effective Date"). Pursuant to the Plan, the Liquidating Trustee is authorized to administer and object to claims after the Effective Date.

3. On September 25, 2026, AMEX filed the Motion, seeking allowance of an administrative claim of $30,763.14 for alleged "Post-Petition Charges". AMEX's only evidentiary support is Exhibit A to the Motion consisting of approximately 52 pages of account statements that do not identify the actual transaction date of each charge.[2] No declaration or certification was filed in support of the Motion.

**OBJECTION**

[2] Again, each statement included in Exhibit A states that the "date reflects either transaction or posting date." See, e.g., Ex. A at 3 of 52.

4. Section 503(b)(1)(A) of the Bankruptcy Code affords administrative priority to "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). In the Second Circuit, a claim qualifies as an administrative expense only if: (1) it arises out of a *post-petition* transaction between the creditor and the debtor-in-possession; and (2) the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of its business. *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986); *In re NeueHouse Inc*., No. 25-11937 (MG), 2026 WL 2036242, at *4 (Bankr. S.D.N.Y. July 14, 2026).[3]

5. The claimant bears the burden by a preponderance of the evidence to establish an entitlement to administrative priority. *NeueHouse Inc*., 2026 WL 2036242, *at *3.* Because administrative priority elevates one unsecured creditor over others, courts construe section 503 (b)(1)(A) narrowly. *Id.* at *4. ("The general presumption is to narrowly construe administrative expense priorities to maximize the value of the estate for the creditors").

6. Here, the Liquidating Trustee is dealing with many records without AMEX identifying specifically any post petition costs. Based on the Liquidating Trustee's review of the statements attached as Exhibit A to the Motion, even assuming those statements are properly authenticated and accurate, the charges dated after the Petition Date appear to constitute, at most, only a fraction of the amount asserted as an administrative expense claim. Moreover, many of those charges appear to consist of either (i) late fees or delinquency charges imposed by AMEX on prepetition balances or (ii) transactions incurred on or before the Petition Date but posted thereafter, as credit card transactions may remain pending for several business days before being

[3] The Motion relies heavily on authorities from the Fifth and Seventh Circuits. Because this case is pending within the Second Circuit, those decisions are, at most, persuasive authority; controlling Second Circuit precedent governs the applicable standard.

reflected on a statement. Accordingly, those statements by themselves do not establish any charges that will qualify for administrative priority.

7. Further, a debt is not entitled to priority simply because the right to payment arises after the debtor in possession has begun managing the estate. *McFarlin's*, 789 F.2d at 101. Courts routinely deny administrative priority where postpetition performance or payment obligations trace back to a prepetition relationship and the claimant cannot show how the obligation relates to the debtor in possession's post petition operations. *See In re Jartran, Inc.*, 732 F.2d 584, 587-88 (7th Cir. 1984) (claim based upon advertisements published postpetition on account of prepetition agreement with debtor not entitled to administrative expense priority)[4]. Merely pointing to the continuation of a prepetition account relationship or to the fact that the cards technically remained available for use after the Petition Date is insufficient to establish such administrative priority. *See NeueHouse*, 2026 WL 2036242, at *4 (finding the credit card processor's "chargebacks provide no operational benefit postpetition and are unnecessary expenses to the preservation of the estate (as the benefit was only enjoyed by the prepetition Debtors)").

8. Therefore, AMEX has failed to establish that any amount sought represents obligations arising from a post petition transaction. Should AMEX provide an itemized schedule identifying and substantiating those transactions, the Liquidating Trustee is willing to review such information in good faith and work toward a consensual resolution.

9. WHEREFORE, the Liquidating Trustee respectfully requests that the Court deny the Motion or, in the alternative, require AMEX to amend the Motion to limit its request to those specific charges for which it can present competent evidence satisfying each requirement of section 503(b)(1)(A); and grant such other and further relief as the Court deems just and proper.

[4] This opinion was cited by AMEX itself in the Motion. See Motion ¶¶7-8.

## RESERVATION OF RIGHTS

The Liquidating Trustee expressly reserves all rights, claims, defenses, and remedies, including the right to amend, supplement, or otherwise modify this Objection, to assert additional or alternative grounds for relief, and to present further evidence and argument at or before any hearing on the Motion.

## NOTICE

A copy of this Objection has been provided to (i) the Debtor; (ii) counsel to the Debtor; (iii) the Office of the United States Trustee; (iv) counsel to AMEX TRS Co., Inc and (v) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Liquidating Trustee submits that no other or further notice is required.

Dated: October 21, 2026

**PORZIO, BROMBERG & NEWMAN, P.C.**

*By: /s/ Robert M. Schechter*
Robert M. Schechter, Esq.
Brett S. Moore, Esq.
Jenny Zhou, Esq.
1675 Broadway, Suite 1810
New York, NY 10019
bsmoore@pbnlaw.com
rmschechter@pbnlaw.com
jzhou@pbnlaw.com

*Counsel to the Liquidating Trustee*